IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT


NO. 10-40525

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| Plaintiff-Appellee | § |
| | § |
| versus | § |
| | § |
| MARK ISAAC SNARR | § |
| Defendant-Appellant | § |


RESPONSE TO APPELLANT'S MOTION FOR DISMISSAL OF COUNSEL
AND REQUEST FOR APPOINTMENT OF NEW COUNSEL


COMES NOW, DOUGLAS M. BARLOW, attorney-at-law and G. PATRICK BLACK, Federal Public Defender for the Eastern District of Texas, and files this Response to Mark Isaac Snarr's Motion for Dismissal of Counsel and Request For Appointment of New Counsel, and respectfully requests that this matter be remanded to the District Court for a hearing on this matter, and in support would show as follows, to-wit:

I.

On January 21, 2009, a Federal Grand Jury for the Eastern District of Texas returned a one count indictment against Appellant, Mark Isaac Snarr, alleging violations of 18 U.S.C. § 1111 (Murder), and 2 (Principals). The Office of the Federal Defender for the Eastern District of Texas was previously appointed to represent Mr. Snarr on April 2, 2008. Douglas M. Barlow was appointed as co-counsel on April 2, 2008. The United States Department of Justice authorized the United States Attorney's Office for the Eastern District of Texas to seek the death penalty on February 24, 2009. A trial before a jury commenced on May 3, 2010. The jury returned a verdict

of guilty on May 7, 2010.  On May 24, 2010, Mr. Snarr was sentenced to death.  On June 3, 2010, Notice of Appeal was filed.

II.

Mr. Snarr has previously informed trial counsel that he wants them to represent him on direct appeal to the U.S. Court of Appeals for the Fifth Judicial Circuit. Mr. Snarr, in his motion to the Court dated June 21, 2010, now requests that the undersigned counsel be withdrawn and new counsel be appointed for his appeal.  Mr. Snarr states in his motion that undersigned counsel has a conflict of interest in the case and that he intends to raise arguments regarding ineffective assistance of counsel.

Trial counsel provided effective legal representation to Mr. Snarr during both the guilt and punishment phases.  The case was properly and fully investigated by trial counsel.  Mr. Snarr was not denied any of his rights under the Sixth Amendment to the United States Constitution. *Strickland v. Washington*, 466 U.S. 668 (1984); *Virgil v. Bretke*, 466 F. 3d 598, (5th Cir. 2006). *Wiggins v. Smith*, 539 U.S. 510 (2003).  Neither is counsel aware of any actual or potential conflict that would have disqualified them from representing Mr. Snarr during trial.

III.

Mr. Snarr states in his motion that he has been in contact with Federal Death Penalty Resource Counsel.  On July 8, 2010, counsel for Mr. Snarr traveled to USP Terre Haute, Indiana, to meet with Mr. Snarr to determine if he wanted new counsel.  Mr. Snarr refused to leave his cell or meet with counsel.

Counsel request that this matter be remanded to the District Court to determine: (1) Mr. Snarr's preference or choice to have new counsel appointed on direct appeal;  (2) Whether Mr. Snarr's decision regarding counsel is being made freely, knowingly, and without coercion;  (3)

Whether counsel has a conflict of interest that would preclude them from representing Mr. Snarr on direct appeal to this Court; and (4) If current appellate counsel is replaced or withdrawn, a recommendation from the District Court as to the appointment of new counsel for Mr. Snarr.

IV.

Counsel acknowledge that, to the extent that Mr. Snarr wants to present arguments alleging ineffective assistance of counsel, a conflict of interest may exist. Cf. *United States v. Del Muro*, 87 F.3d 1078, 1080 (9th Cir. 1996) (holding that it created an inherent conflict of interest to force counsel to argue his own ineffectiveness.) Typically, arguments regarding the effectiveness of counsel are not cognizable on direct appeal. See *United States v. Brewster*, 137 F.3d 853, 859 (5th Cir. 1998). Counsel is unaware of any meritorious basis for a claim of ineffective assistance of counsel herein, and the motion does not state any allegation of fact in support of such a claim. The content of the motion contravenes all representations personally made to counsel by Mr. Snarr throughout the pretrial and trial proceedings. Counsel will continue to represent Mr. Snarr and provide effective legal representation on direct appeal unless and until relieved of such duties by order of this Court.

WHEREFORE, PREMISES CONSIDERED, Counsel requests that this case be remanded to the District Court for an evidentiary hearing to determine all the issues set forth above relating to the appointment of counsel for Mark Isaac Snarr.

Respectfully submitted,

/s/G. Patrick Black
G. Patrick Black
Federal Public Defender
Eastern District of Texas
110 N. College, Suite 1122

Tyler, Texas 75702
(903) 531-9233
Fax: (903) 531-9625
Bar No. 02371200
/s/Douglas M. Barlow
Douglas M. Barlow
485 Milam
Beaumont, TX 77701
(409) 838-4259
Fax: (409) 832-5611
Bar No. 01753700

*Attorneys for Appellant*

CERTIFICATE OF SERVICE

This is to certify that on the 12th day of July 2010, a true and correct copy of the foregoing

Defendant-Appellant's RESPONSE TO APPELLANT'S MOTION FOR DISMISSAL OF

COUNSEL AND FOR APPOINTMENT OF NEW COUNSEL was mailed to:

Mark Isaac Snarr
USM# 11093-081
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808

by depositing same, enclosed in post paid, properly addressed wrapper, in a Post Office or official

depository, under the care and custody of the United States Postal Service, or by other recognized

means pursuant to the Federal Rules of Appellate Procedure, Rule 42, and all counsel of record who

are deemed to have consented to electronic service are being served with a copy of this document

via the Court's CM/ECF system per Local Rule CV(a)(3) on this the 12th day of July, 2010.

Respectfully submitted,

/s/G. Patrick Black
G. Patrick Black

Federal Public Defender
Eastern District of Texas
110 N. College, Suite 1122
Tyler, Texas 75702
(903) 531-9233
Fax: (903) 531-9625
Bar No. 02371200
/s/Douglas M. Barlow
Douglas M. Barlow
485 Milam
Beaumont, TX 77701
(409) 838-4259
Fax: (409) 832-5611
Bar No. 01753700
*Attorneys for Appellant*