[SEALED]

# No. 10-40525

## In the United States Court of Appeals for the Fifth Circuit

UNITED STATES OF AMERICA, *Plaintiff-Appellee,*

V.

MARK ISAAC SNARR, *Defendant-Appellant*

and

EDGAR BALTAZAR GARCIA, *Defendant-Appellant*

---

CRIMINAL NO. 1:09CR15
APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

# [SEALED] JOINT RECORD EXCERPTS OF APPELLANTS

## August 8, 2011

DOUGLAS M. BARLOW
485 Milam
Beaumont, TX 77701
Tel: (409) 838-4259; Fax: (409) 832-5611
TBL #              01753700


G. PATRICK BLACK
Federal Public Defender, EDTX
110 N. College, Ste 1122
Tyler, TX 75702
Tel: (903) 531-9233; Fax: (903) 531-9625
TBL #No.02371200
*Attorneys for Appellant Snarr*

GERALD E. BOURQUE and
ROBERT A. MORROW, III
24 Waterway Ave., Ste 660
The Woodlands, TX 77380
Tel: (281) 379-6901
Fax: (832) 813-0321
TBL #02716500/14542600


JANI J. MASELLI
808 Travis St., 24th Floor
Houston, TX, TX 77002
Tel: (713) 256-7726
TBL #00791195
*Attorneys for Appellant Garcia*

# INDEX TO RECORD EXCERPTS

| ITEM | RECORD REFERENCE | PAGE |
|---|---|---|
| Docket Sheet-Snarr | USCA5, p.1 | 1 |
| Docket Sheet-Garcia | USCA5, p.1 | 24 |
| Indictment-Snarr&Garcia | USCA5, p.26 | 62 |
| Court's Instructions I-Snarr | USCA5, p.699 | 669 |
| Court's Instructions I-Garcia | USCA5, p.916 | 79 |
| Verdict I-Snarr&Garcia | USCA5, p.698 | 92 |
| Court's Instructions II-Snarr | USCA5, p.722 | 93 |
| Court's Instructions II-Garcia | USCA5, p.939 | 112 |
| Verdict II-Snarr | USCA5, (Sealed) | 133 |
| Verdict II-Garcia | USCA5, p.40 | 137 |
| Court's Instructions III-Snarr | USCA5, p.784 | 141 |
| Court's Instructions III-Garcia | USCA5, p.1017 | 163 |
| Verdict III-Snarr | USCA5, (Sealed) | 187 |
| Verdict III-Garcia | USCA5, p.44 | 199 |
| Amended Judgment-Snarr | USCA5, p.838 | 212 |
| Amended Judgment-Garcia | USCA5, p.57 | 217 |
| Notice of Appeal-Snarr | USCA5, p.843 | 222 |

Notice of Appeal-Garcia        USCA5, p.1078        224

Certificate of Service        No Page Number        226

## U.S. District Court [LIVE]
### Eastern District of TEXAS (Beaumont)
### CRIMINAL DOCKET FOR CASE #: 1:09-cr-00015-MAC-KFG-1

Case Title: USA vs. Snarr                                    Date Filed: 1/21/2009
Other court case number(s): None
Magistrate judge case number(s): 1:08-mj-00045-ESH

Assigned to: Judge Marcia A. Crone
Referred to: Magistrate Judge Keith F. Giblin

**Defendant**
-----------------------

**Mark Isaac Snarr (1)**                represented by   **Douglas Milton Barlow**
*TERMINATED: 5/25/2010*                                  Attorney At Law
                                                         485 Milam
                                                         Beaumont, TX 77701
                                                         409/838-4259
                                                         Fax: 14098325611
                                                         Email: dmbfed@gtbizclass.com
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*
                                                         *Designation: CJA Appointment*

                                                         **George Patrick Black**
                                                         Federal Public Defender
                                                         110 North College
                                                         Suite 1122
                                                         Tyler, TX 75702
                                                         903/531-9233
                                                         Fax: 9035319625
                                                         Email: g._patrick_black@fd.org
                                                         *ATTORNEY TO BE NOTICED*
                                                         *Designation: Public Defender or*
                                                         *Community Defender Appointment*

**Pending Counts**                                       **Disposition**
-----------------------                                  ----------------

FIRST DEGREE MURDER, AID &                               Death; $100 special
ABET                                                     assessmentAMENDED JUDGMENT due
(1 )                                                     to clerical error

A TRUE COPY I CERTIFY
DAVID J. MALAND, CLERK
U S DISTRICT COURT
EASTERN DISTRICT TEXAS
BY

**Highest Offense Level (Opening)**
---------------------------------------

Felony

**Terminated Counts**
----------------------------

None

**Highest Offense Level (Terminated)**
-------------------------------------------

Felony

**Complaints**                                   Disposition
------------------------                   ----------------

None

---

**Plaintiff**
----------------------

USA                                    represented by    **Joseph Robert Batte**
                                                          U S Attorney's Office - Beaumont
                                                          350 Magnolia
                                                          Suite 150
                                                          Beaumont, TX 77701
                                                          409/839-2538
                                                          Fax: 14098392550
                                                          Email: joe.batte@usdoj.gov
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

| Filing Date | # | Docket Text |
|---|---|---|
| 4/2/2008 | | Attorney update in case as to Mark Snarr. Attorney George Patrick Black for Mark Snarr, Douglas Milton Barlow for Mark Snarr added. (ttp, )[1:08-mj-00045-ESH] (Entered: 4/3/2008) |
| 4/2/2008 (p.24) | 3 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Mark Snarr. Signed by Judge Earl S. Hines on 04/02/08. (ttp, )[1:08-mj-00045-ESH] (Entered: 4/3/2008) |
| 4/2/2008 (p.25) | 4 | CJA 30: Appointment of Attorney Douglas Milton Barlow for Mark Snarr in Death Penalty Proceedings as to Mark Snarr.. Signed by Judge Earl S. Hines on 04/02/08. (ttp, )[1:08-mj-00045-ESH] (Entered: 4/3/2008) |
| 1/21/2009 (p.26) | 7 | INDICTMENT as to Mark Isaac Snarr (1) count 1, Edgar Baltazar Garcia (2) count 1. (tkd, ) (Entered: 1/22/2009) |

| | | |
|---|---|---|
| 1/21/2009 | 8 | E-GOV SEALED Form AO 257 filed as to Mark Isaac Snarr (tkd, ) (Entered: 1/22/2009) |
| 1/23/2009 (p.30) | 12 | MOTION to Transfer Case by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia. (Attachments: # (1) Text of Proposed Order)(Batte, Joseph) Modified on 1/27/2009 (tkd, ). (Entered: 1/23/2009) |
| 1/27/2009 (p.33) | 14 | NOTICE OF HEARING setting Initial Appearance and Arraignment as to Mark Isaac Snarr for 2/24/2009 10:00 AM in Ctrm 5 (Beaumont) before Magistrate Judge Keith F. Giblin.(ksd) (Entered: 1/27/2009) |
| 1/28/2009 (p.34) | 15 | NOTICE OF HEARING RESETTING Initial Appearance and Arraignment as to Mark Isaac Snarr for 3/3/2009 10:00 AM in Ctrm 5 (Beaumont) before Magistrate Judge Keith F. Giblin. (ksd) (Entered: 1/28/2009) |
| 2/2/2009 | 17 | Oral ORDER granting [12] Motion as to Mark Isaac Snarr (1), Edgar Baltazar Garcia (2)transferring case to the Hon. Thad Heartfield. Signed by Judge Ron Clark on February 2, 2009. (vjw, ) (Entered: 2/2/2009) |
| 2/2/2009 | | ***Judge update in case as to Mark Isaac Snarr, Edgar Baltazar Garcia. Judge Thad Heartfield added. Judge Ron Clark and Magistrate Judge Earl S. Hines no longer assigned to case. (tkd, ) (Entered: 2/3/2009) |
| 2/4/2009 (p.35) | 18 | NOTICE *of Intent to Seek the Death Penalty* by USA as to Mark Isaac Snarr (Batte, Joseph) (Entered: 2/4/2009) |
| 2/19/2009 (p.40) | 20 | NOTICE OF HEARING as to Mark Isaac Snarr, Edgar Baltazar Garcia Status Conference set for 3/3/2009 10:00 AM in Ctrm 1 (Beaumont) before Judge Thad Heartfield. (jmv, ) (Entered: 2/19/2009) |
| 2/19/2009 (p.41) | 21 | ORDER as to Mark Isaac Snarr, Edgar Baltazar Garcia transferring this criminal action to the docket of the Honorable Marcia A Crone for all further proceedings. Signed by Judge Thad Heartfield on 2/19/09. (bjc, ) (Entered: 2/20/2009) |
| 2/19/2009 | | Case as to Mark Isaac Snarr, Edgar Baltazar Garcia assigned to Judge Marcia A. Crone and Magistrate Judge Keith F. Giblin. Judge Thad Heartfield no longer assigned to the case. (bjc, ) (Entered: 2/20/2009) |
| 2/23/2009 (p.42) | 22 | NOTICE OF HEARING as to Mark Isaac Snarr, Edgar Baltazar Garcia Status Conference rescheduled for 3/3/2009 11:00 AM in Ctrm 3 (Beaumont) before Judge Marcia A. Crone. (psl, ) (Entered: 2/23/2009) |
| 2/23/2009 (p.43) | 23 | NOTICE OF HEARING RESETTING Initial Appearance and Arraignment as to Mark Isaac Snarr for 3/3/2009 09:30 AM in Ctrm 5 (Beaumont) before Magistrate Judge Keith F. Giblin.(ksd ) (Entered: 2/24/2009) |
| 2/26/2009 *Sealed envelope* | 26 | E-GOV SEALED Arrest Warrant Returned Executed on 2/26/09 as to Mark Isaac Snarr. (tkd, ) (Entered: 3/3/2009) |
| 3/2/2009 | 25 | NOTICE OF HEARING as to Mark Isaac Snarr, Edgar Baltazar Garcia Status |

USCA5 3

| | | |
|---|---|---|
| (p.44) | | Conference rescheduled for 3/3/2009 10:00 AM in Ctrm 3 (Beaumont) before Judge Marcia A. Crone. (psl, ) (Entered: 3/2/2009) |
| 3/3/2009 | | Minute Entry for proceedings held before Judge Marcia A. Crone:In Chambers Conference as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 3/3/2009 (psl, ) (Entered: 3/4/2009) |
| 3/3/2009 | | Arrest of Mark Isaac Snarr. (mrp, ) (Entered: 3/4/2009) |
| 3/3/2009 (p.45) | 32 | Minute Entry for proceedings held before Magistrate Judge Keith F. Giblin: Initial Appearance & Arraignment as to Mark Isaac Snarr (1) Count 1 held on 3/3/2009. Deft appeared w/cnsl and informed of rights and charge. Deft entered a plea of not guilty to the Indictment. Deft remanded to custody of USM. (Court Reporter ECRO Kyla Dean.) (mrp, ) (Entered: 3/4/2009) |
| 3/3/2009 (p.47) | 33 | ORDER - PRETRIAL DISCOVERY & INSPECTION as to Mark Isaac Snarr. Signed by Magistrate Judge Keith F. Giblin on 3/3/09. (mrp, ) (Entered: 3/4/2009) |
| 3/3/2009 (p.52) | 34 | PRE-TRIAL ORDER as to Mark Isaac Snarr. Pretrial Conference is set for 4/20/2009 10:00 AM in Ctrm 3 (Beaumont) before Judge Marcia A. Crone. Signed by Magistrate Judge Keith F. Giblin on 3/3/09. (mrp, ) (Entered: 3/4/2009) |
| 3/3/2009 (p.54) | 35 | ORDER OF DETENTION PENDING TRIAL as to Mark Isaac Snarr. Signed by Magistrate Judge Keith F. Giblin on 3/3/09. (mrp, ) (Entered: 3/4/2009) |
| 3/3/2009 (p.55) | 41 | Minute Entry for proceedings held before Judge Marcia A. Crone:Status Conference as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 3/3/2009. Defts remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 3/5/2009) |
| 3/4/2009 (p.56) | 40 | SCHEDULING ORDER as to Mark Isaac Snarr, Edgar Baltazar Garcia. Pretrial Conference is set for 3/29/2010 10:00 AM in Ctrm 3 (Beaumont) before Judge Marcia A. Crone. Signed by Judge Marcia A. Crone on 3/4/09. (mrp, ) (Entered: 3/4/2009) |
| 3/5/2009 (p.60) | 44 | ORDER TO CONTINUE - Ends of Justice as to Mark Isaac Snarr, Edgar Baltazar Garcia. Time excluded from 3/5/09 until 4/7/10. Jury Trial set for 4/7/2010 10:00 AM in Ctrm 3 (Beaumont) before Judge Marcia A. Crone. Signed by Judge Marcia A. Crone on 3/5/09. (mrp, ) (Entered: 3/6/2009) |
| 4/14/2009 (p.63) | 48 | NOTICE OF HEARING as to Mark Isaac Snarr, Edgar Baltazar Garcia Defense Budget Meeting set for 4/24/2009 01:45 PM in Ctrm 3 (Beaumont) before Judge Marcia A. Crone. (psl, ) (Entered: 4/14/2009) |
| 4/17/2009 | 49 | NOTICE OF HEARING as to Mark Isaac Snarr, Edgar Baltazar GarciaDefense Budget Meeting rescheduled for 4/24/2009 03:00 PM in Ctrm 3 (Beaumont) before Judge Marcia A. Crone. (psl, ) (Entered: 4/17/2009) |
| 4/24/2009 | | Minute Entry for proceedings held before Judge Marcia A. Crone:In Chambers Conference as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 4/24/2009 (psl, |

4

| | | |
|---|---|---|
| | | ) (Entered: 4/27/2009) |
| 6/12/2009 | | CJA30 authorizing compensation to Douglas M. Barlow for representation as to Mark Snarr signed by Judge Crone and forwarded to Tyler for payment. (psl, ) (Entered: 6/12/2009) |
| 6/25/2009 | | SEALED CJA30: Authorization to Pay Douglas Barlow in Death Penalty Proceedings as to Mark Isaac Snarr. Voucher #090625000011. Signed by Judge Marcia A. Crone on 06/02/09. (bsp) (Entered: 7/9/2009) |
| 9/10/2009 | | Minute Entry for proceedings held before Judge Marcia A. Crone:Telephone Conference as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 9/10/2009 (psl, ) (Entered: 9/10/2009) |
| 9/10/2009 (p.64) | 57 | AMENDED SCHEDULING ORDER as to Mark Isaac Snarr, Edgar Baltazar Garcia. Pretrial Conference is set for 3/29/2010 10:00 AM in Ctrm 3 (Beaumont) before Judge Marcia A. Crone. Signed by Judge Marcia A. Crone on 9/10/09. (mrp, ) (Entered: 9/10/2009) |
| 10/30/2009 (p.69) | 68 | Minute Entry for proceedings held before Judge Marcia A. Crone:Status Conference as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 10/30/2009. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 11/2/2009) |
| 11/3/2009 (p.70) | 73 | SECOND AMENDED SCHEDULING ORDER as to Mark Isaac Snarr and Edgar Baltazar Garcia. Signed by Judge Marcia A. Crone on 11/3/09. (mrp, ) (Entered: 11/4/2009) |
| 11/4/2009 (p.75) | 76 | JOINT ORDER regarding [74] Motion to Order Disclosure of Evidence Concerning Prison Officers Disciplined as to Edgar Baltazar Garcia (2) and Mark Snarr (1). Signed by Judge Marcia A. Crone on 11/4/09. (mrp, ) (Entered: 11/5/2009) |
| 11/9/2009 *Sealed envelope* | 80 | Sealed Transcript Ex Parte Hearing Continued (tj, ) (Entered: 11/9/2009) |
| 11/10/2009 | | SEALED CJA24 as to Mark Isaac Snarr: Authorization to Pay Tonya Jackson $480.15 for Transcript, Voucher #091110000048. Signed by Judge Marcia A. Crone on 11/04/09.(bsp) (Entered: 12/9/2009) |
| 11/13/2009 | | SEALED CJA24 as to Mark Isaac Snarr: Authorization to Pay Tonya Jackson $45.90 for Transcript, Voucher #0911130000035. Signed by Judge Marcia A. Crone on 11/06/09.(bsp) (Entered: 12/10/2009) |
| 11/20/2009 (p.77) | 81 | Unopposed MOTION for Extension of Time to File *Notice of Mental Health Evidence* by Mark Isaac Snarr. (Attachments: # (1) Text of Proposed Order)(Barlow, Douglas) (Entered: 11/20/2009) |
| 11/20/2009 (p.81) | 82 | MOTION GOVERNMENTS MOTION TO USE ELECTRONIC RESTRAINING DEVICE by USA as to Mark Isaac Snarr. (Attachments: # (1) Text of Proposed Order)(Batte, Joseph) (Additional attachment(s) added on 11/24/2009: # (2) certificate of conference) (mrp, ). (Entered: 11/20/2009) |

| | | |
|---|---|---|
| 11/23/2009 | | SEALED CJA31: Authorization to Pay Gina Vitale in Death Penalty Proceedings regarding Mark Snarr for services rendered. Signed by Judge Marcia A. Crone on 11/20/09. (psl, ) (Entered: 11/23/2009) |
| 11/23/2009 (p.102) | 86 | MOTION to Sever Defendant by Mark Isaac Snarr. (Attachments: # (1) Text of Proposed Order)(Barlow, Douglas) (Entered: 11/23/2009) |
| 11/30/2009 (p.140) | 90 | ORDER granting [81] Motion for Extension of Time to Provide Notice of Mental Health Evidence as to Mark Isaac Snarr (1). Defendant shall give written notice to the Government of mental health evidence on or before 12/7/09. Signed by Judge Marcia A.Crone on 11/24/09. (mrp, ) (Entered: 11/30/2009) |
| 11/30/2009 | | CJA30 authorizing compensation to Douglas M. Barlow for representation as to Mark Snarr signed by Judge Crone and forwarded to the 5th Circuit for approval. (psl, ) (Entered: 11/30/2009) |
| 11/30/2009 (p.141) | 93 | RESPONSE to Motion by USA as to Mark Isaac Snarr re [86] MOTION to Sever Defendant (Attachments: # (1) Text of Proposed Order)(Batte, Joseph) (Entered: 11/30/2009) |
| 12/9/2009 (p.157) | 102 | ORDER as to Mark Isaac Snarr, Edgar Baltazar Garcia. The status conference set for 2/16/10 is rescheduled for Monday, February 1, 2010 at 10:00 AM in Ctrm 3 (Beaumont) before Judge Marcia A. Crone. Signed by Judge Marcia A. Crone on 12/9/09. (mrp, ) (Entered: 12/9/2009) |
| 12/9/2009 (p.158) | 110 | MOTION *to Require Government to List Witnesses* by Mark Isaac Snarr. (Attachments: # (1) Text of Proposed Order)(Barlow, Douglas) (Entered: 12/9/2009) |
| 12/9/2009 (p.162) | 111 | MOTION *in Limine* by Mark Isaac Snarr. (Attachments: # (1) Text of Proposed Order)(Barlow, Douglas) (Entered: 12/9/2009) |
| 12/9/2009 (p.167) | 112 | MOTION *for Separate Exam of Panel* by Mark Isaac Snarr. (Attachments: # (1) Text of Proposed Order)(Barlow, Douglas) (Entered: 12/9/2009) |
| 12/9/2009 (p.170) | 113 | MOTION *for the Court to Direct Court Reporter* by Mark Isaac Snarr. (Attachments: # (1) Text of Proposed Order)(Barlow, Douglas) (Entered: 12/9/2009) |
| 12/9/2009 (p.174) | 114 | MOTION *for Leave to File Additional Motions* by Mark Isaac Snarr. (Attachments: # (1) Text of Proposed Order)(Barlow, Douglas) (Entered: 12/9/2009) |
| 12/9/2009 (p.177) | 115 | MOTION *to Exercise Peremptory Challenges After Conclusion* by Mark Isaac Snarr. (Attachments: # (1) Text of Proposed Order)(Barlow, Douglas) (Entered: 12/9/2009) |
| 12/9/2009 (p.180) | 116 | MOTION *to Appear in Civilian Clothes* by Mark Isaac Snarr. (Attachments: # (1) Text of Proposed Order)(Barlow, Douglas) (Entered: 12/9/2009) |

| Date | No. | Description |
|---|---|---|
| 12/9/2009 (p.185) | 117 | MOTION *to Prevent Defendant from Being Shackled in Public* by Mark Isaac Snarr. (Attachments: # (1) Text of Proposed Order)(Barlow, Douglas) (Entered: 12/9/2009) |
| 12/9/2009 (p.191) | 118 | MOTION *for Instruction to Jury Panel* by Mark Isaac Snarr. (Attachments: # (1) Text of Proposed Order, # (2) Exhibit)(Barlow, Douglas) (Entered: 12/9/2009) |
| 12/9/2009 (p.197) | 119 | MOTION *to Preclude Uniformed Police Officers* by Mark Isaac Snarr. (Attachments: # (1) Text of Proposed Order)(Barlow, Douglas) (Entered: 12/9/2009) |
| 12/9/2009 (p.203) | 120 | MOTION for Release of Brady Materials by Mark Isaac Snarr. (Attachments: # (1) Text of Proposed Order)(Barlow, Douglas) (Entered: 12/9/2009) |
| 12/9/2009 (p.218) | 121 | MOTION *to Allow Access to Prison Grounds* by Mark Isaac Snarr. (Attachments: # (1) Text of Proposed Order)(Barlow, Douglas) (Entered: 12/9/2009) |
| 12/9/2009 (p.222) | 122 | MOTION *to Note Rule 404(b) Request* by Mark Isaac Snarr. (Attachments: # (1) Text of Proposed Order)(Barlow, Douglas) (Entered: 12/9/2009) |
| 12/9/2009 (p.226) | 123 | MOTION *to Require the Government to Disclose Immunity* by Mark Isaac Snarr. (Attachments: # (1) Text of Proposed Order)(Barlow, Douglas) (Entered: 12/9/2009) |
| 12/9/2009 (p.230) | 124 | MOTION to Continue by Mark Isaac Snarr. (Attachments: # (1) Text of Proposed Order)(Barlow, Douglas) (Entered: 12/9/2009) |
| 12/15/2009 (p.239) | 127 | ORDER denying [124] Motion to Continue as to Mark Isaac Snarr (1). Signed by Judge Marcia A. Crone on 12/15/09. (mrp, ) (Entered: 12/16/2009) |
| 12/15/2009 (p.240) | 128 | ORDER as to Mark Isaac Snarr, Edgar Baltazar Garcia. Jury Trial is set for 5/3/2010 09:00 AM in Ctrm 3 (Beaumont) before Judge Marcia A. Crone. All other proceedings shall be governed by the Second Amended Scheduling Order signed on 11/3/09. Signed by Judge Marcia A. Crone on 12/15/09. (mrp, ) (Entered: 12/16/2009) |
| 12/17/2009 (p.241) | 132 | ORDER granting [121] Motion to Allow Defense Team Access to Inspect and Photograph Prison Grounds as to Mark Isaac Snarr (1). Signed by Judge Marcia A. Crone on 12/17/09. (mrp, ) (Entered: 12/17/2009) |
| 12/17/2009 (p.242) | 133 | ORDER granting [116] Motion to Allow Defendant to Appear at Trial in Civilian Clothes and for Funds for Such Suitable Courtroom Attire as to Mark Isaac Snarr (1). The court approves the expenditure of $500.00 for counsel to secure such clothing. Signed by Judge Marcia A. Crone on 12/17/09. (mrp, ) (Entered: 12/17/2009) |
| 12/17/2009 (p.243) | 134 | ORDER granting [114] Motion for Leave to File Additional Pre-Trial and Trial Motions as to Mark Isaac Snarr (1). Upon a showing of good cause, Defendant is permitted to file additional pre-trial motions as necessary to protect his right to a fair trial. Signed by Judge Marcia A. Crone on 12/17/09. (mrp, ) (Entered: 12/17/2009) |

| | | |
|---|---|---|
| 12/17/2009 (p.244) | 135 | ORDER granting [117] Motion to Prevent Defendant from Being Shackled in Public as to Mark Isaac Snarr (1). It is ordered that Defendant shall not be shackled during court proceedings before the jury. Signed by Judge Marcia A. Crone on 12/17/09. (mrp, ) (Entered: 12/17/2009) |
| 12/17/2009 (p.245) | 144 | ORDER granting [122] Motion to Note Rule 404(b) Request as to Mark Isaac Snarr (1). Signed by Judge Marcia A. Crone on 12/17/09. (mrp, ) (Entered: 12/21/2009) |
| 12/17/2009 (p.246) | 145 | ORDER granting [113] Motion for the Court to Direct the Court Reporter to Record Proceedings as to Mark Isaac Snarr (1). Signed by Judge Marcia A. Crone on 12/17/09. (mrp, ) (Entered: 12/21/2009) |
| 12/17/2009 (p.247) | 146 | ORDER granting [115] Motion to Exercise the Peremptory Challenges After Conclusion of Juror Qualification as to Mark Isaac Snarr (1). Signed by Judge Marcia A. Crone on 12/17/09. (mrp, ) (Entered: 12/21/2009) |
| 12/17/2009 (p.248) | 147 | ORDER granting [112] Motion for Separate Examination of Panel as to Mark Isaac Snarr (1). In accordance with the Second Amended Scheduling Order, an individual voir dire is set to commence on Monday, 4/12/10. Signed by Judge Marcia A. Crone on 12/17/09. (mrp, ) (Entered: 12/21/2009) |
| 12/18/2009 (p.249) | 148 | MEMORANDUM AND ORDER granting [82] Motion to Use Electronic Restraining Device as to Mark Isaac Snarr (1). It is ordered that Snarr shall wear an electronic restraining device during any appearance in court and while being transported to and from the courtroom and the cellblock. Signed by Judge Marcia A. Crone on 12/18/09. (mrp, ) (Entered: 12/21/2009) |
| 12/22/2009 (p.252) | 151 | MEMORANDUM AND ORDER denying [86] & [84] Motions to Sever Defendant as to Mark Isaac Snarr (1) and Edgar Baltazar Garcia (2). The court finds that Defendants have failed to demonstrate that they will suffer compelling prejudice or that there is a serious risk that a specific trial right will be compromised by the continued joinder of the defendants. The court is of the opinion that several of Defendants' concerns can be addressed by providing appropriate cautionary instructions to the jury. Signed by Judge Marcia A. Crone on 12/22/09. (mrp, ) (Entered: 12/23/2009) |
| 12/23/2009 (p.269) | 153 | ORDER granting in part [118] Motion to Submit Requested Instruction to Jury Panel by Court as to Mark Isaac Snarr (1). The court will orally instruct the jury panel during general voir dire as to the appropriate conduct of the jury in the instant matter, conveying the general substance as that proposed, but not utilizing the identical language as that suggested by Defendant. The court will repeat these instructions to the jury ultimately empaneled during its preliminary instructions. Signed by Judge Marcia A. Crone on 12/23/09. (mrp, ) (Entered: 12/23/2009) |
| 12/29/2009 (p.270) | 154 | MOTION *to Extend Deadlines for Responses to Guilt/Innocence Pre-Trial Motions* by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia. (Attachments: # (1) Text of Proposed Order)(Batte, Joseph) (Entered: 12/29/2009) |
| 12/31/2009 (p.274) | 155 | RESPONSE to Motion by USA as to Mark Isaac Snarr re [120] MOTION for Release of Brady Materials (Attachments: # (1) Text of Proposed Order)(Batte, |

| | | |
|---|---|---|
| | | Joseph) (Entered: 12/31/2009) |
| 12/31/2009 (p.282) | 156 | RESPONSE to Motion by USA as to Mark Isaac Snarr re [119] MOTION *to Preclude Uniformed Police Officers* (Attachments: # (1) Text of Proposed Order)(Batte, Joseph) (Entered: 12/31/2009) |
| 12/31/2009 (p.286) | 157 | RESPONSE to Motion by USA as to Mark Isaac Snarr re [123] MOTION *to Require the Government to Disclose Immunity* (Attachments: # (1) Text of Proposed Order)(Batte, Joseph) (Entered: 12/31/2009) |
| 12/31/2009 (p.289) | 158 | RESPONSE to Motion by USA as to Mark Isaac Snarr re [110] MOTION *to Require Government to List Witnesses* (Attachments: # (1) Text of Proposed Order)(Batte, Joseph) (Entered: 12/31/2009) |
| 12/31/2009 (p.292) | 159 | RESPONSE to Motion by USA as to Mark Isaac Snarr re [111] MOTION *in Limine* (Attachments: # (1) Text of Proposed Order)(Batte, Joseph) (Entered: 12/31/2009) |
| 1/4/2010 (p.296) | 165 | ORDER granting [154] Motion to Extend Deadlines for Responses to Guilt/Innocence Pre-Trial Motions as to Mark Isaac Snarr (1), Edgar Baltazar Garcia (2). The Government shall file its responses with the court on or before 1/4/10. Signed by Judge Marcia A. Crone on 12/31/09. (mrp, ) (Entered: 1/4/2010) |
| 1/4/2010 (p.297) | 167 | ORDER denying [123] Motion to Require Government to Disclose Immunity as to Mark Isaac Snarr (1). The Second Amended Scheduling Order sets an appropriate deadline of 3/26/10, for the Government to disclose Giglio and Jencks Act materials. Signed byJudge Marcia A. Crone on 1/4/10. (mrp, ) (Entered: 1/4/2010) |
| 1/5/2010 (p.298) | 169 | ORDER granting in part and denying in part [110] Motion to Require the Government to List Witnesses and Provide Criminal Histories as to Mark Isaac Snarr (1). Defendant's request for the Government to produce witness lists is granted to the extent that it is in compliance with the court's previous scheduling order, and denied to the extent that the Government provide a criminal history for each witness. Signed by Judge Marcia A. Crone on 1/5/10. (mrp, ) (Entered: 1/6/2010) |
| 1/10/2010 | | SEALED CJA30: Authorization to Pay Douglas Barlow in Death Penalty Proceedings as to Mark Isaac Snarr. Voucher #100114000011. Signed by Judge Marcia A. Crone on 12/21/09.(bsp) (Entered: 2/11/2010) |
| 1/12/2010 | | NOTICE OF HEARING as to Mark Isaac Snarr, Edgar Baltazar Garcia Status Conference set for 2/1/2010 10:00 AM in Ctrm 3 (Beaumont) before Judge Marcia A. Crone. (psl, ) (Entered: 1/12/2010) |
| 1/19/2010 (p.300) | 170 | ORDER Directing Availability of Counsel as to Mark Isaac Snarr, Edgar Baltazar Garcia. Defense counsel are directed to make every reasonable effort not to begin the trial of any other case or contested matter during this time of pretrial preparation and the beginning of trial herein and are directed to seek any reasonable continuance of other contested matters to comply with this directive. |

9

| | | Signed by Judge Marcia A. Crone on 1/15/10. (mrp, ) (Entered: 1/19/2010) |
|---|---|---|
| 1/29/2010 (p.302) | 171 | MOTION for Discovery by Mark Isaac Snarr, Edgar Baltazar Garcia. (Attachments: # (1) Affidavit, # (2) Text of Proposed Order)(Barlow, Douglas) (Entered: 1/29/2010) |
| 1/31/2010 (p.317) | 172 | MOTION for Discovery of PSR by Mark Isaac Snarr, Edgar Baltazar Garcia. (Attachments: # (1) Text of Proposed Order)(Barlow, Douglas) (Entered: 1/31/2010) |
| 2/1/2010 (p.327) | 173 | Order Clarifying Prior Order Regarding Disclosure of Evidence Concerning Prison Officers as to Mark Isaac Snarr, Edgar Baltazar Garcia. Signed by Judge Marcia A. Crone on 2/1/10. (mrp, ) (Entered: 2/1/2010) |
| 2/1/2010 (p.328) | 176 | SCHEDULING ORDER as to Mark Isaac Snarr, Edgar Baltazar Garcia. Status Conference is set for 3/5/2010 10:00 AM in Ctrm 3 (Beaumont) before Judge Marcia A. Crone. Jury Trial set for 5/3/10 at 9:00 a.m. before Judge Marcia A. Crone. Signed by Judge Marcia A. Crone on 2/1/10. (mrp, ) (Entered: 2/1/2010) |
| 2/1/2010 (p.333) | 177 | ORDER denying [111] Motion to Preclude Uniformed Officers from Attending Proceedings Against Defendant as to Mark Isaac Snarr (1). Signed by Judge Marcia A. Crone on 2/1/10. (mrp, ) (Entered: 2/1/2010) |
| 2/1/2010 (p.334) | 178 | ORDER denying [119] Motion in Limine as to Mark Isaac Snarr (1). Signed by Judge Marcia A. Crone on 2/1/10. (mrp, ) (Entered: 2/1/2010) |
| 2/1/2010 (p.335) | 179 | Minute Entry for proceedings held before Judge Marcia A. Crone:Status Conference as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 2/1/2010. Counsel for all parties present. Motions presented. Judge announced that parties agreed to work out arrangements regarding the motions and report back to court on 3/5/10. Judge indicated that Mental Health Reports are due 2/26/10. Defts remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 2/4/2010) |
| 2/9/2010 (p.336) | 180 | RESPONSE to Motion by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia re [172] MOTION for Discovery of PSR (Attachments: # (1) Text of Proposed Order)(Batte, Joseph) (Entered: 2/9/2010) |
| 2/9/2010 (p.340) | 181 | RESPONSE to Motion by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia re [171] MOTION for Discovery (Attachments: # (1) Text of Proposed Order)(Batte, Joseph) (Entered: 2/9/2010) |
| 2/16/2010 (p.343) | 182 | MOTION in Limine by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia. (Attachments: # (1) Text of Proposed Order)(Batte, Joseph) (Entered: 2/16/2010) |
| 2/16/2010 (p.348) | 183 | MOTION to Introduce Testimony of Family by Mark Isaac Snarr. (Attachments: # (1) Text of Proposed Order)(Barlow, Douglas) (Entered: 2/16/2010) |
| 2/16/2010 (p.360) | 184 | MOTION to Declare DP Unconstitutional by Mark Isaac Snarr. (Attachments: # (1) Text of Proposed Order)(Barlow, Douglas) (Entered: 2/16/2010) |



| | | |
|---|---|---|
| 2/16/2010 (p.380) | 185 | MOTION to Exercise Right of Allocution by Mark Isaac Snarr. (Attachments: # (1) Text of Proposed Order)(Barlow, Douglas) (Entered: 2/16/2010) |
| 2/16/2010 (p.389) | 189 | ORDER as to Mark Isaac Snarr, Edgar Baltazar Garcia. Status Conference currently set for 3/5/10 is rescheduled for 3/4/2010 09:00 AM in Ctrm 3 (Beaumont) before Judge Marcia A. Crone. Signed by Judge Marcia A. Crone on 2/16/10. (mrp, ) (Entered: 2/16/2010) |
| 2/17/2010 | | NOTICE OF HEARING as to Mark Isaac Snarr, Edgar Baltazar Garcia Status Conference set for 3/4/2010 09:00 AM in Ctrm 3 (Beaumont) before Judge Marcia A. Crone. (psl, ) (Entered: 2/17/2010) |
| 2/22/2010 | | CJA30 authorizing compensation to Douglas Barlow for representation as to Mark Snarr signed by Judge Crone and forwarded to Tyler for payment. (psl, ) (Entered: 2/22/2010) |
| 2/23/2010 (p.390) | 199 | RESPONSE to Motion by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia re [188] MOTION to Exercise Right of Allocution, [185] MOTION to Exercise Right of Allocution (Attachments: # (1) Text of Proposed Order)(Batte, Joseph) (Entered: 2/23/2010) |
| 2/24/2010 (p.393) | 204 | ORDER denying [185] Motion to Introduce the Defendant's Statement of Allocution, Free From Cross-Examination by the Government as to Mark Isaac Snarr (1). Signed by Judge Marcia A. Crone on 2/24/10. (mrp, ) (Entered: 2/24/2010) |
| 2/25/2010 (p.394) | 205 | Unopposed MOTION for Extension of Time to File *Mental Health Reports* by Mark Isaac Snarr. (Attachments: # (1) Text of Proposed Order)(Barlow, Douglas) (Entered: 2/25/2010) |
| 2/26/2010 (p.398) | 206 | ORDER granting [205] Motion for Extension of Time to Provide Report of Mental Health Experts as to Mark Isaac Snarr (1). Defendant shall provide any mental health expert reports to the Government no later than 3/5/10. Signed by Judge Marcia A. Crone on 2/26/10. (mrp, ) (Entered: 2/26/2010) |
| 3/2/2010 (p.399) | 207 | RESPONSE to Motion by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia re [184] MOTION to Declare DP Unconstitutional, [187] MOTION to Declare DP Unconstitutional (Attachments: # (1) Text of Proposed Order)(Batte, Joseph) (Entered: 3/2/2010) |
| 3/2/2010 | | SEALED CJA30: Authorization to Pay Douglas Barlow in Death Penalty Proceedings as to Mark Isaac Snarr. Amount: $22,347.50, Voucher #100302000022. Signed by Judge Marcia A. Crone on 02/22/10. (bsp) (Entered: 4/14/2010) |
| 3/3/2010 (p.403) | 208 | MOTION for Discovery *(Additional)* by Mark Isaac Snarr as to Mark Isaac Snarr, Edgar Baltazar Garcia. (Attachments: # (1) Text of Proposed Order)(Barlow, Douglas) (Entered: 3/3/2010) |
| 3/3/2010 (p.416) | 209 | First MOTION *To Maintain Confidentiality* by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia. (Attachments: # (1) Text of Proposed Order)(Batte, |

| | | Joseph) (Entered: 3/3/2010) |
|---|---|---|
| 3/3/2010 (p.422) | 210 | RESPONSE to Motion by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia re [183] MOTION to Introduce Testimony of Family, [186] MOTION *to Introduce Testimony of Family* (Attachments: # (1) Text of Proposed Order)(Batte, Joseph) (Entered: 3/3/2010) |
| 3/4/2010 (p.426) | 212 | MEMORANDUM AND ORDER denying [184] Motion for Declaration that Federal Death Penalty Act is Unconstitutional as to Mark Isaac Snarr (1). Signed by Judge Marcia A. Crone on 3/4/10. (mrp, ) (Entered: 3/4/2010) |
| 3/5/2010 (p.429) | 213 | Unopposed MOTION for Extension of Time to File Response/Reply *to Motion in Limine* by Mark Isaac Snarr, Edgar Baltazar Garcia. (Attachments: # (1) Text of Proposed Order)(Barlow, Douglas) (Entered: 3/5/2010) |
| 3/8/2010 (p.433) | 216 | ORDER granting [209] Motion to Maintain Confidentiality of Federal Bureau of Prisons' Files Produced for Discovery as to Mark Isaac Snarr (1), Edgar Baltazar Garcia (2). The parties shall submit an agreed order for the court's approval. Signed by Judge Marcia A. Crone on 3/8/10. (mrp, ) (Entered: 3/8/2010) |
| 3/8/2010 (p.434) | 217 | ORDER denying as moot [172] Motion for the Release of Gabriel Rhone's PSR as to Mark Isaac Snarr (1), Edgar Baltazar Garcia (2). Signed by Judge Marcia A. Crone on 3/8/10. (mrp, ) (Entered: 3/9/2010) |
| 3/8/2010 (p.435) | 218 | ORDER granting [213] Motion for Extension of Time to File Response to Motion in Limine as to Mark Isaac Snarr (1), Edgar Baltazar Garcia (2). Defendants shall file their responses with the court on or before 3/12/10. Signed by Judge Marcia A. Croneon 3/8/10. (mrp, ) (Entered: 3/9/2010) |
| 3/8/2010 (p.436) | 219 | ORDER granting in part and denying in part [120] Motion for Release of Brady Materials as to Mark Isaac Snarr and (1); granting in part and denying in part [106] Motion for Production of Exculpatory Evidence as to Edgar Baltazar Garcia (2). Signed by Judge Marcia A. Crone on 3/8/10. (mrp, ) (Entered: 3/9/2010) |
| 3/9/2010 (p.438) | 221 | FOURTH AMENDED SCHEDULING ORDER as to Mark Isaac Snarr, Edgar Baltazar Garcia. Jury Trial set for 5/3/2010 09:00 AM in Ctrm 3 (Beaumont) before Judge Marcia A. Crone. Pretrial Conference set for 3/29/2010 10:00 AM in Ctrm 3 (Beaumont) before Judge Marcia A. Crone.Signed by Judge Marcia A. Crone on 3/9/10. (mrp, ) (Entered: 3/10/2010) |
| 3/9/2010 (p.443) | 222 | ORDER on Trial Procedure and Revised Scheduling as to Mark Isaac Snarr, Edgar Baltazar Garcia. Jury Selection set for 4/6/2010 10:00 AM in Ctrm 1 (Beaumont) before Judge Marcia A. Crone. Signed by Judge Marcia A. Crone on 3/9/10. (mrp, ) (Entered: 3/10/2010) |
| 3/11/2010 (p.458) | 223 | Proposed Jury Instructions by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia (Batte, Joseph) (Entered: 3/11/2010) |
| 3/12/2010 (p.472) | 224 | RESPONSE to Motion by Mark Isaac Snarr, Edgar Baltazar Garcia re [182] MOTION in Limine (Attachments: # (1) Text of Proposed Order)(Barlow, Douglas) (Entered: 3/12/2010) |

12

| | | |
|---|---|---|
| 3/15/2010 (p.482) | 225 | PROTECTIVE ORDER as to Mark Isaac Snarr, Edgar Baltazar Garcia. Signed by Judge Marcia A. Crone on 3/15/2010. (bjc, ) (Entered: 3/15/2010) |
| 3/15/2010 (p.484) | 226 | ORDER denying [183] and [186] Motions to introduce the testimony of defendant's family and friends. Defendants are not permitted to elicit mitigating testimony by family or friends as to whether they think Defendants should be executed and whatthe impact would be on them if Defendants were convicted and ultimately executed. Signed by Judge Marcia A. Crone on 3/15/2010. (bjc, ) (Entered: 3/15/2010) |
| 3/23/2010 | | CJA30 authorizing compensation to Douglas M. Barlow for representation as to Mark Snarr signed by Judge Crone and forwarded to the 5th Circuit for approval. (psl, ) (Entered: 3/23/2010) |
| 3/23/2010 (p.486) | 227 | WITNESS LIST by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia (Batte, Joseph) (Entered: 3/23/2010) |
| 3/23/2010 | 228 | ***FILED IN ERROR. PLEASE IGNORE.***<br>MOTION to Note Filing of Witness List by Mark Isaac Snarr. (Attachments: # (1) Text of Proposed Order, # (2) Exhibit Witness List)(Barlow, Douglas) Modified on 3/24/2010 (bjc, ). (Entered: 3/23/2010) |
| 3/23/2010 | | ***FILED IN ERROR. Document # 228, motion to note filing of witness. Document is not a motion. PLEASE IGNORE.***<br><br>(bjc, ) (Entered: 3/24/2010) |
| 3/24/2010 (p.490) | 230 | WITNESS LIST by Mark Isaac Snarr (Barlow, Douglas) (Entered: 3/24/2010) |
| 3/25/2010 (p.492) | 231 | WITNESS LIST by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia (Batte, Joseph) (Entered: 3/25/2010) |
| 3/29/2010 (p.497) | 232 | Proposed Jury Instructions by Mark Isaac Snarr, Edgar Baltazar Garcia (Barlow, Douglas) (Entered: 3/29/2010) |
| 3/29/2010 (p.528) | 233 | MOTION Objection to Filing Witness List by Mark Isaac Snarr, Edgar Baltazar Garcia. (Attachments: # (1) Text of Proposed Order)(Barlow, Douglas) (Entered: 3/29/2010) |
| 3/29/2010 (p.534) | 234 | Minute Entry for proceedings held before Judge Marcia A. Crone: Status Conference as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 3/29/2010. Counsel for both sides addressed the court regarding times for general and individual voir dire, juror excuses and the questionnaire. Judge addressed counsel re Defendant's Motion for Additional Discovery and denied it. Defts remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 3/31/2010) |
| 3/31/2010 (p.535) | 239 | ORDER granting [233] Motion as to Mark Isaac Snarr (1), Edgar Baltazar Garcia (2). Accordingly, at the close of the government's case in chief, Defendants shall submit to the court an exhibit list and two copies of all exhibits expected to be introduced. Signed by Judge Marcia A. Crone on 3/31/10. (mrp, ) (Entered: |

13

| | | |
|---|---|---|
| | | 4/1/2010) |
| 4/1/2010 (p.536) | 238 | ORDER denying [171] & [208] Motions for Additional Discovery Concerning the Federal Bureau of Prisons as to Mark Isaac Snarr (1), Edgar Baltazar Garcia (2). Signed by Judge Marcia A. Crone on 3/31/10. (mrp, ) (Entered: 4/1/2010) |
| 4/1/2010 (p.537) | 240 | ORDER as to Mark Isaac Snarr, Edgar Baltazar Garcia. Attorneys for both the Government and the Defendants stated to the court that they have reviewed the Jury Questionnnaire and have no objections to its form or content. Accordingly, the court orders this Jury Questionnaire be entered into the docket of the instant criminal action. Signed by Judge Marcia A. Crone on 4/1/10. (mrp, ) (Entered: 4/2/2010) |
| 4/1/2010 (p.566) | 241 | ORDER granting [182] Motion in Limine as to Mark Isaac Snarr (1), Edgar Baltazar Garcia (2). Accordingly, Defense counsel is ordered to approach the bench before attempting to introduce any evidence on the matters listed in the Government's motion so that a ruling as to admissability may be made at that time. Signed by Judge Marcia A. Crone on 4/1/10. (mrp, ) (Entered: 4/2/2010) |
| 4/1/2010 (p.567) | 245 | PROCEDURE OF GENERAL VOIR DIRE AND QUESTIONNAIRES ORDER as to Mark Isaac Snarr, Edgar Baltazar Garcia. Signed by Judge Marcia A. Crone on 4/1/10. (mrp, ) (Entered: 4/5/2010) |
| 4/5/2010 (p.570) | 246 | Second MOTION to Continue by Mark Isaac Snarr, Edgar Baltazar Garcia. (Attachments: # (1) Text of Proposed Order)(Barlow, Douglas) (Entered: 4/5/2010) |
| 4/5/2010 (p.579) | 247 | ORDER denying [246] Motion to Continue as to Mark Isaac Snarr (1), Edgar Baltazar Garcia (2). Trial shall commence on 5/3/10. Signed by Judge Marcia A. Crone on 4/5/10. (mrp, ) (Entered: 4/6/2010) |
| 4/6/2010 (p.582) | 248 | Minute Entry for proceedings held before Judge Marcia A. Crone: FIRST day jury selection. General Voir Dire held on 4/6/2010 for Mark Isaac Snarr and Edgar Baltazar Garcia on Count 1. Defts and counsel present. Court addressed jury panel and gave opening remarks. Questioning of prospective jurors commenced. Defts remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 4/7/2010) |
| 4/7/2010 (p.585) | 250 | Minute Entry for proceedings held before Judge Marcia A. Crone: SECOND DAY General Voir Dire held on 4/7/2010 as to Mark Isaac Snarr, Edgar Baltazar Garcia. All parties present w/cnsl. Court gives opening remarks and counsel for defts addressed the jurors. Questionnaires completed and court began questioning jurors. Court adjourned and defts remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 4/9/2010) |
| 4/9/2010 (p.587) | 251 | WITNESS LIST by Mark Isaac Snarr (Barlow, Douglas) (Entered: 4/9/2010) |
| 4/9/2010 | | CJA30 authorizing compensation to Douglas M. Barlow for representation as to Mark Snarr signed by Judge Crone and forwarded to the 5th Circuit for approval. (psl, ) (Entered: 4/9/2010) |

14

| 4/10/2010 (p.588) | 254 | TRIAL BRIEF by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia (Batte, Joseph) (Entered: 4/10/2010) |
|---|---|---|
| 4/12/2010 | | Authorization to Pay Gina Vitale in Death Penalty Proceedings as to Mark Isaac Snarr. Signed by Judge Marcia A. Crone on 4/12/10. (psl, ) (Entered: 4/12/2010) |
| 4/12/2010 (p.605) | 255 | Minute Entry for proceedings held before Judge Marcia A. Crone: Individual Voir Dire THIRD day Jury Selection held on 4/12/2010 as to Mark Isaac Snarr, Edgar Baltazar Garcia. Jurors questioned by counsel. Defts remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 4/15/2010) |
| 4/13/2010 (p.608) | 256 | Minute Entry for proceedings held before Judge Marcia A. Crone: Individual Voir Dire FOURTH day Jury Selection held on 4/13/2010 as to Mark Isaac Snarr, Edgar Baltazar Garcia. Defts and counsel present, jurors questioned. Defts remanded to custodyof USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 4/15/2010) |
| 4/14/2010 (p.611) | 257 | Minute Entry for proceedings held before Judge Marcia A. Crone: FIFTH day of Individual Voir Dire held on 4/14/2010 as to Mark Isaac Snarr, Edgar Baltazar Garcia. Deft appeared w/cnsl. Questioning of jurors by counsel continued. Deft remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 4/15/2010) |
| 4/15/2010 (p.614) | 258 | Minute Entry for proceedings held before Judge Marcia A. Crone: SIXTH day Individual Voir Dire held on 4/15/2010 as to Mark Isaac Snarr, Edgar Baltazar Garcia. Counsel for all parties present. Jurors questioned. Defts remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 4/16/2010) |
| 4/16/2010 (p.617) | 261 | Minute Entry for proceedings held before Judge Marcia A. Crone: SEVENTH day Individual Voir Dire held on 4/16/2010 as to Mark Isaac Snarr, Edgar Baltazar Garcia. Counsel for both sides present, questioning of potential jurors continued. Defts remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 4/20/2010) |
| 4/19/2010 (p.620) | 264 | Minute Entry for proceedings held before Judge Marcia A. Crone: EIGHTH day Individual Voir Dire held on 4/19/2010 as to Mark Isaac Snarr, Edgar Baltazar Garcia. Defts and all counsel present. Jurors questioned. Deft remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 4/23/2010) |
| 4/20/2010 (p.623) | 265 | Minute Entry for proceedings held before Judge Marcia A. Crone: NINTH day Individual Voir Dire held on 4/20/2010 as to Mark Isaac Snarr, Edgar Baltazar Garcia. Defts and all counsel present. Jurors questioned. Defts remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 4/23/2010) |
| 4/21/2010 (p.626) | 266 | Minute Entry for proceedings held before Judge Marcia A. Crone: TENTH day Individual Voir Dire held on 4/21/2010 as to Mark Isaac Snarr, Edgar Baltazar Garcia. Defts and all counsel present. Jurors questioned. Defts remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 4/23/2010) |
| 4/22/2010 (p.629) | 268 | Minute Entry for proceedings held before Judge Marcia A. Crone: ELEVENTH day Individual Voir Dire held on 4/22/2010 as to Mark Isaac Snarr, Edgar |

| | | |
|---|---|---|
| | | Baltazar Garcia. Counsel for all parties and defts present. Court gave opening remarks and jurors questioned. Defts remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 4/26/2010) |
| 4/23/2010 (p.632) | 263 | Third MOTION to Continue *(Joint)* by Mark Isaac Snarr, Edgar Baltazar Garcia. (Attachments: # (1) Text of Proposed Order)(Black, George) (Entered: 4/23/2010) |
| 4/23/2010 (p.638) | 267 | Minute Entry for proceedings held before Judge Marcia A. Crone: TWELFTH day Individual Voir Dire held on 4/23/2010 as to Mark Isaac Snarr, Edgar Baltazar Garcia. Counsel for all parties presents, defts present. Jurors questioned. Defts remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 4/26/2010) |
| 4/23/2010 (p.641) | 272 | Minute Entry for proceedings held before Judge Marcia A. Crone: THIRTEENTH day Individual Voir Dire held on 4/23/2010 as to Mark Isaac Snarr, Edgar Baltazar Garcia. Counsel and all parties present. Jurors questioned. Defts remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 4/27/2010) |
| 4/26/2010 | | SEALED CJA31: Authorization to Pay Gina Vitale in Death Penalty Proceedings as to Mark Isaac Snarr. Signed by Judge Marcia A. Crone on 4/12/10. (psl, ) (Entered: 4/26/2010) |
| 4/27/2010 (p.644) | 269 | RESPONSE to Motion by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia re [259] MOTION *to Dismiss Death Penalty Due to Inadequate Funding* (Attachments: # (1) Text of Proposed Order)(Batte, Joseph) (Entered: 4/27/2010) |
| 4/27/2010 (p.647) | 270 | RESPONSE to Motion by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia re [263] Third MOTION to Continue *(Joint)* (Attachments: # (1) Text of Proposed Order)(Batte, Joseph) (Entered: 4/27/2010) |
| 4/27/2010 Sealed envelope | 271 | MOTION to Appoint Counsel by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia. (Attachments: # (1) Text of Proposed Order)(Batte, Joseph) (Entered: 4/27/2010) |
| 4/27/2010 (p.650) | 274 | ORDER denying [263] Third Motion to Continue as to Mark Isaac Snarr (1), Edgar Baltazar Garcia (2). Signed by Judge Marcia A. Crone on 4/27/10. (mrp, ) (Entered: 4/28/2010) |
| 4/27/2010 (p.652) | 275 | ORDER denying [259] Motion to Dismiss the Death Penalty Notice Due to Inadequate Funding of the Defense and a Violation of Defendant's Right to Present Mitigating Evidence as to Edgar Baltazar Garcia (2). Accordingly, Defendant shall proceed to trial as scheduled on 5/3/10. Signed by Judge Marcia A. Crone on 4/27/10. (mrp, ) (Entered: 4/28/2010) |
| 4/27/2010 | 288 | CJA 20 appointment as to witness. Signed by Magistrate Judge Keith F. Giblin on 4/27/10. (mrp, ) (mrp, ). (Entered: 4/30/2010) |
| 4/28/2010 (p.653) | 276 | MOTION by Mark Isaac Snarr, Edgar Baltazar Garcia. (Attachments: # (1) Text of Proposed Order)(Barlow, Douglas) (Entered: 4/28/2010) |

| | | |
|---|---|---|
| 4/28/2010 (p.660) | 277 | ORDER denying [276] Motion to Reurge Peremptory Challenges and Request for One or More Additional Peremptory Challenges as to Mark Isaac Snarr (1), Edgar Baltazar Garcia (2). Signed by Judge Marcia A. Crone on 4/28/10. (mrp, ) (Entered: 4/28/2010) |
| 4/29/2010 (p.661) | 281 | EXHIBIT LIST by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia (Batte, Joseph) (Entered: 4/29/2010) |
| 4/29/2010 (p.663) | 282 | WITNESS LIST by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia (Batte, Joseph) (Entered: 4/29/2010) |
| 4/29/2010 | | Minute Entry for proceedings held before Judge Marcia A. Crone:Telephone Conference as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 4/29/2010 (psl, ) (Entered: 5/3/2010) |
| 5/1/2010 | | NOTICE OF HEARING in case as to Mark Isaac Snarr, Edgar Baltazar Garcia Hearing set for 5/3/2010 08:30 AM in Ctrm 3 (Beaumont) before Judge Marcia A. Crone. (psl, ) (Entered: 5/1/2010) |
| 5/3/2010 (p.665) | 287 | MOTION *to Invoke Witness Rule* by Mark Isaac Snarr. (Attachments: # (1) Text of Proposed Order Invoke Witness Rule)(Black, George) (Entered: 5/3/2010) |
| 5/3/2010 (p.669) | 290 | ORDER granting [287] Motion to Invoke Witness Rule as to Mark Isaac Snarr (1). Signed by Judge Marcia A. Crone on 5/3/10. (mrp, ) (Entered: 5/5/2010) |
| 5/3/2010 (p.670) | 292 | Minute Entry for proceedings held before Judge Marcia A. Crone: FIRST DAY Jury Trial as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5/3/2010. All counsel present, Jury Panel sworn and rule invoked. Opening statements given by both sides. Gov't presented evidence. Defts remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 5/6/2010) |
| 5/4/2010 | | Minute Entry for proceedings held before Judge Marcia A. Crone:In Chambers Conference as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5/4/2010 (psl, ) (Entered: 5/4/2010) |
| 5/4/2010 (p.673) | 293 | Minute Entry for proceedings held before Judge Marcia A. Crone: SECOND DAY Jury Trial as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5/4/2010. Gov't presented evidence and witnesses. Witnesses examined and cross-examined. Defts remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 5/6/2010) |
| 5/5/2010 (p.675) | 289 | EXHIBIT LIST by Mark Isaac Snarr, Edgar Baltazar Garcia (Bourque, Gerald) (Entered: 5/5/2010) |
| 5/5/2010 (p.676) | 298 | Minute Entry for proceedings held before Judge Marcia A. Crone: THIRD DAY Jury Trial as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5/5/2010. Counsel for all parties and defts present. Witnesses examined and cross examined. Counsel for deft Garcia filed motions for mistrial and for acquittal, court orally denied these motions. Counsel for deft Snarr filed motion for acquittal, court orally denied this motion. Defts remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 5/10/2010) |

| | | |
|---|---|---|
| 5/5/2010 (p.679) | 299 | MOTION for Acquittal by Mark Isaac Snarr. (mrp, ) (Entered: 5/10/2010) |
| 5/6/2010 (p.681) | 301 | Minute Entry for proceedings held before Judge Marcia A. Crone: FOURTH DAY Jury Trial as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5/6/2010. Counsel for all parties present. Oral motions for acquittal filed by both defts; motions orally denied. Witnesses examined and cross examined. Evidence concluded and defts remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 5/10/2010) |
| 5/7/2010 (p.683) | 294 | WITNESS LIST by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia (Batte, Joseph) (Entered: 5/7/2010) |
| 5/7/2010 (p.688) | 303 | Minute Entry for proceedings held before Judge Marcia A. Crone: FIFTH DAY Jury Trial as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5/7/2010. Counsel for all parties and defts present. Judge read jury instructions to the jury. Closing arguments given by both sides. Jury reached a verdict and defendants found guilty on Count 1. Jury excused; Phase II Eligibility to begin 5/10/10. Defts remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 5/11/2010) |
| 5/7/2010 (p.690) | 304 | EXHIBIT LIST by USA as to Mark Isaac Snarr. (mrp, ) (Entered: 5/11/2010) |
| 5/7/2010 (p.691) | 306 | EXHIBIT LIST by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia. (mrp, ) (Entered: 5/11/2010) |
| 5/7/2010 (p.693) | 307 | EXHIBIT LIST by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia. (mrp, ) (Entered: 5/11/2010) |
| 5/7/2010 (p.694) | 308 | EXHIBIT LIST by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia. (mrp, ) (Entered: 5/11/2010) |
| 5/7/2010 (p.695) | 309 | WITNESS LIST by Mark Isaac Snarr. (mrp, ) (Entered: 5/11/2010) |
| 5/7/2010 (p.696) *Sealed envelope* | 311 | E-GOV SEALED Jury Notes as to Mark Isaac Snarr, Edgar Baltazar Garcia. (mrp, ) (Entered: 5/11/2010) |
| 5/7/2010 (p.698) | 312 | JURY VERDICT as to Mark Isaac Snarr (1) Guilty on Count 1 and Edgar Baltazar Garcia (2) Guilty on Count 1. (mrp, ) (Entered: 5/11/2010) |
| 5/7/2010 (p.699) | 360 | Court's Instructions to the Jury as to Mark Isaac Snarr, Edgar Baltazar Garcia. (mrp, ) (Entered: 5/27/2010) |
| 5/7/2010 | | SEALED CJA30: Authorization to Pay Douglas Barlow in Death Penalty Proceedings as to Mark Isaac Snarr. Voucher #100507000007. Signed by Judge Marcia A. Crone on 03/20/10 and Judge J. Elrod on 5/1/10.(bsp) (Entered: 6/8/2010) |

| Date | No. | Description |
|---|---|---|
| 5/9/2010 (p.712) | 295 | EXHIBIT LIST by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia (Batte, Joseph) (Entered: 5/9/2010) |
| 5/10/2010 (p.714) | 296 | EXHIBIT LIST by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia (Batte, Joseph) (Entered: 5/10/2010) |
| 5/10/2010 | | Minute Entry for proceedings held before Judge Marcia A. Crone:In Chambers Conference as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5/10/2010 (psl, ) (Entered: 5/10/2010) |
| 5/10/2010 (p.716) | 313 | Minute Entry for proceedings held before Judge Marcia A. Crone: SIXTH DAY Phase II Eligibility re Jury Trial as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5/10/2010. Counsel for all parties and defts present. Mr. Morrow orally motioned to make statute unconstitutional. Court orally denied motion. Mr. Morrow orally motioned for severance and court orally denied the motion. Defts remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 5/11/2010) |
| 5/11/2010 | | Minute Entry for proceedings held before Judge Marcia A. Crone:In Chambers Conference as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5/11/2010 (psl, ) (Entered: 5/12/2010) |
| 5/11/2010 (p.719) | 315 | Minute Entry for proceedings held before Judge Marcia A. Crone: SEVENTH DAY Jury Trial - Phase II Eligibility as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5/11/2010. Counsel for all parties present. Witnesses examined and cross examined.Jury read charges and closing arguments given by both sides. Jury will resume deliberations 5/12/10. Defts remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 5/13/2010) |
| 5/11/2010 (p.721) *Sealed envelope.* | 316 | E-GOV SEALED Jury Notes #3 as to Mark Isaac Snarr, Edgar Baltazar Garcia. (mrp, ) (Entered: 5/13/2010) |
| 5/11/2010 (p.722) | 361 | Court's Instructions to the Jury Phase Two as to Mark Isaac Snarr. (mrp, ) (Entered: 5/27/2010) |
| 5/12/2010 (p.741) | 314 | EXHIBIT LIST by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia (Batte, Joseph) (Entered: 5/12/2010) |
| 5/12/2010 | | Minute Entry for proceedings held before Judge Marcia A. Crone:In Chambers Conference as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5/12/2010 (psl, ) (Entered: 5/12/2010) |
| 5/12/2010 (p.744) | 317 | Minute Entry for proceedings held before Judge Marcia A. Crone: EIGHTH DAY Jury Trial - Phase II Eligibility as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5/12/2010. Counsel for all parties present. Jury deliberated and reached a verdict. Verdict published. Phase III Punishment commenced. Witnesses examined and cross-examined. Defts remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 5/13/2010) |
| 5/12/2010 (p.746) | 318 | WITNESS LIST by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia. (mrp, ) (Entered: 5/13/2010) |

19

| 5/12/2010 (p.748) | 319 | EXHIBIT LIST by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia. (mrp, ) (Entered: 5/13/2010) |
|---|---|---|
| 5/12/2010 *Sealed envelope* | 321 | Verdict of the Jury - Phase II as to Mark Isaac Snarr. (Sealed) (mrp, ) (Entered: 5/13/2010) |
| 5/12/2010 (p.751) *Sealed envelope* | 323 | E-GOV SEALED Jury Notes as to Mark Isaac Snarr, Edgar Baltazar Garcia. (mrp, ) (Entered: 5/13/2010) |
| 5/13/2010 | | Minute Entry for proceedings held before Judge Marcia A. Crone:In Chambers Conference as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5/13/2010 (psl, ) (Entered: 5/13/2010) |
| 5/13/2010 (p.753) | 324 | Minute Entry for proceedings held before Judge Marcia A. Crone: NINTH DAY Phase III Punishment Jury Trial as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5/13/2010. Counsel for all parties present. Witnesses examined and cross-examined. Exhibits entered into the record. Defts remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 5/14/2010) |
| 5/14/2010 | | Minute Entry for proceedings held before Judge Marcia A. Crone:In Chambers Conference as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5/14/2010 (psl, ) (Entered: 5/14/2010) |
| 5/14/2010 (p.755) | 325 | Minute Entry for proceedings held before Judge Marcia A. Crone: TENTH DAY Jury Trial - Phase III Punishment as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5/14/2010. Counsel for all parties present. Witnesses examined and cross-examined, exhibits entered into the record. Deft remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 5/17/2010) |
| 5/14/2010 (p.757) | 330 | E-GOV SEALED Jury Note as to Mark Isaac Snarr, Edgar Baltazar Garcia. (mrp, ) (Entered: 5/19/2010) |
| 5/14/2010 | | SEALED CJA30: Authorization to Pay Douglas Barlow in Death Penalty Proceedings as to Mark Isaac Snarr. Voucher #100514000009. Signed by Judge Marcia A. Crone on 4/8/10. (bsp) (Entered: 6/8/2010) |
| 5/17/2010 | | Minute Entry for proceedings held before Judge Marcia A. Crone:In Chambers Conference as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5/17/2010 (psl, ) (Entered: 5/17/2010) |
| 5/17/2010 (p.758) | 327 | WITNESS LIST by Mark Isaac Snarr as to Mark Isaac Snarr, Edgar Baltazar Garcia (Barlow, Douglas) (Entered: 5/17/2010) |
| 5/17/2010 | | Minute Entry for proceedings held before Judge Marcia A. Crone:In Chambers Conference as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5/17/2010 (psl, ) (Entered: 5/18/2010) |
| 5/17/2010 (p.760) | 331 | Minute Entry for proceedings held before Judge Marcia A. Crone: ELEVENTH DAY Phase III Punishment Jury Trial as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5/17/2010. Counsel for all parties present. Witnesses examined and cross-examined and exhibits entered. Defts remanded to custody of USM. (Court |

| | | |
|---|---|---|
| | | Reporter Tonya Jackson.) (mrp, ) (Entered: 5/19/2010) |
| 5/18/2010 (p.763) | 329 | TRIAL BRIEF by Mark Isaac Snarr as to Mark Isaac Snarr, Edgar Baltazar Garcia (Black, George) (Entered: 5/18/2010) |
| 5/18/2010 (p.769) | 332 | Minute Entry for proceedings held before Judge Marcia A. Crone: TWELFTH DAY Phase III Punishment Jury Trial as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5/18/2010. Counsel for all parties present. Exhibits entered. Defts remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 5/19/2010) |
| 5/19/2010 | | CJA30 authorizing compensation to Douglas M. Barlow for representation as to Mark Snarr signed by Judge Crone and forwarded to the 5th Circuit for approval. (psl, ) (Entered: 5/19/2010) |
| 5/19/2010 (p.771) | 335 | Minute Entry for proceedings held before Judge Marcia A. Crone: THIRTEENTH DAY Phase III Punishment Phase as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5/19/2010. Counsel for all parties present. Witnesses questioned and exhibits entered.Defts remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 5/25/2010) |
| 5/20/2010 | | Minute Entry for proceedings held before Judge Marcia A. Crone:In Chambers Conference as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5/20/2010 (psl, ) (Entered: 5/20/2010) |
| 5/20/2010 | | Minute Entry for proceedings held before Judge Marcia A. Crone:In Chambers Conference as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5/20/2010 (psl, ) (Entered: 5/21/2010) |
| 5/20/2010 | | Minute Entry for proceedings held before Judge Marcia A. Crone:In Chambers Conference as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5/20/2010 (psl, ) (Entered: 5/21/2010) |
| 5/20/2010 (p.773) | 336 | Minute Entry for proceedings held before Judge Marcia A. Crone: FOURTEENTH DAY Phase III Punishment Phase as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5/20/2010. Counsel for all parties present. Witnesses examined and exhibits entered. Evidence concluded. Defts remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 5/25/2010) |
| 5/21/2010 (p.775) | 334 | Proposed Jury Instructions by Mark Isaac Snarr (Barlow, Douglas) (Entered: 5/21/2010) |
| 5/21/2010 | 337 | ***FILED IN ERROR; PLEASE SEE AMENDED MINUTE SHEET #[371]*** <br><br> Minute Entry for proceedings held before Judge Marcia A. Crone: FIFTEENTH DAY Phase III Punishment as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5/21/2010. Evidenceconcluded, final arguments given and jury read instructions. Jury began deliberations. Defts remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) Modified on 7/8/2010 (mrp, ). (Entered: 5/25/2010) |

| | | |
|---|---|---|
| 5/21/2010 (p.784) | 364 | Court's Instructions to the Jury Phase Three as to Mark Isaac Snarr. (mrp, ) (Entered: 5/27/2010) |
| 5/21/2010 | | ***FILED IN ERROR. Document # 337, Minute Sheet Day 15 Jury Trial; Court Reporter was Chris Bickham not Tonya Jackson. PLEASE IGNORE.*** <br><br> (mrp, ) (Entered: 7/8/2010) |
| 5/21/2010 (p.806) | 371 | AMENDED Minute Entry for proceedings held before Judge Marcia A. Crone: FIFTEENTH DAY Phase III Punishment as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5/21/2010. Evidence concluded, final arguments given and jury read instructions. Jury began deliberations. Defts remanded to custody of USM. (Court Reporter Chris Bickham.) (mrp, ) (Entered: 7/8/2010) |
| 5/24/2010 (p.808) | 339 | Minute Entry for proceedings held before Judge Marcia A. Crone: SIXTEENTH DAY Phase III Punishment as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5/24/2010. Counsel for all parties present. Evidence concluded, jury deliberated and reached averdict of guilty on special findings. Trial concluded. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 5/26/2010) |
| 5/24/2010 (p.810) | 340 | E-GOV SEALED Jury Notes 6-8 as to Mark Isaac Snarr, Edgar Baltazar Garcia. (mrp, ) (Entered: 5/26/2010) |
| 5/24/2010 (p.813) | 343 | WITNESS LIST by Mark Isaac Snarr. (mrp, ) (Entered: 5/26/2010) |
| 5/24/2010 (p.814) | 344 | EXHIBIT LIST by Mark Isaac Snarr. (mrp, ) (Entered: 5/26/2010) |
| 5/24/2010 (p.815) | 345 | EXHIBIT LIST by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia. (mrp, ) (Additional attachment(s) added on 5/26/2010: # (1) Exhibit) (mrp, ). (Entered: 5/26/2010) |
| 5/24/2010 (p.821) | 346 | WITNESS LIST by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia. (mrp, ) (Entered: 5/26/2010) |
| 5/24/2010 (p.825) | 347 | EXHIBIT LIST for record purposes only by Court as to Mark Isaac Snarr, Edgar Baltazar Garcia. Not admitted in Trial. (mrp, ) (Entered: 5/26/2010) |
| 5/24/2010 (p.826) | 348 | Defendants' Bill Exhibits by Mark Isaac Snarr, Edgar Baltazar Garcia. (mrp, ) (Entered: 5/26/2010) |
| 5/24/2010 (p.827) | 351 | Minute Entry for proceedings held before Judge Marcia A. Crone: Sentencing held on 5/24/2010 for Mark Isaac Snarr (1), Count 1: Death; $100 special assessment. Deft remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 5/26/2010) |
| 5/25/2010 (p.829) | 338 | MOTION Withdraw Trial Exhibits by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia. (Attachments: # (1) Text of Proposed Order)(Batte, Joseph) (Entered: 5/25/2010) |

| | | |
|---|---|---|
| 5/25/2010 (p.832) | 353 | JUDGMENT as to Mark Isaac Snarr (1), Count 1: Death; $100 special assessment. Terminated Mark Isaac Snarr. Signed by Judge Marcia A. Crone on 5/25/10. (mrp, ) (Entered: 5/26/2010) |
| 5/25/2010 *Sealed Envelope* | 354 | SEALED Statement of Reasons re [353] Judgment as to Mark Isaac Snarr. cc: USA, Black, Barlow 5/26/10 (mrp, ) (Entered: 5/26/2010) |
| 5/26/2010 (p.837) | 357 | ORDER granting [338] Motion to Withdraw Trial Exhibits as to Mark Isaac Snarr (1), Edgar Baltazar Garcia (2). Signed by Judge Marcia A. Crone on 5/26/10. (mrp, ) (Entered: 5/27/2010) |
| 5/27/2010 (p.838) | 359 | AMENDED JUDGMENT due to clerical error as to Mark Isaac Snarr (1), Count(s) 1, Death; $100 special assessment. No change in sentence. Signed by Judge Marcia A. Crone on 5/27/10. (mrp, ) (Entered: 5/27/2010) |
| 6/3/2010 (p.843) | 365 | NOTICE OF APPEAL [365] Amended Judgment. (Barlow, Douglas) Modified on 6/7/2010 (dlc, ). (Entered: 6/3/2010) |
| 6/7/2010 | | DKT 13 form forwarded to George Patrick Black, counsel for appellant Mark Isaac Snarr. (dlc, ) (Entered: 6/7/2010) |
| 6/11/2010 | | DKT 13 form and CJA 24 forwarded to Douglas Barlow, counsel for appellant, Mark Snarr. (dlc, ) (Entered: 6/11/2010) |
| 6/15/2010 | | CJA30 authorizing compensation to Douglas M. Barlow for representation as to Mark Snarr signed by Judge Crone and forwarded to the 5th Circuit for approval. (psl, ) (Entered: 6/15/2010) |
| 6/17/2010 (p.845) | 367 | NOTICE of Docketing Record on Appeal from USCA as to Mark Isaac Snarr re [365] Notice of Appeal filed by Mark Isaac Snarr. USCA Case Number 10-40525 (dlc, ) (Entered: 6/18/2010) |
| 6/30/2010 (p.846) | 369 | TRANSCRIPT REQUEST by Mark Isaac Snarr for status conference proceedings held on 3/3/09, 4/24/09, 9/10/09, 10/30/09, 2/1/10, 3/29/10, 4/29/10, for jury selection held on 4/6/10 thru 4/7/10, 4/12/10 thru 4/23/10, and for trial held on 5/3/10 thru 5/24/10 before Judge Marcia A Crone, (dlc, ) (Entered: 7/6/2010) |
| 7/12/2010 | | NOTICE of certification of record on appeal provided to 5th Circuit Court of Appeals as to Mark Isaac Snarr (dlc, ) (Entered: 7/12/2010) |

USCA5 23

## U.S. District Court [LIVE]
### Eastern District of TEXAS (Beaumont)
### CRIMINAL DOCKET FOR CASE #: 1:09-cr-00015-MAC-KFG-2

Case Title: USA vs. Garcia
Other court case number(s): None
Magistrate judge case number(s): 1:08-mj-00045-ESH

Date Filed: 1/21/2009

Assigned to: Judge Marcia A. Crone
Referred to: Magistrate Judge Keith F. Giblin

**Defendant**
-----------------------

**Edgar Baltazar Garcia (2)**
*TERMINATED: 5/25/2010*

represented by **Robert A Morrow, III**
Robert Morrow-Lawyer
24 Waterway Ave
Ste 660
The Woodlands, TX 77380
281-379-6901
Fax: 832-813-0321
Email: ramorrow15@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Gerald Ellis Bourque**
Gerald E Bourque Attorney at Law
24 Waterway Avenue
Suite 660
The Woodlands, TX 77380
713/862-7766
Fax: 832/813-0321
Email: gerald@geraldebourque.com
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Pending Counts**
-----------------------

FIRST DEGREE MURDER, AID &
ABET
(1 )

**Disposition**
-----------------

Death; $100 special
assessmentAMENDED JUDGMENT due
to clerical error

A TRUE COPY I CERTIFY
DAVID J. MALAND, CLERK
U S DISTRICT COURT
EASTERN DISTRICT TEXAS
BY

**Highest Offense Level (Opening)**
-------------------------------------

**24**

Felony

**Terminated Counts**
-------------------------

None

**Highest Offense Level (Terminated)**
----------------------------------------

Felony

**Complaints**                                              **Disposition**
-----------------------                                     ----------------

None

**Plaintiff**
-----------------------

USA                                    represented by   **Joseph Robert Batte**
                                                        U S Attorney's Office - Beaumont
                                                        350 Magnolia
                                                        Suite 150
                                                        Beaumont, TX 77701
                                                        409/839-2538
                                                        Fax: 14098392550
                                                        Email: joe.batte@usdoj.gov
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

| Filing Date | # | Docket Text |
|---|---|---|
| 4/2/2008 | | Attorney update in case as to Edgar Garcia. Attorney Robert A Morrow, III for Edgar Garcia, Gerald Ellis Bourque for Edgar Garcia added. (ttp, )[1:08-mj-00045-ESH] (Entered: 4/3/2008) |
| 4/2/2008 (p.39) | 5 | CJA 30: Appointment of Attorney Robert A Morrow, III for Edgar Garcia in Death Penalty Proceedings as to Edgar Garcia.. Signed by Judge Earl S. Hines on 04/02/08. (ttp, )[1:08-mj-00045-ESH] (Entered: 4/3/2008) |
| 4/2/2008 (p.40) | 6 | CJA 30: Appointment of Attorney Gerald Ellis Bourque for Edgar Garcia in Death Penalty Proceedings as to Edgar Garcia.. Signed by Judge Earl S. Hines on 04/02/08. (ttp, )[1:08-mj-00045-ESH] (Entered: 4/3/2008) |
| 1/21/2009 (p.41) | 7 | INDICTMENT as to Mark Isaac Snarr (1) count 1, Edgar Baltazar Garcia (2) count 1. (tkd, ) (Entered: 1/22/2009) |

| | | |
|---|---|---|
| 1/21/2009 | 9 | E-GOV SEALED Form AO 257 filed as to Edgar Baltazar Garcia (tkd, ) (Entered: 1/22/2009) |
| 1/23/2009 (p.45) | 12 | MOTION to Transfer Case by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia. (Attachments: # (1) Text of Proposed Order)(Batte, Joseph) Modified on 1/27/2009 (tkd, ). (Entered: 1/23/2009) |
| 1/27/2009 (p.48) | 13 | NOTICE OF HEARING setting Initial Appearance and Arraignment as to Edgar Baltazar Garcia for 2/24/2009 10:00 AM in Ctrm 5 (Beaumont) before Magistrate Judge Keith F. Giblin.(ksd) (Entered: 1/27/2009) |
| 1/28/2009 (p.49) | 16 | NOTICE OF HEARING RESETTING Initial Appearance and Arraignment as to Edgar Baltazar Garcia for 3/3/2009 10:00 AM in Ctrm 5 (Beaumont) before Magistrate Judge Keith F. Giblin.(ksd) (Entered: 1/28/2009) |
| 2/2/2009 | 17 | Oral ORDER granting [12] Motion as to Mark Isaac Snarr (1), Edgar Baltazar Garcia (2)transferring case to the Hon. Thad Heartfield. Signed by Judge Ron Clark on February 2, 2009. (vjw, ) (Entered: 2/2/2009) |
| 2/2/2009 | | ***Judge update in case as to Mark Isaac Snarr, Edgar Baltazar Garcia. Judge Thad Heartfield added. Judge Ron Clark and Magistrate Judge Earl S. Hines no longer assigned to case. (tkd, ) (Entered: 2/3/2009) |
| 2/4/2009 (p.50) | 19 | NOTICE *of Intent to Seek the Death Penalty* by USA as to Edgar Baltazar Garcia (Batte, Joseph) (Entered: 2/4/2009) |
| 2/19/2009 (p.57) | 20 | NOTICE OF HEARING as to Mark Isaac Snarr, Edgar Baltazar Garcia Status Conference set for 3/3/2009 10:00 AM in Ctrm 1 (Beaumont) before Judge Thad Heartfield. (jmv, ) (Entered: 2/19/2009) |
| 2/19/2009 (p.58) | 21 | ORDER as to Mark Isaac Snarr, Edgar Baltazar Garcia transferring this criminal action to the docket of the Honorable Marcia A Crone for all further proceedings. Signed by Judge Thad Heartfield on 2/19/09. (bjc, ) (Entered: 2/20/2009) |
| 2/19/2009 | | Case as to Mark Isaac Snarr, Edgar Baltazar Garcia assigned to Judge Marcia A. Crone and Magistrate Judge Keith F. Giblin. Judge Thad Heartfield no longer assigned to the case. (bjc, ) (Entered: 2/20/2009) |
| 2/23/2009 (p.59) | 22 | NOTICE OF HEARING as to Mark Isaac Snarr, Edgar Baltazar Garcia Status Conference rescheduled for 3/3/2009 11:00 AM in Ctrm 3 (Beaumont) before Judge Marcia A. Crone. (psl, ) (Entered: 2/23/2009) |
| 2/23/2009 (p.60) | 24 | NOTICE OF HEARING RESETTING Initial Appearance and Arraignment as to Edgar Baltazar Garcia for 3/3/2009 09:30 AM in Ctrm 5 (Beaumont) before Magistrate Judge Keith F. Giblin.(ksd) (Entered: 2/24/2009) |
| 2/26/2009 | 27 | E-GOV SEALED Arrest Warrant Returned Executed on 2/26/09 as to Edgar Baltazar Garcia. (tkd, ) (Entered: 3/3/2009) |
| 3/2/2009 | 25 | NOTICE OF HEARING as to Mark Isaac Snarr, Edgar Baltazar Garcia Status |

| | | |
|---|---|---|
| (p.61) | | Conference rescheduled for 3/3/2009 10:00 AM in Ctrm 3 (Beaumont) before Judge Marcia A. Crone. (psl, ) (Entered: 3/2/2009) |
| 3/3/2009 | | Minute Entry for proceedings held before Judge Marcia A. Crone:In Chambers Conference as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 3/3/2009 (psl, ) (Entered: 3/4/2009) |
| 3/3/2009 | | Arrest of Edgar Baltazar Garcia. (mrp, ) (Entered: 3/4/2009) |
| 3/3/2009 (p.62) | 36 | Minute Entry for proceedings held before Magistrate Judge Keith F. Giblin:Initial Appearance & Arraignment as to Edgar Baltazar Garcia (2) Count 1 held on 3/3/2009. Deft appeared w/cnsl and entered a plea of not guilty to the Indictment. Deft remanded to custody of USM. (Court Reporter ECRO Kyla Dean.) (mrp, ) (Entered: 3/4/2009) |
| 3/3/2009 (p.64) | 37 | PRE-TRIAL ORDER as to Edgar Baltazar Garcia. Pretrial Conference is set for 4/20/2009 10:00 AM in Ctrm 3 (Beaumont) before Judge Marcia A. Crone. Signed by Magistrate Judge Keith F. Giblin on 3/3/09. (mrp, ) (Entered: 3/4/2009) |
| 3/3/2009 (p.66) | 38 | ORDER - PRETRIAL DISCOVERY & INSPECTION as to Edgar Baltazar Garcia. Signed by Magistrate Judge Keith F. Giblin on 3/3/09. (mrp, ) (Entered: 3/4/2009) |
| 3/3/2009 (p.71) | 39 | ORDER OF DETENTION PENDING TRIAL as to Edgar Baltazar Garcia. Signed by Magistrate Judge Keith F. Giblin on 3/3/09. (mrp, ) (Entered: 3/4/2009) |
| 3/3/2009 (p.72) | 41 | Minute Entry for proceedings held before Judge Marcia A. Crone:Status Conference as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 3/3/2009. Defts remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 3/5/2009) |
| 3/4/2009 (p.73) | 40 | SCHEDULING ORDER as to Mark Isaac Snarr, Edgar Baltazar Garcia. Pretrial Conference is set for 3/29/2010 10:00 AM in Ctrm 3 (Beaumont) before Judge Marcia A. Crone. Signed by Judge Marcia A. Crone on 3/4/09. (mrp, ) (Entered: 3/4/2009) |
| 3/5/2009 (p.77) | 44 | ORDER TO CONTINUE - Ends of Justice as to Mark Isaac Snarr, Edgar Baltazar Garcia. Time excluded from 3/5/09 until 4/7/10. Jury Trial set for 4/7/2010 10:00 AM in Ctrm 3 (Beaumont) before Judge Marcia A. Crone. Signed by Judge Marcia A. Crone on 3/5/09. (mrp, ) (Entered: 3/6/2009) |
| 3/26/2009 | | CJA30 authorizing compensation to Robert Morrow for representation as to Edgar Garcia signed by Judge Crone and forwarded to Tyler for payment. (psl, ) (Entered: 3/26/2009) |
| 3/31/2009 | | CJA30 authorizing compensation to Gerald E. Bourque for representation as to Edgar Garcia signed by Judge Crone and forwarded to Tyler for payment. (psl, ) (Entered: 3/31/2009) |
| 4/6/2009 | | |

USCA5 4

| | | |
|---|---|---|
| | | SEALED CJA30: Authorization to Pay Robert Morrow in Death Penalty Proceedings as to Edgar Baltazar Garcia. Voucher #090406000009. Signed by Judge Marcia A. Crone on 03/20/09.(bsp) (Entered: 5/7/2009) |
| 4/9/2009 | | SEALED CJA30: Authorization to Pay Gerald Bourque in Death Penalty Proceedings as to Edgar Baltazar Garcia. Voucher #090408000009. Signed by Judge Marcia A. Crone on 03/31/09.(bsp) (Entered: 5/7/2009) |
| 4/14/2009 (p.80) | 48 | NOTICE OF HEARING as to Mark Isaac Snarr, Edgar Baltazar Garcia Defense Budget Meeting set for 4/24/2009 01:45 PM in Ctrm 3 (Beaumont) before Judge Marcia A. Crone. (psl, ) (Entered: 4/14/2009) |
| 4/17/2009 | 49 | NOTICE OF HEARING as to Mark Isaac Snarr, Edgar Baltazar GarciaDefense Budget Meeting rescheduled for 4/24/2009 03:00 PM in Ctrm 3 (Beaumont) before Judge Marcia A. Crone. (psl, ) (Entered: 4/17/2009) |
| 4/24/2009 | | Minute Entry for proceedings held before Judge Marcia A. Crone:In Chambers Conference as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 4/24/2009 (psl, ) (Entered: 4/27/2009) |
| 7/16/2009 | | CJA30 authorizing compensation to Robert Morrow for representation as to Edgar Garcia signed by Judge Crone and forwarded to Tyler for payment. (psl, ) (Entered: 7/16/2009) |
| 7/22/2009 | | SEALED CJA30: Authorization to Pay Robert Morrow in Death Penalty Proceedings as to Edgar Baltazar Garcia. Voucher #090722000005. Signed by Judge Marcia A. Crone on 06/17/09. (bsp) (Entered: 8/5/2009) |
| 8/31/2009 | | SEALED CJA31: Authorization to Pay Client Advocacy Group, LLC in Death Penalty Proceedings regarding Edgar Garcia for services rendered. Signed by Judge Marcia A. Crone on 8/27/09 (psl, ) (Entered: 8/31/2009) |
| 9/10/2009 | | Minute Entry for proceedings held before Judge Marcia A. Crone:Telephone Conference as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 9/10/2009 (psl, ) (Entered: 9/10/2009) |
| 9/10/2009 (p.81) | 57 | AMENDED SCHEDULING ORDER as to Mark Isaac Snarr, Edgar Baltazar Garcia. Pretrial Conference is set for 3/29/2010 10:00 AM in Ctrm 3 (Beaumont) before Judge Marcia A. Crone. Signed by Judge Marcia A. Crone on 9/10/09. (mrp, ) (Entered: 9/10/2009) |
| 10/30/2009 (p.86) | 68 | Minute Entry for proceedings held before Judge Marcia A. Crone:Status Conference as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 10/30/2009. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 11/2/2009) |
| 11/3/2009 (p.87) | 73 | SECOND AMENDED SCHEDULING ORDER as to Mark Isaac Snarr and Edgar Baltazar Garcia. Signed by Judge Marcia A. Crone on 11/3/09. (mrp, ) (Entered: 11/4/2009) |
| 11/4/2009 (p.92) | 74 | MOTION *JOINT Motion to Order Disclosure of Evidence Concerning Prison Officers Disciplined* by Mark Snarr and Edgar Baltazar Garcia. (Attachments: # |

| | | |
|---|---|---|
| | | (1) Proposed Order)(Bourque, Gerald) (Entered: 11/4/2009) |
| 11/4/2009 (p.98) | 76 | JOINT ORDER regarding [74] Motion to Order Disclosure of Evidence Concerning Prison Officers Disciplined as to Edgar Baltazar Garcia (2) and Mark Snarr (1). Signed by Judge Marcia A. Crone on 11/4/09. (mrp, ) (Entered: 11/5/2009) |
| 11/9/2009 *1 sealed envelope* | 80 | Sealed Transcript Ex Parte Hearing Continued (tj, ) (Entered: 11/9/2009) |
| 11/10/2009 | | SEALED CJA24 as to Edgar Baltazar Garcia: Authorization to Pay Tonya Jackson $89.10 for Transcript, Voucher #091110000049. Signed by Judge Marcia A. Crone on 11/04/09.(bsp) (Entered: 12/9/2009) |
| 11/20/2009 (p.100) | 83 | MOTION GOVERNMENTS MOTION TO USE ELECTRONIC RESTRAINING DEVICE by USA as to Edgar Baltazar Garcia. (Attachments: # (1) Text of Proposed Order)(Batte, Joseph) (Additional attachment(s) added on 11/24/2009: # (2) certificate of conference) (mrp, ). (Entered: 11/20/2009) |
| 11/23/2009 (p.121) | 84 | Opposed MOTION to Sever Defendant by Edgar Baltazar Garcia. (Attachments: # (1) Proposed Order)(Bourque, Gerald) (Entered: 11/23/2009) |
| 11/23/2009 (p.153) | 85 | Unopposed MOTION *for Extension of TIme to Provide Notice of Mental Health Evidence* by Edgar Baltazar Garcia. (Attachments: # (1) Proposed Order)(Bourque, Gerald) (Entered: 11/23/2009) |
| 11/30/2009 (p.157) | 89 | ORDER granting [85] Motion for Extension of Time to Provide Notice of Mental Health Evidence as to Edgar Baltazar Garcia (2). Defendant shall give written notice to the Government of mental health evidence on or before 12/7/09. Signed by Judge Marcia A. Crone on 11/24/09. (mrp, ) (Entered: 11/30/2009) |
| 11/30/2009 (p.158) | 94 | RESPONSE to Motion by USA as to Edgar Baltazar Garcia re [84] Opposed MOTION to Sever Defendant (Attachments: # (1) Text of Proposed Order)(Batte, Joseph) (Entered: 11/30/2009) |
| 12/9/2009 (p.174) | 95 | MOTION *Motion to Require Gov'* by Edgar Baltazar Garcia. (Attachments: # (1) Proposed Order)(Bourque, Gerald) (Entered: 12/9/2009) |
| 12/9/2009 (p.178) | 96 | MOTION *to Prevent Defendant from Being Shackled in Public* by Edgar Baltazar Garcia. (Attachments: # (1) Proposed Order)(Bourque, Gerald) (Entered: 12/9/2009) |
| 12/9/2009 (p.184) | 97 | MOTION *to Allow Defendant to Appear at Trial in Civilian Clothes* by Edgar Baltazar Garcia. (Attachments: # (1) Proposed Order)(Bourque, Gerald) (Entered: 12/9/2009) |
| 12/9/2009 (p.190) | 98 | MOTION *in Limine - Prior Convictions* by Edgar Baltazar Garcia. (Attachments: # (1) Proposed Order)(Bourque, Gerald) (Entered: 12/9/2009) |
| 12/9/2009 (p.194) | 99 | MOTION *to Submit Requested Instruction to Jury Panel by Court* by Edgar Baltazar Garcia. (Attachments: # (1) Proposed Order)(Bourque, Gerald) (Entered: |

USCA5 6

| | | |
|---|---|---|
| | | 12/9/2009) |
| 12/9/2009 (p.199) | 100 | MOTION *for Separate Examination of Panel* by Edgar Baltazar Garcia. (Attachments: # (1) Proposed Order)(Bourque, Gerald) (Entered: 12/9/2009) |
| 12/9/2009 (p.202) | 101 | MOTION *to Exercise Peremptory Challenges* by Edgar Baltazar Garcia. (Attachments: # (1) Proposed Order)(Bourque, Gerald) (Entered: 12/9/2009) |
| 12/9/2009 (p.205) | 102 | ORDER as to Mark Isaac Snarr, Edgar Baltazar Garcia. The status conference set for 2/16/10 is rescheduled for Monday, February 1, 2010 at 10:00 AM in Ctrm 3 (Beaumont) before Judge Marcia A. Crone. Signed by Judge Marcia A. Crone on 12/9/09. (mrp, ) (Entered: 12/9/2009) |
| 12/9/2009 (p.206) | 103 | MOTION *for Leave to File Additional Pre-Trial and Trial Motions* by Edgar Baltazar Garcia. (Attachments: # (1) Proposed Order)(Bourque, Gerald) (Entered: 12/9/2009) |
| 12/9/2009 (p.209) | 104 | MOTION *for Court Reporter to Record Proceedings* by Edgar Baltazar Garcia. (Attachments: # (1) Proposed Order)(Bourque, Gerald) (Entered: 12/9/2009) |
| 12/9/2009 (p.213) | 105 | MOTION *to Preclude Law Enforcement Attending Proceedings* by Edgar Baltazar Garcia. (Attachments: # (1) Proposed Order)(Bourque, Gerald) (Entered: 12/9/2009) |
| 12/9/2009 (p.219) | 106 | MOTION *for Production of Evidence Favorable to Defendant (Brady)* by Edgar Baltazar Garcia. (Attachments: # (1) Proposed Order)(Bourque, Gerald) (Entered: 12/9/2009) |
| 12/9/2009 (p.234) | 107 | MOTION *Rule 404(b)* by Edgar Baltazar Garcia. (Attachments: # (1) Proposed Order)(Bourque, Gerald) (Entered: 12/9/2009) |
| 12/9/2009 (p.238) | 108 | MOTION to Continue by Edgar Baltazar Garcia. (Attachments: # (1) Proposed Order)(Bourque, Gerald) (Entered: 12/9/2009) |
| 12/9/2009 (p.247) | 109 | MOTION *to Require Government to Disclose Immunity, etc.* by Edgar Baltazar Garcia. (Attachments: # (1) Proposed Order)(Bourque, Gerald) (Entered: 12/9/2009) |
| 12/10/2009 (p.255) | 125 | RESPONSE in Opposition by Edgar Baltazar Garcia re [83] MOTION GOVERNMENTS MOTION TO USE ELECTRONIC RESTRAINING DEVICE (Attachments: # (1) Proposed Order)(Bourque, Gerald) (Entered: 12/10/2009) |
| 12/15/2009 (p.267) | 126 | ORDER denying [108] Motion to Continue as to Edgar Baltazar Garcia (2). Signed by Judge Marcia A. Crone on 12/15/09. (mrp, ) (Entered: 12/16/2009) |
| 12/15/2009 (p.268) | 128 | ORDER as to Mark Isaac Snarr, Edgar Baltazar Garcia. Jury Trial is set for 5/3/2010 09:00 AM in Ctrm 3 (Beaumont) before Judge Marcia A. Crone. All other proceedings shall be governed by the Second Amended Scheduling Order signed on 11/3/09. Signed by Judge Marcia A. Crone on 12/15/09. (mrp, ) (Entered: 12/16/2009) |

| Date | No. | Description |
|---|---|---|
| 12/17/2009 (p.269) | 129 | ORDER granting [97] Motion to Allow Defendant to Appear at Trial in Civilian Clothes and Funds for Such Suitable Courtroom Attire as to Edgar Baltazar Garcia (2). The court approves the expenditure of $500.00 for counsel to secure such clothing. Signed by Judge Marcia A. Crone on 12/17/09. (mrp, ) (Entered: 12/17/2009) |
| 12/17/2009 (p.270) | 130 | ORDER granting [103] Motion for Leave to File Additional Pre-Trial and Trial Motions as to Edgar Baltazar Garcia (2). Upon a showing of good cause, Defendant is permitted to file additional pre-trial motions or trial motions as necessary to protecthis right to a fair trial. Signed by Judge Marcia A. Crone on 12/17/09. (mrp, ) (Entered: 12/17/2009) |
| 12/17/2009 (p.271) | 131 | ORDER granting [96] Motion to Prevent Defendant from being shackled in public as to Edgar Baltazar Garcia (2). It is ordered that Defendant shall not be shackled during court proceedings before the jury. Signed by Judge Marcia A. Crone on 12/17/09.(mrp, ) (Entered: 12/17/2009) |
| 12/17/2009 (p.272) | 136 | ***MOTION TERMINATED; INCORRECT DATE IN CERTIFICATE OF SERVICE. ATTY NOTIFIED AND WILL REFILE***<br><br>MOTION *to Allow Acces to Inspect* by Edgar Baltazar Garcia. (Attachments: # (1) Proposed Order)(Bourque, Gerald) Modified on 12/17/2009 (mrp, ). (Entered: 12/17/2009) |
| 12/17/2009 (p.276) | 139 | ORDER granting [107] Motion to Note Rule 404(b) Request as to Edgar Baltazar Garcia (2). Signed by Judge Marcia A. Crone on 12/17/09. (mrp, ) (Entered: 12/21/2009) |
| 12/17/2009 (p.277) | 140 | ORDER granting [104] Motion for the Court to Direct the Court Reporter to Record Proceedings as to Edgar Baltazar Garcia (2). Signed by Judge Marcia A. Crone on 12/17/09. (mrp, ) (Entered: 12/21/2009) |
| 12/17/2009 (p.278) | 141 | ORDER granting [101] Motion to Exercise the Peremptory Challenges After Conclusion of Juror Qualification as to Edgar Baltazar Garcia (2). Signed by Judge Marcia A. Crone on 12/17/09. (mrp, ) (Entered: 12/21/2009) |
| 12/17/2009 (p.279) | 142 | ORDER granting [100] Motion for Separate Examination of Panel as to Edgar Baltazar Garcia (2). In accordance with the Second Amended Scheduling Order, individual voir dire is set to commence on Monday, 4/12/10. Signed by Judge Marcia A. Crone on 12/17/09. (mrp, ) (Entered: 12/21/2009) |
| 12/18/2009 (p.280) | 143 | MEMORANDUM AND ORDER granting [83] Motion to Use Electronic Restraining Device as to Edgar Baltazar Garcia (2). It is ordered that Garcia shall wear an electronic restraining device during any appearance in court and while being transported to and from the courtroom and the cellblock. Signed by Judge Marcia A. Crone on 12/18/09. (mrp, ) (Entered: 12/21/2009) |
| 12/21/2009 (p.283) | 149 | Amended MOTION *to Allow Access to Inspect* by Edgar Baltazar Garcia. (Attachments: # (1) Proposed Order)(Bourque, Gerald) (Entered: 12/21/2009) |
| | 150 | |

USCA5 8

| | | |
|---|---|---|
| 12/21/2009 (p.287) | | ORDER granting [149] Motion to Allow Defense Team Access to Inspect and Photograph Prison Grounds as to Edgar Baltazar Garcia (2). Signed by Judge Marcia A. Crone on 12/21/09. (mrp, ) (Entered: 12/23/2009) |
| 12/22/2009 (p.288) | 151 | MEMORANDUM AND ORDER denying [86] & [84] Motions to Sever Defendant as to Mark Isaac Snarr (1) and Edgar Baltazar Garcia (2). The court finds that Defendants have failed to demonstrate that they will suffer compelling prejudice or that there is a serious risk that a specific trial right will be compromised by the continued joinder of the defendants. The court is of the opinion that several of Defendants' concerns can be addressed by providing appropriate cautionary instructions to the jury. Signed by Judge Marcia A. Crone on 12/22/09. (mrp, ) (Entered: 12/23/2009) |
| 12/23/2009 (p.305) | 152 | ORDER granting in part [99] Motion to Submit Requested Instruction to Jury Panel by Court as to Edgar Baltazar Garcia (2). The court will orally instruct the jury panel during general voir dire as to the appropriate conduct of the jury in the instance matter, conveying the general substance as that proposed, but not utilizing the identical language as that suggested by Defendant. The court will repeat these instructions to the jury ultimately empaneled during its preliminary instructions. Signed by Judge Marcia A. Crone on 12/23/09. (mrp, ) (Entered: 12/23/2009) |
| 12/29/2009 (p.306) | 154 | MOTION *to Extend Deadlines for Responses to Guilt/Innocence Pre-Trial Motions* by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia. (Attachments: # (1) Text of Proposed Order)(Batte, Joseph) (Entered: 12/29/2009) |
| 12/31/2009 (p.310) | 160 | RESPONSE to Motion by USA as to Edgar Baltazar Garcia re [106] MOTION *for Production of Evidence Favorable to Defendant (Brady)* (Attachments: # (1) Text of Proposed Order)(Batte, Joseph) (Entered: 12/31/2009) |
| 12/31/2009 (p.319) | 161 | RESPONSE to Motion by USA as to Edgar Baltazar Garcia re [105] MOTION *to Preclude Law Enforcement Attending Proceedings* (Attachments: # (1) Text of Proposed Order)(Batte, Joseph) (Entered: 12/31/2009) |
| 12/31/2009 (p.323) | 162 | RESPONSE to Motion by USA as to Edgar Baltazar Garcia re [109] MOTION *to Require Government to Disclose Immunity, etc.* (Attachments: # (1) Text of Proposed Order)(Batte, Joseph) (Entered: 12/31/2009) |
| 12/31/2009 (p.326) | 163 | RESPONSE to Motion by USA as to Edgar Baltazar Garcia re [95] MOTION *Motion to Require Gov' to List Witnesses* (Attachments: # (1) Text of Proposed Order)(Batte, Joseph) (Entered: 12/31/2009) |
| 12/31/2009 (p.329) | 164 | RESPONSE to Motion by USA as to Edgar Baltazar Garcia re [98] MOTION *in Limine - Prior Convictions* (Attachments: # (1) Text of Proposed Order)(Batte, Joseph) (Entered: 12/31/2009) |
| 1/4/2010 (p.333) | 165 | ORDER granting [154] Motion to Extend Deadlines for Responses to Guilt/Innocence Pre-Trial Motions as to Mark Isaac Snarr (1), Edgar Baltazar Garcia (2). The Government shall file its responses with the court on or before 1/4/10. Signed by Judge Marcia A. Crone on 12/31/09. (mrp, ) (Entered: 1/4/2010) |

| | | |
|---|---|---|
| 1/4/2010 (p.334) | 166 | ORDER denying as moot [109] Motion to Require Government to Disclose Immunity as to Edgar Baltazar Garcia (2). The Second Amended Scheduling Order already set an appropriate deadline of 3/26/10, for the Government to disclose Giglio and Jencks Act materials. Signed by Judge Marcia A. Crone on 1/4/10. (mrp, ) (Entered: 1/4/2010) |
| 1/5/2010 (p.335) | 168 | ORDER denying [95] Motion to Require the Government to List Witnesses and Provide Criminal Histories filed by Edgar Baltazar Garcia (2). Accordingly, Defendant's motion is denied with respect to his request that the Government provide a criminal history for each witness. Signed by Judge Marcia A. Crone on 1/5/10. (mrp, ) (Entered: 1/5/2010) |
| 1/7/2010 | | CJA30 authorizing compensation to Robert Morrow for representation as to Edgar Garcia signed by Judge Crone and forwarded to Tyler for payment. (psl, ) (Entered: 1/7/2010) |
| 1/12/2010 | | NOTICE OF HEARING as to Mark Isaac Snarr, Edgar Baltazar Garcia Status Conference set for 2/1/2010 10:00 AM in Ctrm 3 (Beaumont) before Judge Marcia A. Crone. (psl, ) (Entered: 1/12/2010) |
| 1/15/2010 | | SEALED CJA30: Authorization to Pay Robert Morrow in Death Penalty Proceedings as to Edgar Baltazar Garcia. Voucher #100115000010. Signed by Judge Marcia A. Crone on 01/06/10. (bsp) (Entered: 2/11/2010) |
| 1/19/2010 (p.337) | 170 | ORDER Directing Availability of Counsel as to Mark Isaac Snarr, Edgar Baltazar Garcia. Defense counsel are directed to make every reasonable effort not to begin the trial of any other case or contested matter during this time of pretrial preparation and the beginning of trial herein and are directed to seek any reasonable continuance of other contested matters to comply with this directive. Signed by Judge Marcia A. Crone on 1/15/10. (mrp, ) (Entered: 1/19/2010) |
| 1/29/2010 (p.339) | 171 | MOTION for Discovery by Mark Isaac Snarr, Edgar Baltazar Garcia. (Attachments: # (1) Affidavit, # (2) Text of Proposed Order)(Barlow, Douglas) (Entered: 1/29/2010) |
| 1/31/2010 (p.354) | 172 | MOTION for Discovery of PSR by Mark Isaac Snarr, Edgar Baltazar Garcia. (Attachments: # (1) Text of Proposed Order)(Barlow, Douglas) (Entered: 1/31/2010) |
| 2/1/2010 (p.364) | 173 | Order Clarifying Prior Order Regarding Disclosure of Evidence Concerning Prison Officers as to Mark Isaac Snarr, Edgar Baltazar Garcia. Signed by Judge Marcia A. Crone on 2/1/10. (mrp, ) (Entered: 2/1/2010) |
| 2/1/2010 (p.365) | 174 | ORDER denying [105] Motion To Preclude Uniformed Officers from Attending the Proceedings Against Defendant as to Edgar Baltazar Garcia (2).Signed by Judge Marcia A. Crone on 2/1/10. (mrp, ) (Entered: 2/1/2010) |
| 2/1/2010 (p.366) | 175 | ORDER denying [98] Motion in Limine - Prior Conviction as to Edgar Baltazar Garcia (2). Signed by Judge Marcia A. Crone on 2/1/10. (mrp, ) (Entered: 2/1/2010) |

USCA5 10

| | | |
|---|---|---|
| 2/1/2010 (p.367) | 176 | SCHEDULING ORDER as to Mark Isaac Snarr, Edgar Baltazar Garcia. Status Conference is set for 3/5/2010 10:00 AM in Ctrm 3 (Beaumont) before Judge Marcia A. Crone. Jury Trial set for 5/3/10 at 9:00 a.m. before Judge Marcia A. Crone. Signed by Judge Marcia A. Crone on 2/1/10. (mrp, ) (Entered: 2/1/2010) |
| 2/1/2010 (p.372) | 179 | Minute Entry for proceedings held before Judge Marcia A. Crone:Status Conference as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 2/1/2010. Counsel for all parties present. Motions presented. Judge announced that parties agreed to work out arrangements regarding the motions and report back to court on 3/5/10. Judge indicated that Mental Health Reports are due 2/26/10. Defts remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 2/4/2010) |
| 2/9/2010 (p.373) | 180 | RESPONSE to Motion by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia re [172] MOTION for Discovery of PSR (Attachments: # (1) Text of Proposed Order)(Batte, Joseph) (Entered: 2/9/2010) |
| 2/9/2010 (p.377) | 181 | RESPONSE to Motion by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia re [171] MOTION for Discovery (Attachments: # (1) Text of Proposed Order)(Batte, Joseph) (Entered: 2/9/2010) |
| 2/16/2010 (p.380) | 182 | MOTION in Limine by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia. (Attachments: # (1) Text of Proposed Order)(Batte, Joseph) (Entered: 2/16/2010) |
| 2/16/2010 (p.385) | 186 | MOTION *to Introduce Testimony of Family* by Edgar Baltazar Garcia. (Attachments: # (1) Text of Proposed Order)(Barlow, Douglas) (Entered: 2/16/2010) |
| 2/16/2010 (p.396) | 187 | MOTION to Declare DP Unconstitutional by Edgar Baltazar Garcia. (Attachments: # (1) Text of Proposed Order)(Barlow, Douglas) (Entered: 2/16/2010) |
| 2/16/2010 (p.415) | 188 | MOTION to Exercise Right of Allocution by Edgar Baltazar Garcia. (Attachments: # (1) Text of Proposed Order)(Barlow, Douglas) (Entered: 2/16/2010) |
| 2/16/2010 (p.424) | 189 | ORDER as to Mark Isaac Snarr, Edgar Baltazar Garcia. Status Conference currently set for 3/5/10 is rescheduled for 3/4/2010 09:00 AM in Ctrm 3 (Beaumont) before Judge Marcia A. Crone. Signed by Judge Marcia A. Crone on 2/16/10. (mrp, ) (Entered: 2/16/2010) |
| 2/17/2010 | | NOTICE OF HEARING as to Mark Isaac Snarr, Edgar Baltazar Garcia Status Conference set for 3/4/2010 09:00 AM in Ctrm 3 (Beaumont) before Judge Marcia A. Crone. (psl, ) (Entered: 2/17/2010) |
| 2/23/2010 (p.425) | 199 | RESPONSE to Motion by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia re [188] MOTION to Exercise Right of Allocution, [185] MOTION to Exercise Right of Allocution (Attachments: # (1) Text of Proposed Order)(Batte, Joseph) (Entered: 2/23/2010) |
| | 203 | |

| | | |
|---|---|---|
| 2/24/2010 (p.428) | | ORDER denying [188] Motion to Introduce Defedant's Statement of Allocution as to Edgar Baltazar Garcia (2). Signed by Judge Marcia A. Crone on 2/24/10. (mrp, ) (Entered: 2/24/2010) |
| 2/25/2010 | | CJA30 authorizing compensation to Gerald Bourque for representation as to Edgar Garcia signed by Judge Crone and forwarded to the Fifth Circuit Court of Appeals for approval. (psl, ) (Entered: 2/25/2010) |
| 2/26/2010 | | Authorization to Pay Richard Cerventes in Death Penalty Proceedings regarding Edgar Garcia for services rendered. Signed by Judge Marcia A. Crone on 2/26/2010. (psl, ) (Entered: 2/26/2010) |
| 2/26/2010 | | Authorization to Pay Gradoni & Associates in Death Penalty Proceedings regarding Edgar Garcia for services rendered. Signed by Judge Marcia A. Crone on 2/26/10. (psl, ) (Entered: 2/26/2010) |
| 2/26/2010 | | Authorization to Pay Client Advocacy Group in Death Penalty Proceedings regarding Edgar Garcia for services rendered. Signed by Judge Marcia A. Crone on 2/26/10. (psl, ) (Entered: 2/26/2010) |
| 2/26/2010 | | Authorization to Pay Client Advocacy Group, LLC in Death Penalty Proceedings regarding Edgar Garcia for services rendered. Signed by Judge Marcia A. Crone on 2/26/10. (psl, ) (Entered: 2/26/2010) |
| 2/26/2010 | | Authorization to Pay Brams & Associates in Death Penalty Proceedings regarding Edgar Garcia for services rendered. Signed by Judge Marcia A. Crone on 2/26/10. (psl, ) (Entered: 2/26/2010) |
| 2/26/2010 | | Authorization to Pay Richard Cerventes in Death Penalty Proceedings regarding Edgar Garcia for services rendered. Signed by Judge Marcia A. Crone on 2/26/10. (psl, ) (Entered: 2/26/2010) |
| 3/2/2010 (p.429) | 207 | RESPONSE to Motion by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia re [184] MOTION to Declare DP Unconstitutional, [187] MOTION to Declare DP Unconstitutional (Attachments: # (1) Text of Proposed Order)(Batte, Joseph) (Entered: 3/2/2010) |
| 3/3/2010 (p.433) | 208 | MOTION for Discovery *(Additional)* by Mark Isaac Snarr as to Mark Isaac Snarr, Edgar Baltazar Garcia. (Attachments: # (1) Text of Proposed Order)(Barlow, Douglas) (Entered: 3/3/2010) |
| 3/3/2010 (p.446) | 209 | First MOTION *To Maintain Confidentiality* by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia. (Attachments: # (1) Text of Proposed Order)(Batte, Joseph) (Entered: 3/3/2010) |
| 3/3/2010 (p.452) | 210 | RESPONSE to Motion by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia re [183] MOTION to Introduce Testimony of Family, [186] MOTION *to Introduce Testimony of Family* (Attachments: # (1) Text of Proposed Order)(Batte, Joseph) (Entered: 3/3/2010) |
| 3/4/2010 | | |

| | | |
|---|---|---|
| | | CJA30 authorizing compensation to Gerald Bourque for representation as to Edgar Garcia signed by Judge Crone and forwarded to the Fifth Circuit Court of Appeals for approval. (psl, ) (Entered: 3/4/2010) |
| 3/4/2010 | | CJA30 authorizing compensation to Gerald Bourque for representation as to Edgar Garcia signed by Judge Crone and forwarded to the Fifth Circuit Court of Appeals for approval. (psl, ) (Entered: 3/4/2010) |
| 3/4/2010 (p.456) | 211 | MEMORANDUM AND ORDER denying [187] Motion for Declaration that Federal Death Penalty Act is Unconstitutional as to Edgar Baltazar Garcia (2). Signed by Judge Marcia A. Crone on 3/4/10. (mrp, ) (Entered: 3/4/2010) |
| 3/5/2010 (p.459) | 213 | Unopposed MOTION for Extension of Time to File Response/Reply *to Motion in Limine* by Mark Isaac Snarr, Edgar Baltazar Garcia. (Attachments: # (1) Text of Proposed Order)(Barlow, Douglas) (Entered: 3/5/2010) |
| 3/8/2010 | | SEALED CJA31: Authorization to Pay Craig Haney in Death Penalty Proceedings regarding Edgar Garcia for services rendered. Signed by Judge Marcia A. Crone on 3/4/10. (psl, ) (Entered: 3/8/2010) |
| 3/8/2010 (p.463) | 216 | ORDER granting [209] Motion to Maintain Confidentiality of Federal Bureau of Prisons' Files Produced for Discovery as to Mark Isaac Snarr (1), Edgar Baltazar Garcia (2). The parties shall submit an agreed order for the court's approval. Signed by Judge Marcia A. Crone on 3/8/10. (mrp, ) (Entered: 3/8/2010) |
| 3/8/2010 (p.464) | 217 | ORDER denying as moot [172] Motion for the Release of Gabriel Rhone's PSR as to Mark Isaac Snarr (1), Edgar Baltazar Garcia (2). Signed by Judge Marcia A. Crone on 3/8/10. (mrp, ) (Entered: 3/9/2010) |
| 3/8/2010 (p.465) | 218 | ORDER granting [213] Motion for Extension of Time to File Response to Motion in Limine as to Mark Isaac Snarr (1), Edgar Baltazar Garcia (2). Defendants shall file their responses with the court on or before 3/12/10. Signed by Judge Marcia A. Croneon 3/8/10. (mrp, ) (Entered: 3/9/2010) |
| 3/8/2010 (p.466) | 219 | ORDER granting in part and denying in part [120] Motion for Release of Brady Materials as to Mark Isaac Snarr and (1); granting in part and denying in part [106] Motion for Production of Exculpatory Evidence as to Edgar Baltazar Garcia (2). Signed by Judge Marcia A. Crone on 3/8/10. (mrp, ) (Entered: 3/9/2010) |
| 3/9/2010 (p.468) | 221 | FOURTH AMENDED SCHEDULING ORDER as to Mark Isaac Snarr, Edgar Baltazar Garcia. Jury Trial set for 5/3/2010 09:00 AM in Ctrm 3 (Beaumont) before Judge Marcia A. Crone. Pretrial Conference set for 3/29/2010 10:00 AM in Ctrm 3 (Beaumont) before Judge Marcia A. Crone.Signed by Judge Marcia A. Crone on 3/9/10. (mrp, ) (Entered: 3/10/2010) |
| 3/9/2010 (p.473) | 222 | ORDER on Trial Procedure and Revised Scheduling as to Mark Isaac Snarr, Edgar Baltazar Garcia. Jury Selection set for 4/6/2010 10:00 AM in Ctrm 1 (Beaumont) before Judge Marcia A. Crone. Signed by Judge Marcia A. Crone on 3/9/10. (mrp, ) (Entered: 3/10/2010) |
| | 223 | |

| Date | No. | Description |
|---|---|---|
| 3/11/2010 (p.488) | | Proposed Jury Instructions by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia (Batte, Joseph) (Entered: 3/11/2010) |
| 3/12/2010 (p.502) | 224 | RESPONSE to Motion by Mark Isaac Snarr, Edgar Baltazar Garcia re [182] MOTION in Limine (Attachments: # (1) Text of Proposed Order)(Barlow, Douglas) (Entered: 3/12/2010) |
| 3/15/2010 (p.512) | 225 | PROTECTIVE ORDER as to Mark Isaac Snarr, Edgar Baltazar Garcia. Signed by Judge Marcia A. Crone on 3/15/2010. (bjc, ) (Entered: 3/15/2010) |
| 3/15/2010 (p.514) | 226 | ORDER denying [183] and [186] Motions to introduce the testimony of defendant's family and friends. Defendants are not permitted to elicit mitigating testimony by family or friends as to whether they think Defendants should be executed and whatthe impact would be on them if Defendants were convicted and ultimately executed. Signed by Judge Marcia A. Crone on 3/15/2010. (bjc, ) (Entered: 3/15/2010) |
| 3/23/2010 (p.516) | 227 | WITNESS LIST by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia (Batte, Joseph) (Entered: 3/23/2010) |
| 3/23/2010 (p.520) | 229 | WITNESS LIST by Edgar Baltazar Garcia (Bourque, Gerald) (Entered: 3/23/2010) |
| 3/25/2010 (p.533) | 231 | WITNESS LIST by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia (Batte, Joseph) (Entered: 3/25/2010) |
| 3/29/2010 (p.538) | 232 | Proposed Jury Instructions by Mark Isaac Snarr, Edgar Baltazar Garcia (Barlow, Douglas) (Entered: 3/29/2010) |
| 3/29/2010 (p.569) | 233 | MOTION Objection to Filing Witness List by Mark Isaac Snarr, Edgar Baltazar Garcia. (Attachments: # (1) Text of Proposed Order)(Barlow, Douglas) (Entered: 3/29/2010) |
| 3/29/2010 (p.575) | 234 | Minute Entry for proceedings held before Judge Marcia A. Crone: Status Conference as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 3/29/2010. Counsel for both sides addressed the court regarding times for general and individual voir dire, juror excuses and the questionnaire. Judge addressed counsel re Defendant's Motion for Additional Discovery and denied it. Defts remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 3/31/2010) |
| 3/31/2010 (p.576) | 239 | ORDER granting [233] Motion as to Mark Isaac Snarr (1), Edgar Baltazar Garcia (2). Accordingly, at the close of the government's case in chief, Defendants shall submit to the court an exhibit list and two copies of all exhibits expected to be introduced. Signed by Judge Marcia A. Crone on 3/31/10. (mrp, ) (Entered: 4/1/2010) |
| 4/1/2010 (p.577) | 238 | ORDER denying [171] & [208] Motions for Additional Discovery Concerning the Federal Bureau of Prisons as to Mark Isaac Snarr (1), Edgar Baltazar Garcia (2). Signed by Judge Marcia A. Crone on 3/31/10. (mrp, ) (Entered: 4/1/2010) |
| | 240 | |

| | | |
|---|---|---|
| 4/1/2010 (p.578) | | ORDER as to Mark Isaac Snarr, Edgar Baltazar Garcia. Attorneys for both the Government and the Defendants stated to the court that they have reviewed the Jury Questionnnaire and have no objections to its form or content. Accordingly, the court orders this Jury Questionnaire be entered into the docket of the instant criminal action. Signed by Judge Marcia A. Crone on 4/1/10. (mrp, ) (Entered: 4/2/2010) |
| 4/1/2010 (p.607) | 241 | ORDER granting [182] Motion in Limine as to Mark Isaac Snarr (1), Edgar Baltazar Garcia (2). Accordingly, Defense counsel is ordered to approach the bench before attempting to introduce any evidence on the matters listed in the Government's motion so that a ruling as to admissability may be made at that time. Signed by Judge Marcia A. Crone on 4/1/10. (mrp, ) (Entered: 4/2/2010) |
| 4/1/2010 (p.608) | 245 | PROCEDURE OF GENERAL VOIR DIRE AND QUESTIONNAIRES ORDER as to Mark Isaac Snarr, Edgar Baltazar Garcia. Signed by Judge Marcia A. Crone on 4/1/10. (mrp, ) (Entered: 4/5/2010) |
| 4/5/2010 (p.611) | 246 | Second MOTION to Continue by Mark Isaac Snarr, Edgar Baltazar Garcia. (Attachments: # (1) Text of Proposed Order)(Barlow, Douglas) (Entered: 4/5/2010) |
| 4/5/2010 (p.620) | 247 | ORDER denying [246] Motion to Continue as to Mark Isaac Snarr (1), Edgar Baltazar Garcia (2). Trial shall commence on 5/3/10. Signed by Judge Marcia A. Crone on 4/5/10. (mrp, ) (Entered: 4/6/2010) |
| 4/5/2010 | | SEALED CJA30: Authorization to Pay Robert Morrow III in Death Penalty Proceedings as to Edgar Baltazar Garcia. Voucher #100405000007. Signed by Judge Marcia A. Crone on 03/26/10.(bsp) (Entered: 5/11/2010) |
| 4/5/2010 | | SEALED CJA30: Authorization to Pay Gerald Bourque in Death Penalty Proceedings as to Edgar Baltazar Garcia. Voucher #100405000008. Signed by Judge Marcia A. Crone on 03/26/10.(bsp) (Entered: 5/11/2010) |
| 4/5/2010 | | SEALED CJA30: Authorization to Pay Robert Morrow III in Death Penalty Proceedings as to Edgar Baltazar Garcia. Voucher #100405000009. Signed by Judge Marcia A. Crone on 03/26/10.(bsp) (Entered: 5/11/2010) |
| 4/6/2010 (p.623) | 248 | Minute Entry for proceedings held before Judge Marcia A. Crone: FIRST day jury selection. General Voir Dire held on 4/6/2010 for Mark Isaac Snarr and Edgar Baltazar Garcia on Count 1. Defts and counsel present. Court addressed jury panel and gave opening remarks. Questioning of prospective jurors commenced. Defts remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 4/7/2010) |
| 4/7/2010 (p.626) | 250 | Minute Entry for proceedings held before Judge Marcia A. Crone: SECOND DAY General Voir Dire held on 4/7/2010 as to Mark Isaac Snarr, Edgar Baltazar Garcia. All parties present w/cnsl. Court gives opening remarks and counsel for defts addressed the jurors. Questionnaires completed and court began questioning jurors. Court adjourned and defts remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 4/9/2010) |

| 4/10/2010 (p.628) | 254 | TRIAL BRIEF by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia (Batte, Joseph) (Entered: 4/10/2010) |
|---|---|---|
| 4/12/2010 (p.645) | 255 | Minute Entry for proceedings held before Judge Marcia A. Crone: Individual Voir Dire THIRD day Jury Selection held on 4/12/2010 as to Mark Isaac Snarr, Edgar Baltazar Garcia. Jurors questioned by counsel. Defts remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 4/15/2010) |
| 4/13/2010 (p.648) | 256 | Minute Entry for proceedings held before Judge Marcia A. Crone: Individual Voir Dire FOURTH day Jury Selection held on 4/13/2010 as to Mark Isaac Snarr, Edgar Baltazar Garcia. Defts and counsel present, jurors questioned. Defts remanded to custodyof USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 4/15/2010) |
| 4/14/2010 (p.651) | 257 | Minute Entry for proceedings held before Judge Marcia A. Crone: FIFTH day of Individual Voir Dire held on 4/14/2010 as to Mark Isaac Snarr, Edgar Baltazar Garcia. Deft appeared w/cnsl. Questioning of jurors by counsel continued. Deft remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 4/15/2010) |
| 4/15/2010 (p.654) | 258 | Minute Entry for proceedings held before Judge Marcia A. Crone: SIXTH day Individual Voir Dire held on 4/15/2010 as to Mark Isaac Snarr, Edgar Baltazar Garcia. Counsel for all parties present. Jurors questioned. Defts remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 4/16/2010) |
| 4/16/2010 (p.657) | 261 | Minute Entry for proceedings held before Judge Marcia A. Crone: SEVENTH day Individual Voir Dire held on 4/16/2010 as to Mark Isaac Snarr, Edgar Baltazar Garcia. Counsel for both sides present, questioning of potential jurors continued. Defts remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 4/20/2010) |
| 4/19/2010 (p.660) | 259 | MOTION *to Dismiss Death Penalty Due to Inadequate Funding* by Edgar Baltazar Garcia. (Attachments: # (1) Text of Proposed Order, # (2) Appendix)(Bourque, Gerald) (Entered: 4/19/2010) |
| 4/19/2010 (p.821) | 260 | MOTION Motion to Unseal Certain Previously-Sealed Documents re [259] MOTION *to Dismiss Death Penalty Due to Inadequate Funding* by Edgar Baltazar Garcia. (Attachments: # (1) Text of Proposed Order)(Bourque, Gerald) (Entered: 4/19/2010) |
| 4/19/2010 (p.825) | 264 | Minute Entry for proceedings held before Judge Marcia A. Crone: EIGHTH day Individual Voir Dire held on 4/19/2010 as to Mark Isaac Snarr, Edgar Baltazar Garcia. Defts and all counsel present. Jurors questioned. Deft remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 4/23/2010) |
| 4/20/2010 (p.828) | 262 | ORDER granting [260] Motion to Unseal Certain Previously-Sealed Documents as to Edgar Baltazar Garcia (2). Documents [50], [54], [61], [75] and [138] are unsealed. Defendant's request to unseal the Court's Memorandum to Chief Judge Jonesis denied, as the document was not docketed and is not part of the record in the instant case. Signed by Judge Marcia A. Crone on 4/20/10. (mrp, ) (Entered: 4/20/2010) |



| | | |
|---|---|---|
| 4/20/2010 (p.829) | 265 | Minute Entry for proceedings held before Judge Marcia A. Crone: NINTH day Individual Voir Dire held on 4/20/2010 as to Mark Isaac Snarr, Edgar Baltazar Garcia. Defts and all counsel present. Jurors questioned. Defts remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 4/23/2010) |
| 4/21/2010 (p.832) | 266 | Minute Entry for proceedings held before Judge Marcia A. Crone: TENTH day Individual Voir Dire held on 4/21/2010 as to Mark Isaac Snarr, Edgar Baltazar Garcia. Defts and all counsel present. Jurors questioned. Defts remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 4/23/2010) |
| 4/22/2010 (p.835) | 268 | Minute Entry for proceedings held before Judge Marcia A. Crone: ELEVENTH day Individual Voir Dire held on 4/22/2010 as to Mark Isaac Snarr, Edgar Baltazar Garcia. Counsel for all parties and defts present. Court gave opening remarks and jurors questioned. Defts remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 4/26/2010) |
| 4/23/2010 (p.838) | 263 | Third MOTION to Continue *(Joint)* by Mark Isaac Snarr, Edgar Baltazar Garcia. (Attachments: # (1) Text of Proposed Order)(Black, George) (Entered: 4/23/2010) |
| 4/23/2010 (p.844) | 267 | Minute Entry for proceedings held before Judge Marcia A. Crone: TWELFTH day Individual Voir Dire held on 4/23/2010 as to Mark Isaac Snarr, Edgar Baltazar Garcia. Counsel for all parties presents, defts present. Jurors questioned. Defts remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 4/26/2010) |
| 4/23/2010 (p.847) | 272 | Minute Entry for proceedings held before Judge Marcia A. Crone: THIRTEENTH day Individual Voir Dire held on 4/23/2010 as to Mark Isaac Snarr, Edgar Baltazar Garcia. Counsel and all parties present. Jurors questioned. Defts remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 4/27/2010) |
| 4/26/2010 | | CJA31 authorizing compensation to Mark Bezy for services in Death Penalty Proceedings as to Edgar Garcia. Signed by Judge Marcia A. Crone on 4/26/10. (psl, ) (Entered: 4/26/2010) |
| 4/27/2010 (p.850) | 269 | RESPONSE to Motion by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia re [259] MOTION *to Dismiss Death Penalty Due to Inadequate Funding* (Attachments: # (1) Text of Proposed Order)(Batte, Joseph) (Entered: 4/27/2010) |
| 4/27/2010 (p.853) | 270 | RESPONSE to Motion by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia re [263] Third MOTION to Continue *(Joint)* (Attachments: # (1) Text of Proposed Order)(Batte, Joseph) (Entered: 4/27/2010) |
| 4/27/2010 | 271 | MOTION to Appoint Counsel by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia. (Attachments: # (1) Text of Proposed Order)(Batte, Joseph) (Entered: 4/27/2010) |
| 4/27/2010 (p.856) | 273 | MOTION *to Subpoena Witnsses* by Edgar Baltazar Garcia. (Attachments: # (1) Text of Proposed Order)(Bourque, Gerald) (Entered: 4/27/2010) |
| | 274 | |

USCA5 17

| Date | No. | Entry |
|---|---|---|
| 4/27/2010 (p.862) | | ORDER denying [263] Third Motion to Continue as to Mark Isaac Snarr (1), Edgar Baltazar Garcia (2). Signed by Judge Marcia A. Crone on 4/27/10. (mrp, ) (Entered: 4/28/2010) |
| 4/27/2010 (p.864) | 275 | ORDER denying [259] Motion to Dismiss the Death Penalty Notice Due to Inadequate Funding of the Defense and a Violation of Defendant's Right to Present Mitigating Evidence as to Edgar Baltazar Garcia (2). Accordingly, Defendant shall proceed to trial as scheduled on 5/3/10. Signed by Judge Marcia A. Crone on 4/27/10. (mrp, ) (Entered: 4/28/2010) |
| 4/27/2010 | 288 | CJA 20 appointment as to witness. Signed by Magistrate Judge Keith F. Giblin on 4/27/10. (mrp, ) (mrp, ). (Entered: 4/30/2010) |
| 4/28/2010 (p.865) | 276 | MOTION by Mark Isaac Snarr, Edgar Baltazar Garcia. (Attachments: # (1) Text of Proposed Order)(Barlow, Douglas) (Entered: 4/28/2010) |
| 4/28/2010 (p.872) | 277 | ORDER denying [276] Motion to Reurge Peremptory Challenges and Request for One or More Additional Peremptory Challenges as to Mark Isaac Snarr (1), Edgar Baltazar Garcia (2). Signed by Judge Marcia A. Crone on 4/28/10. (mrp, ) (Entered: 4/28/2010) |
| 4/29/2010 (p.873) | 281 | EXHIBIT LIST by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia (Batte, Joseph) (Entered: 4/29/2010) |
| 4/29/2010 (p.875) | 282 | WITNESS LIST by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia (Batte, Joseph) (Entered: 4/29/2010) |
| 4/29/2010 | | Minute Entry for proceedings held before Judge Marcia A. Crone:Telephone Conference as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 4/29/2010 (psl, ) (Entered: 5/3/2010) |
| 4/30/2010 (p.877) | 283 | AMENDED ORDER re Motion #[259] as to Edgar Baltazar Garcia. Defendant's Motion to Dismiss the Death Penalty Notice Due to Inadequate Funding is denied. The Fifth Circuit stated that no CJA expert witness funds could be expended on a Mexican cultural expert, the order does not preclude the defendant from presenting mitigating information regarding the effects and experiences of race, national origin, and/or other experts, friends, or family members. The court notes that, in deft's most recent PSR, he reported having a good childhood. Accordingly, Defendant shall proceed to trial as scheduled on 5/3/10. Signed by Judge Marcia A. Crone on 4/30/10. (mrp, ) (Entered: 4/30/2010) |
| 5/1/2010 | | NOTICE OF HEARING in case as to Mark Isaac Snarr, Edgar Baltazar Garcia Hearing set for 5/3/2010 08:30 AM in Ctrm 3 (Beaumont) before Judge Marcia A. Crone. (psl, ) (Entered: 5/1/2010) |
| 5/2/2010 (p.878) | 285 | WITNESS LIST by Edgar Baltazar Garcia (Bourque, Gerald) (Entered: 5/2/2010) |
| 5/2/2010 (p.880) | 286 | MOTION Motion to Reconsider Motion to Dismiss Death re [283] Order,, by Edgar Baltazar Garcia. (Attachments: # (1) Text of Proposed Order)(Bourque, Gerald) (Entered: 5/2/2010) |



| | | |
|---|---|---|
| 5/3/2010 (p.885) | 291 | ORDER denying [286] Motion to Reconsider Motion to Dismiss the Death Penalty Notice Due to Inadequate Funding of the Defense and Defendant's Right to Present Mitigating Evidence as to Edgar Baltazar Garcia (2). Signed by Judge Marcia A. Crone on 5/3/10. (mrp, ) (Entered: 5/5/2010) |
| 5/3/2010 (p.886) | 292 | Minute Entry for proceedings held before Judge Marcia A. Crone: FIRST DAY Jury Trial as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5/3/2010. All counsel present, Jury Panel sworn and rule invoked. Opening statements given by both sides. Gov't presented evidence. Defts remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 5/6/2010) |
| 5/4/2010 | | Minute Entry for proceedings held before Judge Marcia A. Crone:In Chambers Conference as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5/4/2010 (psl, ) (Entered: 5/4/2010) |
| 5/4/2010 (p.889) | 293 | Minute Entry for proceedings held before Judge Marcia A. Crone: SECOND DAY Jury Trial as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5/4/2010. Gov't presented evidence and witnesses. Witnesses examined and cross-examined. Defts remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 5/6/2010) |
| 5/5/2010 | | CJA31 authorizing compensation to Jolie S. Brams & Assoc. for services in Death Penalty Proceedings as to Edgar Garcia. Signed by Judge Marcia A. Crone on 5/4/10. (psl, ) (Entered: 5/5/2010) |
| 5/5/2010 (p.891) | 289 | EXHIBIT LIST by Mark Isaac Snarr, Edgar Baltazar Garcia (Bourque, Gerald) (Entered: 5/5/2010) |
| 5/5/2010 (p.892) | 298 | Minute Entry for proceedings held before Judge Marcia A. Crone: THIRD DAY Jury Trial as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5/5/2010. Counsel for all parties and defts present. Witnesses examined and cross examined. Counsel for deft Garcia filed motions for mistrial and for acquittal, court orally denied these motions. Counsel for deft Snarr filed motion for acquittal, court orally denied this motion. Defts remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 5/10/2010) |
| 5/5/2010 (p.895) | 300 | MOTION for Acquittal by Edgar Baltazar Garcia. (mrp, ) (Entered: 5/10/2010) |
| 5/6/2010 | | CJA30 authorizing compensation to Robert Morrow for representation as to Edgar Garcia signed by Judge Crone and forwarded to the Fifth Circuit Court of Appeals for approval. (psl, ) (Entered: 5/6/2010) |
| 5/6/2010 (p.898) | 301 | Minute Entry for proceedings held before Judge Marcia A. Crone: FOURTH DAY Jury Trial as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5/6/2010. Counsel for all parties present. Oral motions for acquittal filed by both defts; motions orally denied. Witnesses examined and cross examined. Evidence concluded and defts remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 5/10/2010) |
| 5/7/2010 | | |

| | | |
|---|---|---|
| | | CJA30 authorizing compensation to Robert Morrow for representation as to Edgar Garcia signed by Judge Crone and forwarded to the Fifth Circuit Court of Appeals for approval. (psl, ) (Entered: 5/7/2010) |
| 5/7/2010 (p.900) | 294 | WITNESS LIST by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia (Batte, Joseph) (Entered: 5/7/2010) |
| 5/7/2010 (p.905) | 303 | Minute Entry for proceedings held before Judge Marcia A. Crone: FIFTH DAY Jury Trial as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5/7/2010. Counsel for all parties and defts present. Judge read jury instructions to the jury. Closing arguments given by both sides. Jury reached a verdict and defendants found guilty on Count 1. Jury excused; Phase II Eligibility to begin 5/10/10. Defts remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 5/11/2010) |
| 5/7/2010 (p.907) | 305 | EXHIBIT LIST by USA as to Edgar Baltazar Garcia. (mrp, ) (Entered: 5/11/2010) |
| 5/7/2010 (p.908) | 306 | EXHIBIT LIST by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia. (mrp, ) (Entered: 5/11/2010) |
| 5/7/2010 (p.910) | 307 | EXHIBIT LIST by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia. (mrp, ) (Entered: 5/11/2010) |
| 5/7/2010 (p.911) | 308 | EXHIBIT LIST by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia. (mrp, ) (Entered: 5/11/2010) |
| 5/7/2010 (p.912) | 310 | WITNESS LIST by Edgar Baltazar Garcia. (mrp, ) (Entered: 5/11/2010) |
| 5/7/2010 (p.913) | 311 | E-GOV SEALED Jury Notes as to Mark Isaac Snarr, Edgar Baltazar Garcia. (mrp, ) (Entered: 5/11/2010) |
| 5/7/2010 (p.915) | 312 | JURY VERDICT as to Mark Isaac Snarr (1) Guilty on Count 1 and Edgar Baltazar Garcia (2) Guilty on Count 1. (mrp, ) (Entered: 5/11/2010) |
| 5/7/2010 (p.916) | 360 | Court's Instructions to the Jury as to Mark Isaac Snarr, Edgar Baltazar Garcia. (mrp, ) (Entered: 5/27/2010) |
| 5/9/2010 (p.929) | 295 | EXHIBIT LIST by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia (Batte, Joseph) (Entered: 5/9/2010) |
| 5/10/2010 (p.931) | 296 | EXHIBIT LIST by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia (Batte, Joseph) (Entered: 5/10/2010) |
| 5/10/2010 | | Minute Entry for proceedings held before Judge Marcia A. Crone:In Chambers Conference as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5/10/2010 (psl, ) (Entered: 5/10/2010) |
| | 313 | |

| Date | Doc # | Description |
|---|---|---|
| 5/10/2010 (p.933) | | Minute Entry for proceedings held before Judge Marcia A. Crone: SIXTH DAY Phase II Eligibility re Jury Trial as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5/10/2010. Counsel for all parties and defts present. Mr. Morrow orally motioned to make statute unconstitutional. Court orally denied motion. Mr. Morrow orally motioned for severance and court orally denied the motion. Defts remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 5/11/2010) |
| 5/11/2010 | | Minute Entry for proceedings held before Judge Marcia A. Crone:In Chambers Conference as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5/11/2010 (psl, ) (Entered: 5/12/2010) |
| 5/11/2010 (p.936) | 315 | Minute Entry for proceedings held before Judge Marcia A. Crone: SEVENTH DAY Jury Trial - Phase II Eligibility as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5/11/2010. Counsel for all parties present. Witnesses examined and cross examined.Jury read charges and closing arguments given by both sides. Jury will resume deliberations 5/12/10. Defts remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 5/13/2010) |
| 5/11/2010 (p.938) | 316 | E-GOV SEALED Jury Notes #3 as to Mark Isaac Snarr, Edgar Baltazar Garcia. (mrp, ) (Entered: 5/13/2010) |
| 5/11/2010 (p.939) | 362 | Court's Instructions to the Jury Phase Two as to Edgar Baltazar Garcia. (mrp, ) (Entered: 5/27/2010) |
| 5/12/2010 (p.960) | 314 | EXHIBIT LIST by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia (Batte, Joseph) (Entered: 5/12/2010) |
| 5/12/2010 | | Minute Entry for proceedings held before Judge Marcia A. Crone:In Chambers Conference as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5/12/2010 (psl, ) (Entered: 5/12/2010) |
| 5/12/2010 (p.963) | 317 | Minute Entry for proceedings held before Judge Marcia A. Crone: EIGHTH DAY Jury Trial - Phase II Eligibility as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5/12/2010. Counsel for all parties present. Jury deliberated and reached a verdict. Verdict published. Phase III Punishment commenced. Witnesses examined and cross-examined. Defts remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 5/13/2010) |
| 5/12/2010 (p.965) | 318 | WITNESS LIST by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia. (mrp, ) (Entered: 5/13/2010) |
| 5/12/2010 (p.967) | 319 | EXHIBIT LIST by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia. (mrp, ) (Entered: 5/13/2010) |
| 5/12/2010 (p.970) | 320 | EXHIBIT LIST by Edgar Baltazar Garcia. (mrp, ) (Entered: 5/13/2010) |
| 5/12/2010 | 322 | Verdict of the Jury - Phase II as to Edgar Baltazar Garcia. (sealed) (mrp, ) (Entered: 5/13/2010) |

| Date | No. | Docket Text |
|---|---|---|
| 5/12/2010 (p.971) | 323 | E-GOV SEALED Jury Notes as to Mark Isaac Snarr, Edgar Baltazar Garcia. (mrp, ) (Entered: 5/13/2010) |
| 5/13/2010 | | Minute Entry for proceedings held before Judge Marcia A. Crone:In Chambers Conference as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5/13/2010 (psl, ) (Entered: 5/13/2010) |
| 5/13/2010 (p.973) | 324 | Minute Entry for proceedings held before Judge Marcia A. Crone: NINTH DAY Phase III Punishment Jury Trial as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5/13/2010. Counsel for all parties present. Witnesses examined and cross-examined. Exhibits entered into the record. Defts remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 5/14/2010) |
| 5/14/2010 | | Minute Entry for proceedings held before Judge Marcia A. Crone:In Chambers Conference as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5/14/2010 (psl, ) (Entered: 5/14/2010) |
| 5/14/2010 (p.975) | 325 | Minute Entry for proceedings held before Judge Marcia A. Crone: TENTH DAY Jury Trial - Phase III Punishment as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5/14/2010. Counsel for all parties present. Witnesses examined and cross-examined, exhibits entered into the record. Deft remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 5/17/2010) |
| 5/14/2010 (p.977) | 330 | E-GOV SEALED Jury Note as to Mark Isaac Snarr, Edgar Baltazar Garcia. (mrp, ) (Entered: 5/19/2010) |
| 5/17/2010 | | Minute Entry for proceedings held before Judge Marcia A. Crone:In Chambers Conference as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5/17/2010 (psl, ) (Entered: 5/17/2010) |
| 5/17/2010 (p.978) | 326 | EXHIBIT LIST by Edgar Baltazar Garcia (Bourque, Gerald) (Entered: 5/17/2010) |
| 5/17/2010 (p.980) | 327 | WITNESS LIST by Mark Isaac Snarr as to Mark Isaac Snarr, Edgar Baltazar Garcia (Barlow, Douglas) (Entered: 5/17/2010) |
| 5/17/2010 | | Minute Entry for proceedings held before Judge Marcia A. Crone:In Chambers Conference as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5/17/2010 (psl, ) (Entered: 5/18/2010) |
| 5/17/2010 (p.982) | 331 | Minute Entry for proceedings held before Judge Marcia A. Crone: ELEVENTH DAY Phase III Punishment Jury Trial as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5/17/2010. Counsel for all parties present. Witnesses examined and cross-examined and exhibits entered. Defts remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 5/19/2010) |
| 5/18/2010 (p.985) | 328 | WITNESS LIST by Edgar Baltazar Garcia (Bourque, Gerald) (Entered: 5/18/2010) |
| 5/18/2010 (p.986) | 329 | TRIAL BRIEF by Mark Isaac Snarr as to Mark Isaac Snarr, Edgar Baltazar Garcia (Black, George) (Entered: 5/18/2010) |

| | | |
|---|---|---|
| 5/18/2010 (p.992) | 332 | Minute Entry for proceedings held before Judge Marcia A. Crone: TWELFTH DAY Phase III Punishment Jury Trial as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5/18/2010. Counsel for all parties present. Exhibits entered. Defts remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 5/19/2010) |
| 5/19/2010 (p.994) | 335 | Minute Entry for proceedings held before Judge Marcia A. Crone: THIRTEENTH DAY Phase III Punishment Phase as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5/19/2010. Counsel for all parties present. Witnesses questioned and exhibits entered.Defts remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 5/25/2010) |
| 5/20/2010 | | Minute Entry for proceedings held before Judge Marcia A. Crone:In Chambers Conference as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5/20/2010 (psl, ) (Entered: 5/20/2010) |
| 5/20/2010 | | Minute Entry for proceedings held before Judge Marcia A. Crone:In Chambers Conference as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5/20/2010 (psl, ) (Entered: 5/21/2010) |
| 5/20/2010 | | Minute Entry for proceedings held before Judge Marcia A. Crone:In Chambers Conference as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5/20/2010 (psl, ) (Entered: 5/21/2010) |
| 5/20/2010 (p.996) | 336 | Minute Entry for proceedings held before Judge Marcia A. Crone: FOURTEENTH DAY Phase III Punishment Phase as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5/20/2010. Counsel for all parties present. Witnesses examined and exhibits entered. Evidence concluded. Defts remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 5/25/2010) |
| 5/21/2010 (p.998) | 333 | MOTION - *Defendant's Proposed Mitigating Factors for Submission in the Jury Charge* by Edgar Baltazar Garcia. (Bourque, Gerald) (Entered: 5/21/2010) |
| 5/21/2010 | 337 | ***FILED IN ERROR; PLEASE SEE AMENDED MINUTE SHEET #[371]***<br><br>Minute Entry for proceedings held before Judge Marcia A. Crone: FIFTEENTH DAY Phase III Punishment as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5/21/2010. Evidenceconcluded, final arguments given and jury read instructions. Jury began deliberations. Defts remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) Modified on 7/8/2010 (mrp, ). (Entered: 5/25/2010) |
| 5/21/2010 (p.1017) | 363 | Court's Instructions to the Jury Phase Three as to Edgar Baltazar Garcia. (mrp, ) (Entered: 5/27/2010) |
| 5/21/2010 | | ***FILED IN ERROR. Document # 337, Minute Sheet Day 15 Jury Trial; Court Reporter was Chris Bickham not Tonya Jackson. PLEASE IGNORE.***<br><br>(mrp, ) (Entered: 7/8/2010) |

| | | |
|---|---|---|
| 5/21/2010 (p.1041) | 371 | AMENDED Minute Entry for proceedings held before Judge Marcia A. Crone: FIFTEENTH DAY Phase III Punishment as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5/21/2010. Evidence concluded, final arguments given and jury read instructions. Jury began deliberations. Defts remanded to custody of USM. (Court Reporter Chris Bickham.) (mrp, ) (Entered: 7/8/2010) |
| 5/24/2010 (p.1043) | 339 | Minute Entry for proceedings held before Judge Marcia A. Crone: SIXTEENTH DAY Phase III Punishment as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5/24/2010. Counsel for all parties present. Evidence concluded, jury deliberated and reached averdict of guilty on special findings. Trial concluded. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 5/26/2010) |
| 5/24/2010 (p.1045) | 340 | E-GOV SEALED Jury Notes 6-8 as to Mark Isaac Snarr, Edgar Baltazar Garcia. (mrp, ) (Entered: 5/26/2010) |
| 5/24/2010 (p.1048) | 341 | EXHIBIT LIST by Edgar Baltazar Garcia. (mrp, ) (Entered: 5/26/2010) |
| 5/24/2010 (p.1049) | 342 | WITNESS LIST by Edgar Baltazar Garcia. (mrp, ) (Entered: 5/26/2010) |
| 5/24/2010 (p.1050) | 345 | EXHIBIT LIST by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia. (mrp, ) (Additional attachment(s) added on 5/26/2010: # (1) Exhibit) (mrp, ). (Entered: 5/26/2010) |
| 5/24/2010 (p.1056) | 346 | WITNESS LIST by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia. (mrp, ) (Entered: 5/26/2010) |
| 5/24/2010 (p.1060) | 347 | EXHIBIT LIST for record purposes only by Court as to Mark Isaac Snarr, Edgar Baltazar Garcia. Not admitted in Trial. (mrp, ) (Entered: 5/26/2010) |
| 5/24/2010 (p.1061) | 348 | Defendants' Bill Exhibits by Mark Isaac Snarr, Edgar Baltazar Garcia. (mrp, ) (Entered: 5/26/2010) |
| 5/24/2010 (p.1062) | 352 | Minute Entry for proceedings held before Judge Marcia A. Crone: Sentencing held on 5/24/2010 for Edgar Baltazar Garcia (2), Count 1: Death; $100 special assessment. Deft remanded to custody of USM. (Court Reporter Tonya Jackson.) (mrp, ) (Entered: 5/26/2010) |
| 5/25/2010 (p.1064) | 338 | MOTION Withdraw Trial Exhibits by USA as to Mark Isaac Snarr, Edgar Baltazar Garcia. (Attachments: # (1) Text of Proposed Order)(Batte, Joseph) (Entered: 5/25/2010) |
| 5/25/2010 (p.1067) | 355 | JUDGMENT as to Edgar Baltazar Garcia (2), Count 1: Death; $100 special assessment. Terminated party Edgar Baltazar Garcia. Signed by Judge Marcia A. Crone on 5/25/10. (mrp, ) (Entered: 5/26/2010) |
| 5/25/2010 | 356 | SEALED Statement of Reasons re [355] Judgment as to Edgar Baltazar Garcia. cc: USA, Morrow, Bourque 5/26/10 (mrp, ) (Entered: 5/26/2010) |

/ sealed envelope

47

| | | |
|---|---|---|
| 5/26/2010 (p.1072) | 357 | ORDER granting [338] Motion to Withdraw Trial Exhibits as to Mark Isaac Snarr (1), Edgar Baltazar Garcia (2). Signed by Judge Marcia A. Crone on 5/26/10. (mrp, ) (Entered: 5/27/2010) |
| 5/27/2010 (p.1073) | 358 | AMENDED JUDGMENT as to Edgar Baltazar Garcia (2), Count(s) 1, Death; $100 special assessment due to clerical error. No change in sentence. Signed by Judge Marcia A. Crone on 5/27/10. (mrp, ) (Entered: 5/27/2010) |
| 6/3/2010 (p.1078) | 366 | NOTICE OF APPEAL [358] Amended Judgment. (Barlow, Douglas) Modified on 6/7/2010 (dlc, ). (Entered: 6/3/2010) |
| 6/7/2010 | | DKT 13 form and CJA 24 forwarded to Gerald Bourque, counsel for appellant, Edgar Garcia. (dlc, ) (Entered: 6/7/2010) |
| 6/15/2010 | | CJA31 authorizing compensation to Mark A. Bezy for services in Death Penalty Proceedings as to Edgar Garcia. Signed by Judge Marcia A. Crone on 6/15/10. (psl, ) (Entered: 6/15/2010) |
| 6/16/2010 | | CJA30 authorizing compensation to Robert Morrow for representation as to Edgar Garcia signed by Judge Crone on 6/15/2010 and forwarded to the Fifth Circuit Court of Appeals for approval. (psl, ) (Entered: 6/16/2010) |
| 6/17/2010 (p.1080) | 368 | NOTICE of Docketing Record on Appeal from USCA as to Edgar Baltazar Garcia re [366] Notice of Appeal. USCA Case Number 10-40525 (dlc, ) (Entered: 6/18/2010) |
| 6/24/2010 | | CJA30 authorizing compensation to Gerald E. Bourque for representation as to Edgar Garcia signed by Judge Crone on 6/23/2010 and forwarded to the Fifth Circuit Court of Appeals for approval. (psl, ) (Entered: 6/24/2010) |
| 7/6/2010 (p.1081) | 370 | TRANSCRIPT REQUEST by Edgar Baltazar Garcia for Initial Appearance and Arraigment proceedings held on 3/3/09 before Judge Keith F Giblin, (dlc, ) (Entered: 7/7/2010) |
| 7/8/2010 | | CJA30 authorizing compensation to Gerald E. Bourque for representation as to Edgar Garcia signed by Judge Crone on 7/8/2010 and forwarded to the Fifth Circuit Court of Appeals for approval. (psl, ) (Entered: 7/8/2010) |
| 7/9/2010 (p.1082) | 374 | TRANSCRIPT REQUEST by Edgar Baltazar Garcia for Jury Trial proceedings held on 4/7/10, 4/12/10 thru 4/16/10, 4/19/10 thru 4/23/10, for Telephone conference proceedings held on 4/29/10, for Chambers Conference proceedings held on 5/4/10, 5/10/10, 5/11/10, 5/12/10, 5/13/10, 5/14/10, 5/17/10, and 5/20/10, Jury Trial proceedings held on 5/3/10 thru 5/7/10, 5/10/10 thru 5/14/10, 5/17/10 thru 5/21/10, & 5/24/10, for sentencing proceedings held on 5/24/10 all before Judge Marcia A Crone, (dlc, ) (Entered: 7/20/2010) |
| 7/13/2010 (p.1088) | 372 | CORRECTED TRANSCRIPT REQUEST by Edgar Baltazar Garcia for Initial Appearance and Arraignment proceedings held on 3/3/09, before Judge Keith F. Giblin. (dlc, ) (Entered: 7/14/2010) |
| | 373 | |

| Date | No. | Description |
|---|---|---|
| 7/16/2010 (p.1089) | | TRANSCRIPT REQUEST by Edgar Baltazar Garcia for chambers conference proceedings held on 3/3/09 and 4/24/09, for telephone conference held on 9/10/09, for status conferences held on 10/30/09, 2/1/10, and 3/29/10, for 1st day Jury Selection held on 9/6/10 before Judge Marcia A Crone. (dlc, ) (Entered: 7/20/2010) |
| 7/23/2010 | | CJA31 authorizing compensation to Gradoni & Associates for services in Death Penalty Proceedings as to Edgar Garcia. Signed by Judge Marcia A. Crone on 7/23/10. (psl, ) (Entered: 7/23/2010) |
| 7/23/2010 | | CJA31 authorizing compensation to Client Advocacy Group for services in Death Penalty Proceedings as to Edgar Garcia. Signed by Judge Marcia A. Crone on 7/23/10. (psl, ) (Entered: 7/23/2010) |
| 7/23/2010 | | CJA31 authorizing compensation to Brams & Associates, Inc. for services in Death Penalty Proceedings as to Edgar Garcia. Signed by Judge Marcia A. Crone on 7/23/10. (psl, ) (Entered: 7/23/2010) |
| 7/23/2010 | | CJA31 authorizing compensation to Brams & Associates for services in Death Penalty Proceedings as to Edgar Garcia. Signed by Judge Marcia A. Crone on 7/23/10. (psl, ) (Entered: 7/23/2010) |
| 8/5/2010 (p.1090) | 376 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Initial Appearance and Arraignment Proceedings as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 3/3/09 before Judge Keith F. Giblin. Court Reporter/Transcriber: Toni Hudson, Telephone number: 361/949-2988.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 8/30/2010. Redacted Transcript Deadline set for 9/10/2010. Release of Transcript Restriction set for 11/8/2010. (dlc, ) (Entered: 8/5/2010) |
| 10/6/2010 (p.1102) | 378 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Status Conference as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 3.3.2009 before Judge Marcia A. Crone. Court Reporter: Tonya Jackson, Telephone number: 409.654.2833.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction |

49

| | | |
|---|---|---|
| | | Request due 11/1/2010. Redacted Transcript Deadline set for 11/12/2010. Release of Transcript Restriction set for 1/7/2011. (tj, ) (Entered: 10/6/2010) |
| 10/6/2010 (p.1122) | 379 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Status Conference as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 10.30.2009 before Judge Marcia A. Crone. Court Reporter: Tonya Jackson, Telephone number: 409.654.2833.<br><br>**NOTICERE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/1/2010. Redacted Transcript Deadline set for 11/12/2010. Release of Transcript Restriction set for 1/7/2011. (tj, ) (Entered: 10/6/2010) |
| 10/6/2010 (p.1157) | 380 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Status Conference as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 2.1.2010 before Judge Marcia A. Crone. Court Reporter: Tonya Jackson, Telephone number: 409.654.2833.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/1/2010. Redacted Transcript Deadline set for 11/12/2010. Release of Transcript Restriction set for 1/7/2011. (tj, ) (Entered: 10/6/2010) |
| 10/6/2010 (p.1184) | 381 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Status Conference as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 3.4.2010 before Judge Marcia A. Crone. Court Reporter: Tonya Jackson, Telephone number: 409.654.2833.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/1/2010. Redacted Transcript Deadline set for 11/12/2010. Release of Transcript Restriction set for 1/7/2011. (tj, ) (Entered: 10/6/2010) |
| | 382 | |

| | | |
|---|---|---|
| 10/6/2010 (p.1292) | | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Final Pretrial Conference as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 3.29.2010 before Judge Marcia A. Crone. Court Reporter: Tonya Jackson, Telephone number: 409.654.2833.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/1/2010. Redacted Transcript Deadline set for 11/12/2010. Release of Transcript Restriction set for 1/7/2011. (tj, ) (Entered: 10/6/2010) |
| 10/6/2010 (p.1340) | 383 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of General Voir Dire, Volume 1 of 2, as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 4.6.2010 before Judge Marcia A. Crone. Court Reporter: Tonya Jackson, Telephone number: 409.654.2833.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/1/2010. Redacted Transcript Deadline set for 11/12/2010. Release of Transcript Restriction set for 1/7/2011. (tj, ) (Entered: 10/6/2010) |
| 10/6/2010 (p.1529) | 384 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of General Voir Dire, Volume 2 of 2, as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 4.7.2010 before Judge Marcia A. Crone. Court Reporter: Tonya Jackson, Telephone number: 409.654.2833.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/1/2010. Redacted Transcript Deadline set for 11/12/2010. Release of Transcript Restriction set for 1/7/2011. (tj, ) (Entered: 10/6/2010) |
| | 385 | |



| | | |
|---|---|---|
| 10/6/2010<br>(p.1631) | | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Individual Voir Dire, Volume 1 of 11, as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 4.12.2010 before Judge Marcia A. Crone. Court Reporter: Tonya Jackson, Telephone number: 409.654.2833.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/1/2010. Redacted Transcript Deadline set for 11/12/2010. Release of Transcript Restriction set for 1/7/2011. (tj, ) (Entered: 10/6/2010) |
| 10/6/2010<br>(p.1905) | 386 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Individual Voir Dire, Volume 2 of 11, as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 4.13.2010 before Judge Marcia A. Crone. Court Reporter: Tonya Jackson, Telephone number: 409.654.2833.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/1/2010. Redacted Transcript Deadline set for 11/12/2010. Release of Transcript Restriction set for 1/7/2011. (tj, ) (Entered: 10/6/2010) |
| 10/6/2010<br>(p.2192) | 387 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Individual Voir Dire, Volume 3 of 11, as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 4.14.2010 before Judge Marcia A. Crone. Court Reporter: Tonya Jackson, Telephone number: 409.654.2833.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/1/2010. Redacted Transcript Deadline set for 11/12/2010. Release of Transcript Restriction set for 1/7/2011. (tj, ) (Entered: 10/6/2010) |
| | 388 | |

| | | |
|---|---|---|
| 10/6/2010<br>(p.2454) | | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Individual Voir Dire, Volume 4 of 11, as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 4.15.2010 before Judge Marcia A. Crone. Court Reporter: Tonya Jackson, Telephone number: 409.654.2833.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/1/2010. Redacted Transcript Deadline set for 11/12/2010. Release of Transcript Restriction set for 1/7/2011. (tj, ) (Entered: 10/6/2010) |
| 10/6/2010<br>(p.2692) | 389 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Individual Voir Dire, Volume 6 of 11, as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 4.19.2010 before Judge Marcia A. Crone. Court Reporter: Tonya Jackson, Telephone number: 409.654.2833.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/1/2010. Redacted Transcript Deadline set for 11/12/2010. Release of Transcript Restriction set for 1/7/2011. (tj, ) (Entered: 10/6/2010) |
| 10/6/2010<br>(p.2929) | 390 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Individual Voir Dire, Volume 7 of 11, as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 4.20.2010 before Judge Marcia A. Crone. Court Reporter: Tonya Jackson, Telephone number: 409.654.2833.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/1/2010. Redacted Transcript Deadline set for 11/12/2010. Release of Transcript Restriction set for 1/7/2011. (tj, ) (Entered: 10/6/2010) |
| | 391 | |

| | | |
|---|---|---|
| 10/6/2010 (p.3188) | | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Individual Voir Dire, Volume 8 of 11, as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 4.21.2010 before Judge Marcia A. Crone. Court Reporter: Tonya Jackson, Telephone number: 409.654.2833.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/1/2010. Redacted Transcript Deadline set for 11/12/2010. Release of Transcript Restriction set for 1/7/2011. (tj, ) (Entered: 10/6/2010) |
| 10/6/2010 (p.3434) | 392 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Individual Voir Dire, Volume 9 of 11, as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 4.22.2010 before Judge Marcia A. Crone. Court Reporter: Tonya Jackson, Telephone number: 409.654.2833.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/1/2010. Redacted Transcript Deadline set for 11/12/2010. Release of Transcript Restriction set for 1/7/2011. (tj, ) (Entered: 10/6/2010) |
| 10/6/2010 (p.3689) | 393 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Individual Voir Dire, Volume 10 of 11, as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 4.23.10 before Judge Marcia A. Crone. Court Reporter: Tonya Jackson, Telephone number: 409.654.2833.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/1/2010. Redacted Transcript Deadline set for 11/12/2010. Release of Transcript Restriction set for 1/7/2011. (tj, ) (Entered: 10/6/2010) |
| | 394 | |

| | | |
|---|---|---|
| 10/6/2010 (p.3926) | | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Individual Voir Dire, Volume 11 of 11, as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 4.26.2010 before Judge Marcia A. Crone. Court Reporter: Tonya Jackson, Telephone number: 409.654.2833.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/1/2010. Redacted Transcript Deadline set for 11/12/2010. Release of Transcript Restriction set for 1/7/2011. (tj, ) (Entered: 10/6/2010) |
| 10/6/2010 (p.4175) | 395 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Individual Voir Dire, Volume 5 of 11, as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 4.16.2010 before Judge Marcia A. Crone. Court Reporter: Tonya Jackson, Telephone number: 409.654.2833.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/1/2010. Redacted Transcript Deadline set for 11/12/2010. Release of Transcript Restriction set for 1/7/2011. (tj, ) (Entered: 10/6/2010) |
| 10/6/2010 (p.4391) | 396 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Guilt/Innocence Phase, Volume 1 of 5, as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5.3.2010 before Judge Marcia A. Crone. Court Reporter: Tonya Jackson, Telephone number: 409.654.2833.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/1/2010. Redacted Transcript Deadline set for 11/12/2010. Release of Transcript Restriction set for 1/7/2011. (tj, ) (Entered: 10/6/2010) |
| | 397 | |

| | | |
|---|---|---|
| 10/6/2010 (p.4681) | | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Guilt/Innocence Phase, Volume 2 of 5, as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5.4.2010 before Judge Marcia A. Crone. Court Reporter: Tonya Jackson, Telephone number: 409.654.2833.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/1/2010. Redacted Transcript Deadline set for 11/12/2010. Release of Transcript Restriction set for 1/7/2011. (tj, ) (Entered: 10/6/2010) |
| 10/6/2010 (p.5002) | 398 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Guilt/Innocence Phase, Volume 3 of 5, as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5.5.2010 before Judge Marcia A. Crone. Court Reporter: Tonya Jackson, Telephone number: 409.654.2833.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/1/2010. Redacted Transcript Deadline set for 11/12/2010. Release of Transcript Restriction set for 1/7/2011. (tj, ) (Entered: 10/6/2010) |
| 10/6/2010 (p.5285) | 399 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Guilt/Innocence Phase, Volume 4 of 5, as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5.6.2010 before Judge Marcia A. Crone. Court Reporter: Tonya Jackson, Telephone number: 409.654.2833.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/1/2010. Redacted Transcript Deadline set for 11/12/2010. Release of Transcript Restriction set for 1/7/2011. (tj, ) (Entered: 10/6/2010) |
| | 400 | |



| Date | No. | Description |
|---|---|---|
| 10/6/2010 (p.5409) | | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Guilt/Innocence Phase, Volume 5 of 5, as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5.7.2010 before Judge Marcia A. Crone. Court Reporter: Tonya Jackson, Telephone number: 409.654.2833.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/1/2010. Redacted Transcript Deadline set for 11/12/2010. Release of Transcript Restriction set for 1/7/2011. (tj, ) (Entered: 10/6/2010) |
| 10/6/2010 (p.5486) | 401 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Eligibility Phase, Volume 1 of 3, as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5.10.10 before Judge Marcia A. Crone. Court Reporter: Tonya Jackson, Telephone number: 409.654.2833.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/1/2010. Redacted Transcript Deadline set for 11/12/2010. Release of Transcript Restriction set for 1/7/2011. (tj, ) (Entered: 10/6/2010) |
| 10/6/2010 (p.5745) | 402 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Eligibility Phase, Volume 2 of 3, as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5.11.2010 before Judge Marcia A. Crone. Court Reporter: Tonya Jackson, Telephone number: 409.654.2833.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/1/2010. Redacted Transcript Deadline set for 11/12/2010. Release of Transcript Restriction set for 1/7/2011. (tj, ) (Entered: 10/6/2010) |
| | 403 | |

57

| Date | No. | Description |
|---|---|---|
| 10/6/2010 (p.5984) | | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Eligibility Phase, Volume 3 of 3, as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5/12/2010 before Judge Marcia A. Crone. Court Reporter: Tonya Jackson, Telephone number: 409.654.2833.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/1/2010. Redacted Transcript Deadline set for 11/12/2010. Release of Transcript Restriction set for 1/7/2011. (tj, ) (Entered: 10/6/2010) |
| 10/6/2010 (p.6001) | 404 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Selection Phase, Volume 1 of 9, as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5.12.2010 before Judge Marcia A. Crone. Court Reporter: Tonya Jackson, Telephone number: 409.654.2833.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/1/2010. Redacted Transcript Deadline set for 11/12/2010. Release of Transcript Restriction set for 1/7/2011. (tj, ) (Entered: 10/6/2010) |
| 10/6/2010 (p.6165) | 405 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Selection Phase, Volume 2 of 9, Proceedings as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5.13.2010 before Judge Marcia A. Crone. Court Reporter: Tonya Jackson, Telephone number: 409.654.2833.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/1/2010. Redacted Transcript Deadline set for 11/12/2010. Release of Transcript Restriction set for 1/7/2011. (tj, ) (Entered: 10/6/2010) |
| | 406 | |

| Date | No. | Description |
|---|---|---|
| 10/6/2010 (p.6457) | | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Selection Phase, Volume 3 of 9, as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5.14.2010 before Judge Marcia A. Crone. Court Reporter: Tonya Jackson, Telephone number: 409.654.2833.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/1/2010. Redacted Transcript Deadline set for 11/12/2010. Release of Transcript Restriction set for 1/7/2011. (tj, ) (Entered: 10/6/2010) |
| 10/6/2010 (p.6610) | 407 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Selection Phase, Volume 4 of 9, as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5.17.2010 before Judge Marcia A. Crone. Court Reporter: Tonya Jackson, Telephone number: 409.654.2833.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/1/2010. Redacted Transcript Deadline set for 11/12/2010. Release of Transcript Restriction set for 1/7/2011. (tj, ) (Entered: 10/6/2010) |
| 10/6/2010 (p.6913) | 408 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Selection Phase, Volume 5 of 9, as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5.18.2010 before Judge Marcia A. Crone. Court Reporter: Tonya Jackson, Telephone number: 409.654.2833.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/1/2010. Redacted Transcript Deadline set for 11/12/2010. Release of Transcript Restriction set for 1/7/2011. (tj, ) (Entered: 10/6/2010) |
| | 409 | |

| | | |
|---|---|---|
| 10/6/2010 (p.7148) | | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Selection Phase, Volume 6 of 9, as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5.19.2010 before Judge Marcia A. Crone. Court Reporter: Tonya Jackson, Telephone number: 409.654.2833.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/1/2010. Redacted Transcript Deadline set for 11/12/2010. Release of Transcript Restriction set for 1/7/2011. (tj, ) (Entered: 10/6/2010) |
| 10/6/2010 (p.7235) | 410 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Selection Phase, Volume 7 of 9, as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5.20.2010 before Judge Marcia A. Crone. Court Reporter: Tonya Jackson, Telephone number: 409.654.2833.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/1/2010. Redacted Transcript Deadline set for 11/12/2010. Release of Transcript Restriction set for 1/7/2011. (tj, ) (Entered: 10/6/2010) |
| 10/6/2010 (p.7479) | 411 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Selection Phase, Volume 8 of 9, as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5.21.2010 before Judge Marcia A. Crone. Court Reporter: Chris Bickham, Telephone number: 409.654.2891.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/1/2010. Redacted Transcript Deadline set for 11/12/2010. Release of Transcript Restriction set for 1/7/2011. (tj, ) (Entered: 10/6/2010) |
| | 412 | |

| | | |
|---|---|---|
| 10/6/2010 (p.7631) | | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Selection Phase, Volume 9 of 9, as to Mark Isaac Snarr, Edgar Baltazar Garcia held on 5.24.2010 before Judge Marcia A. Crone. Court Reporter: Tonya Jackson, Telephone number: 409.654.2833.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/1/2010. Redacted Transcript Deadline set for 11/12/2010. Release of Transcript Restriction set for 1/7/2011. (tj, ) (Entered: 10/6/2010) |
| 10/6/2010 (p.7662) | 414 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Sentencing as to Edgar Baltazar Garcia held on 5.24.2010 before Judge Marcia A. Crone. Court Reporter: Tonya Jackson, Telephone number: 409.654.2833.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redactionafter 90 calendar days. The policy is located on our website at www.txed.uscourts.gov**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 11/1/2010. Redacted Transcript Deadline set for 11/12/2010. Release of Transcript Restriction set for 1/7/2011. (tj, ) (Entered: 10/6/2010) |
| 10/18/2010 | | NOTICE of certification of record on appeal provided to 5th Circuit Court of Appeals as to Edgar Baltazar Garcia (dlc, ) (Entered: 10/18/2010) |

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JAN 2 1 2009

DAVID J MALAND, CLERK
BY
DEPUTY_____

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

UNITED STATES OF AMERICA    *
vs.    *
MARK ISAAC SNARR, and    *    CRIMINAL NO. 1:09-CR- 15
EDGAR BALTAZAR GARCIA    *

Clark- Hines

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

### COUNT 1

On or about November 28, 2007, in the Eastern District of Texas, within the special maritime and territorial jurisdiction of the United States (Federal Correctional Complex, Beaumont, Texas), **MARK ISAAC SNARR** and **EDGAR BALTAZAR GARCIA**, did with premeditation and malice aforethought, willfully, deliberately, and unlawfully kill and murder Gabriel Rhone, in violation of Title 18, United States Code, Sections 1111, and 2.

### NOTICE OF SPECIAL FINDINGS--MARK ISAAC SNARR

The allegations contained in Count 1 of this Indictment are hereby re-alleged and incorporated by reference as if fully set forth herein.

As to Count 1, the Defendant, **MARK ISAAC SNARR**:

1. Was 18 years of age or older at the time of the offense. (18 U.S.C. § 3591(a));

2. Intentionally killed the victim. (18 U.S.C. §3591 (a)(2)(A);

62

3. Intentionally inflicted serious bodily injury that resulted in the death of the victim. (18 U.S.C. §3591 (a)(2)(B);

4. Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim died as a direct result of the act. (18 U.S.C. § 3591(a)(2)(C));

5. Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act. (18 U.S.C. § 3591(a)(2)(D));

6. Has previously been convicted of two or more Federal or State offenses, punishable by a term of imprisonment of more than one year, committed on different occasions, involving the infliction of, or attempted infliction of, serious bodily injury or death upon another person. (18 U.S.C. § 3592(c)(4));

7. In the commission of the offense, knowingly created a grave risk of death to one (1) or more persons in addition to the victim of the offense, Gabriel Rhone. (18 U.S.C. §3592 (c)(5));

8. Committed the offense in an especially heinous, cruel, or depraved manner in that it involved torture, or serious physical abuse to the victim. (18 U.S.C. § 3592 (c)(6)); ʼ

9. Committed the offense after substantial planning and premeditation to cause the death of a person. (18 U.S.C. § 3592 (c)(9));

10. Intentionally killed or attempted to kill more than one person in a single criminal episode. (18 U.S.C. § 3592 (c)(16)).

## NOTICE OF SPECIAL FINDINGS - - EDGAR BALTAZAR GARCIA

The allegations contained in Count 1 of this Indictment are hereby re-alleged and incorporated by reference as if fully set forth herein.

As to Count 1, the Defendant, **EDGAR BALTAZAR GARCIA**:

1. Was 18 years of age or older at the time of the offense. (18 U.S.C. § 3591(a));

USCA5 27

63

2.    Intentionally killed the victim. (18 U.S.C. § 3591(a)(2)(A));

3.    Intentionally inflicted serious bodily injury that resulted in the death of the victim. (18 U.S.C. § 3591(a)(2)(B));

4.    Intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim died as a direct result of the act. (18 U.S.C. § 3591(a)(2)(C));

5.    Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act. (18 U.S.C. § 3591(a)(2)(D));

6.    Has previously been convicted of two or more Federal or State offenses, punishable by a term of imprisonment of more than one year, committed on different occasions, involving the infliction of, or attempted infliction of, serious bodily injury or death upon another person. (18 U.S.C. § 3592(c)(4));

7.    In the commission of the offense, knowingly created a grave risk of death to one (1) or more persons in addition to the victim of the offense, Gabriel Rhone. (18 U.S.C. §3592 (c)(5));

8.    Committed the offense in an especially heinous, cruel, or depraved manner in that it involved torture or serious physical abuse to the victim. (18 U.S.C. § 3592 (c)(6));

9.    committed the offense after substantial planning and premeditation to cause the death of another person. (18 U.S.C. § 3592 (c)(9));

10.    Has been previously convicted of two (2) or more State or Federal offenses, punishable by a term of imprisonment of more than one year, committed on different occasions, involving the distribution of a controlled substance. (18 U.S.C. §3592 (c)(10));

11.    Had previously been convicted of violating Title II or III of the Comprehensive Drug Abuse Prevention and Control Act of 1970 for which a sentence of five (5) or more years may be imposed or had previously been convicted of engaging in a continuing criminal enterprise. (18 U.S.C. §3592 (c)(12);

12.    Intentionally killed or attempted to kill more than one person in a single criminal episode. (18 U.S.C. § 3592 (c)(16)).

A TRUE BILL

_____
GRAND JURY FOREPERSON

REBECCA A. GREGORY
UNITED STATES ATTORNEY

_____
JOSEPH R. BATTE
ASSISTANT UNITED STATES ATTORNEY

USCA5 29

# UNITED STATES DISTRICT COURT     EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | NO. 1:09-CR-15 |
| | § | (Judge Crone) |
| MARK ISAAC SNARR and | § | |
| EDGAR BALTAZAR GARCIA | § | |

FILED

R M. _____ 5-7 _____ 20 10

DAVID J. MALAND, CLERK
U.S. DISTRICT COURT

By _____ Patricia Lip _____

DEPUTY

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

Now that you have heard the evidence in the case, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

### DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

The Indictment or formal charge against a defendant is not evidence of guilt. Indeed, a defendant is presumed by the law to be innocent. The law does not require a defendant to prove his innocence or produce any evidence at all and no inference whatever may be drawn from the election of a defendant not to testify. The government has the burden of proving the defendants guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendants.

While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendants' guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendants' guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

2

USCA5 700

## EVIDENCE—EXCLUDING WHAT IS NOT EVIDENCE

As I told you earlier, it is your duty to determine the facts. In doing so, you must consider only the evidence presented during the trial, including the sworn testimony of the witnesses and the exhibits. Remember that any statements, objections, or arguments made by the lawyers are not evidence. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions. You must disregard those questions entirely. Do not speculate as to what the witness would have said if permitted to answer the question. Also, you have been instructed to disregard certain questions. Do not consider any questions you have been told to disregard in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

## EVIDENCE—INFERENCES—DIRECT AND CIRCUMSTANTIAL

While you should consider only the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common

3

USCA5 701

experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

In considering the evidence, you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

## CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of each defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe all or any part of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the person impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he or she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the

4

USCA5 702

witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.

## IMPEACHMENT BY PRIOR INCONSISTENCIES

The testimony of a witness may be discredited by showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may consider the earlier statements only to determine whether you think they are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

## IMPEACHMENT BY PRIOR CONVICTIONS

You have been told that witnesses Keenan Hurt and Ricardo Pallaret have prior felony convictions. A conviction is a factor you may consider in deciding whether to believe that witness, but it does not necessarily destroy the witness's credibility. They have been brought to

5

USCA5 703

your attention only because you may wish to consider them when you decide whether you believe the witness's testimony. They are not evidence of anything else.

## INFORMER TESTIMONY

The testimony of a witness who provides evidence against a defendant for a benefit, favored treatment, a reduction in sentence, placement in a special program, or for personal advantage must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses. You, the jury, must decide whether the witness's testimony has been affected by any of those circumstances, or by the witness's interest in the outcome of the case, or by prejudice against the defendant, or by the benefits that the witness has or may receive from providing testimony in this case. You should keep in mind that such testimony is always to be received with caution and weighed with great care.

You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.

## EXPERT WITNESSES

During the trial, you heard the testimony of Dr. Tommy Brown and Mark Bezy who expressed opinions concerning forensic pathology and prison administration, respectively. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's

6

education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

## STATEMENT—VOLUNTARINESS

In determining whether any statement, claimed to have been made by a defendant outside of court and after an alleged crime has been committed, was knowingly and voluntarily made, you should consider the evidence concerning such a statement with caution and great care, and should give such weight to the statement that you feel it deserves under all the circumstances.

You may consider in that regard such factors as the age, sex, training, education, occupation, and physical and mental condition of the defendant and all the other circumstances in evidence surrounding the making of the statement.

Of course, any such statement should not be considered in any way whatsoever as evidence with respect to any other defendant on trial.

## ON OR ABOUT

You will note that the Indictment charges that the offense was committed on or about a specified date. The government does not have to prove that the crime charged in Count 1 was committed on that exact date, so long as the government proves beyond a reasonable doubt that each defendant committed the crime charged in Count 1 on a date reasonably near November 28, 2007, the date stated in the Indictment.

## CAUTION—CONSIDER ONLY CRIME CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that each defendant is guilty of the crime charged. The defendants are not on trial for any act,

7

USCA5 705

conduct, or offense not alleged in the Indictment. Neither are you concerned with the guilt of any other person or persons not on trial as a defendant in this case.

## CAUTION—PUNISHMENT

You should not be concerned with punishment in any way in making your determination of whether or not the government has proved beyond a reasonable doubt that each defendant is guilty of the crime charged. It should not enter your consideration or discussion.

## MULTIPLE DEFENDANTS—SINGLE COUNT

The case of each defendant and the evidence pertaining to that defendant should be considered separately and individually. The fact that you may find one of the defendants guilty or not guilty should not control your verdict as to the other defendant.

## COUNT 1

The defendants are charged in Count 1 of the Indictment with a violation of Title 18, United States Code, Sections 1111 and 2. Title 18, United States Code, Section 1111, makes it a crime for anyone to murder another human being with premeditation.

For you to find a defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First:      That the defendant unlawfully killed Gabriel Rhone;

Second:   That the defendant killed Gabriel Rhone with malice aforethought;

Third:     That the killing was premeditated; and

Fourth:   That the killing took place within the special maritime and territorial jurisdiction of the United States.

8

USCA5 706

73

To kill "with malice aforethought" means either to kill another person deliberately and intentionally, or to act with callous and wanton disregard for human life. To find malice aforethought, you need not be convinced that the defendant hated the person killed, or felt ill will toward the victim at the time.

In determining whether the killing was with malice aforethought, you may consider the use of a weapon or instrument and the manner in which death was caused.

A killing is "premeditated" when it is the result of planning or deliberation. The amount of time needed for premeditation of a killing depends on the person and the circumstances. It must be long enough for the killer, after forming the intent to kill, to be fully conscious of that intent.

You should consider all the facts and circumstances preceding, surrounding, and following the killing which tend to shed light upon the condition of mind of a defendant, before and at the time of the killing. No fact, no matter how small, no circumstance, no matter how trivial, which bears upon the questions of malice aforethought and premeditation, should escape your careful consideration.

The government and the defendants have stipulated that the Federal Correctional Complex, Beaumont, Texas, is now and was, on or about November 28, 2007, a place within the special maritime and territorial jurisdiction of the United States as defined in Title 18, United States Code, Section 7(3), as alleged in the Indictment.

### AIDING AND ABETTING (AGENCY)

The guilt of a defendant in a criminal case may be established without proof that the defendant personally did every act constituting the offense alleged. The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished by him through the

9

USCA5 707

direction of another person as his or her agent, or by acting in concert with, or under the direction of, another person or persons in a joint effort or enterprise.

If another person is acting under the direction of a defendant or if a defendant joins another person and performs acts with the intent to commit a crime, then the law holds the defendant responsible for the acts and conduct of such other persons just as though the defendant had committed the acts or engaged in such conduct.

Before a defendant may be held criminally responsible for the acts of others it is necessary that the accused deliberately associate himself in some way with the crime and participate in it with the intent to bring about the crime.

Of course, mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime unless you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.

In other words, you may not find a defendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some person or persons, and that the defendant voluntarily participated in its commission with the intent to violate the law.

You may find a defendant guilty of Count 1 of the Indictment if you are convinced that the government has proved each of the following beyond a reasonable doubt:

First: That the offense of murder was committed by some person;

Second: That the defendant associated with the criminal venture;

Third: That the defendant purposefully participated in the criminal venture; and

Fourth:       That the defendant sought by action to make that venture successful.

"To associate with the criminal venture" means that the defendant shared the criminal intent of the principal. This element cannot be established if the defendant had no knowledge of the principal's criminal venture.

"To participate in the criminal venture" means that the defendant engaged in some affirmative conduct designed to aid the venture or assisted the principal of the crime.

## DUTY TO DELIBERATE

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on the sole count of the Indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. Your duty is to decide whether the government has proved each defendant guilty beyond a reasonable doubt.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors.

11

Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, BlackBerry, or computer; the Internet, any Internet service, or any text or instant messaging service; or any Internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until you are discharged from jury service.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A form of verdict has been prepared for your convenience.

The foreperson will write the unanimous answer of the jury in the space provided for the sole count of the Indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict with his or her initials.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer. I will either reply in writing or bring you back into the courtroom to respond to your inquiry.

Bear in mind that you are never to reveal to any person, not even to the Court, how the jury stands, numerically or otherwise, on the sole count of the Indictment, until after you have reached a unanimous verdict.

12

USCA5 710

SIGNED at Beaumont, Texas, this _7th_ day of May, 2010.

_Marcia A. Crone_
Marcia A. Crone
United States District Judge

13

USCA5 711

| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| *versus* | § | NO. 1:09-CR-15 |
| | § | (Judge Crone) |
| MARK ISAAC SNARR and | § | |
| EDGAR BALTAZAR GARCIA | § | |

**FILED**

M. _____ 5-7 _____ 20 10

DAVID J. MALAND, CLERK
U.S. DISTRICT COURT

By Patricia Hyler

DEPUTY

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

Now that you have heard the evidence in the case, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

### DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

The Indictment or formal charge against a defendant is not evidence of guilt. Indeed, a defendant is presumed by the law to be innocent. The law does not require a defendant to prove his innocence or produce any evidence at all and no inference whatever may be drawn from the election of a defendant not to testify. The government has the burden of proving the defendants guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendants.

While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendants' guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendants' guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

2

USCA5 917

## EVIDENCE—EXCLUDING WHAT IS NOT EVIDENCE

As I told you earlier, it is your duty to determine the facts. In doing so, you must consider only the evidence presented during the trial, including the sworn testimony of the witnesses and the exhibits. Remember that any statements, objections, or arguments made by the lawyers are not evidence. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions. You must disregard those questions entirely. Do not speculate as to what the witness would have said if permitted to answer the question. Also, you have been instructed to disregard certain questions. Do not consider any questions you have been told to disregard in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

## EVIDENCE—INFERENCES—DIRECT AND CIRCUMSTANTIAL

While you should consider only the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common

USCA5 918

experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

In considering the evidence, you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

## CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of each defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe all or any part of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the person impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he or she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the

4

82

witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.

## IMPEACHMENT BY PRIOR INCONSISTENCIES

The testimony of a witness may be discredited by showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may consider the earlier statements only to determine whether you think they are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

## IMPEACHMENT BY PRIOR CONVICTIONS

You have been told that witnesses Keenan Hurt and Ricardo Pallaret have prior felony convictions. A conviction is a factor you may consider in deciding whether to believe that witness, but it does not necessarily destroy the witness's credibility. They have been brought to

5

**83**

your attention only because you may wish to consider them when you decide whether you believe the witness's testimony. They are not evidence of anything else.

## INFORMER TESTIMONY

The testimony of a witness who provides evidence against a defendant for a benefit, favored treatment, a reduction in sentence, placement in a special program, or for personal advantage must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses. You, the jury, must decide whether the witness's testimony has been affected by any of those circumstances, or by the witness's interest in the outcome of the case, or by prejudice against the defendant, or by the benefits that the witness has or may receive from providing testimony in this case. You should keep in mind that such testimony is always to be received with caution and weighed with great care.

You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.

## EXPERT WITNESSES

During the trial, you heard the testimony of Dr. Tommy Brown and Mark Bezy who expressed opinions concerning forensic pathology and prison administration, respectively. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's

6

84

education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

## STATEMENT—VOLUNTARINESS

In determining whether any statement, claimed to have been made by a defendant outside of court and after an alleged crime has been committed, was knowingly and voluntarily made, you should consider the evidence concerning such a statement with caution and great care, and should give such weight to the statement that you feel it deserves under all the circumstances.

You may consider in that regard such factors as the age, sex, training, education, occupation, and physical and mental condition of the defendant and all the other circumstances in evidence surrounding the making of the statement.

Of course, any such statement should not be considered in any way whatsoever as evidence with respect to any other defendant on trial.

## ON OR ABOUT

You will note that the Indictment charges that the offense was committed on or about a specified date. The government does not have to prove that the crime charged in Count 1 was committed on that exact date, so long as the government proves beyond a reasonable doubt that each defendant committed the crime charged in Count 1 on a date reasonably near November 28, 2007, the date stated in the Indictment.

## CAUTION—CONSIDER ONLY CRIME CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that each defendant is guilty of the crime charged. The defendants are not on trial for any act,

7

85

conduct, or offense not alleged in the Indictment. Neither are you concerned with the guilt of any other person or persons not on trial as a defendant in this case.

## CAUTION—PUNISHMENT

You should not be concerned with punishment in any way in making your determination of whether or not the government has proved beyond a reasonable doubt that each defendant is guilty of the crime charged. It should not enter your consideration or discussion.

## MULTIPLE DEFENDANTS—SINGLE COUNT

The case of each defendant and the evidence pertaining to that defendant should be considered separately and individually. The fact that you may find one of the defendants guilty or not guilty should not control your verdict as to the other defendant.

## COUNT 1

The defendants are charged in Count 1 of the Indictment with a violation of Title 18, United States Code, Sections 1111 and 2. Title 18, United States Code, Section 1111, makes it a crime for anyone to murder another human being with premeditation.

For you to find a defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: That the defendant unlawfully killed Gabriel Rhone;

Second: That the defendant killed Gabriel Rhone with malice aforethought;

Third: That the killing was premeditated; and

Fourth: That the killing took place within the special maritime and territorial jurisdiction of the United States.

8

USCA5 923

86

To kill "with malice aforethought" means either to kill another person deliberately and intentionally, or to act with callous and wanton disregard for human life. To find malice aforethought, you need not be convinced that the defendant hated the person killed, or felt ill will toward the victim at the time.

In determining whether the killing was with malice aforethought, you may consider the use of a weapon or instrument and the manner in which death was caused.

A killing is "premeditated" when it is the result of planning or deliberation. The amount of time needed for premeditation of a killing depends on the person and the circumstances. It must be long enough for the killer, after forming the intent to kill, to be fully conscious of that intent.

You should consider all the facts and circumstances preceding, surrounding, and following the killing which tend to shed light upon the condition of mind of a defendant, before and at the time of the killing. No fact, no matter how small, no circumstance, no matter how trivial, which bears upon the questions of malice aforethought and premeditation, should escape your careful consideration.

The government and the defendants have stipulated that the Federal Correctional Complex, Beaumont, Texas, is now and was, on or about November 28, 2007, a place within the special maritime and territorial jurisdiction of the United States as defined in Title 18, United States Code, Section 7(3), as alleged in the Indictment.

## AIDING AND ABETTING (AGENCY)

The guilt of a defendant in a criminal case may be established without proof that the defendant personally did every act constituting the offense alleged. The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished by him through the

9

USCA5 924

87

direction of another person as his or her agent, or by acting in concert with, or under the direction of, another person or persons in a joint effort or enterprise.

If another person is acting under the direction of a defendant or if a defendant joins another person and performs acts with the intent to commit a crime, then the law holds the defendant responsible for the acts and conduct of such other persons just as though the defendant had committed the acts or engaged in such conduct.

Before a defendant may be held criminally responsible for the acts of others it is necessary that the accused deliberately associate himself in some way with the crime and participate in it with the intent to bring about the crime.

Of course, mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime unless you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.

In other words, you may not find a defendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some person or persons, and that the defendant voluntarily participated in its commission with the intent to violate the law.

You may find a defendant guilty of Count 1 of the Indictment if you are convinced that the government has proved each of the following beyond a reasonable doubt:

First: That the offense of murder was committed by some person;

Second: That the defendant associated with the criminal venture;

Third: That the defendant purposefully participated in the criminal venture; and

10

88

Fourth:       That the defendant sought by action to make that venture successful.

"To associate with the criminal venture" means that the defendant shared the criminal intent of the principal. This element cannot be established if the defendant had no knowledge of the principal's criminal venture.

"To participate in the criminal venture" means that the defendant engaged in some affirmative conduct designed to aid the venture or assisted the principal of the crime.

## DUTY TO DELIBERATE

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on the sole count of the Indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. Your duty is to decide whether the government has proved each defendant guilty beyond a reasonable doubt.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors.

11

USCA5 926

Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, BlackBerry, or computer; the Internet, any Internet service, or any text or instant messaging service; or any Internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until you are discharged from jury service.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A form of verdict has been prepared for your convenience.

The foreperson will write the unanimous answer of the jury in the space provided for the sole count of the Indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict with his or her initials.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer. I will either reply in writing or bring you back into the courtroom to respond to your inquiry.

Bear in mind that you are never to reveal to any person, not even to the Court, how the jury stands, numerically or otherwise, on the sole count of the Indictment, until after you have reached a unanimous verdict.

12

USCA5 927

SIGNED at Beaumont, Texas, this 7th day of May, 2010.

_____
Marcia A. Crone
United States District Judge

USCA5 928

| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| *versus* | § | NO. 1:09-CR-15 |
| | § | (Judge Crone) |
| MARK ISAAC SNARR and | § | |
| EDGAR BALTAZAR GARCIA | § | |

**FILED**

A.M. _____ 5-7 _____ 20 10
DAVID J. MALAND, CLERK
U.S. DISTRICT COURT
By_____
DEPUTY

### VERDICT OF THE JURY

We, the jury, find as to Count 1 of the Indictment:

MARK ISAAC SNARR    _____✓_____ GUILTY    _____ NOT GUILTY

EDGAR BALTAZAR GARCIA    _____✓_____ GUILTY    _____ NOT GUILTY

_____
Jury Foreperson

Dated: _May 7, 2010_

USCA5 698

92

| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

UNITED STATES OF AMERICA     §
    §
*versus*     §     NO. 1:09-CR-15 (1)
    §     (Judge Crone)
MARK ISAAC SNARR     §

FILE[...]
DAVID J. MALAND,
U.S. DISTRICT CO[...]
By [signature]
D[...]

## COURT'S INSTRUCTIONS TO THE JURY—PHASE TWO

Members of the Jury:

Having found Defendant Mark Isaac Snarr guilty of First Degree Murder in phase one of the trial, you must now in phase two determine if the defendant is legally eligible for consideration of the death penalty as punishment. These instructions will explain the law that you must apply in making the various findings relevant to the issue of eligibility.

A determination by you that the defendant is eligible for consideration of a death sentence does not mean that such a sentence will be imposed. Rather, the selection of the punishment will be made by you in a subsequent phase of the trial if you first find that the defendant is death penalty eligible. At this stage of the proceedings, you are not to consider or discuss whether death is an appropriate punishment.

## GENERAL INSTRUCTIONS

Some of the legal principles that you must apply at this stage of the proceedings duplicate the instructions I gave you in phase one of the trial. I will now repeat several of the instructions I previously gave you for guidance in your deliberations with respect to this the eligibility phase of the trial.

# DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

# REASONABLE DOUBT

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

# EXCLUDING WHAT IS NOT EVIDENCE

As I told you earlier, it is your duty to determine the facts. In doing so, you must consider only the evidence presented during phases one and two of the trial, including the sworn testimony of the witnesses and the exhibits. Remember that any statements, objections, or arguments made by the lawyers are not evidence. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to

2

USCA5 723

certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, you have been instructed to disregard certain questions. Do not consider any questions you have been told to disregard in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

## EVIDENCE—INFERENCES—DIRECT AND CIRCUMSTANTIAL

While you should consider only the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

In considering the evidence, you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of events and

3

USCA5 724

circumstances indicating that something is or is not a fact. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

## CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved beyond a reasonable doubt whether the defendant is eligible for consideration of the death penalty as punishment. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe all or any part of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the person impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he or she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on

4

USCA5 725

96

the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.

## IMPEACHMENT BY PRIOR INCONSISTENCIES

The testimony of a witness may be discredited by showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may consider the earlier statements only to determine whether you think they are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

## IMPEACHMENT BY PRIOR CONVICTIONS

You have been told that witnesses Keenan Hurt, Ricardo Palleret, Clinton Alls, George Sarro, and John L. Franklin a/k/a Jonathan Franklin have prior felony convictions. A conviction is a factor you may consider in deciding whether to believe that witness, but it does not necessarily destroy the witness's credibility. These convictions have been brought to your attention only because you may wish to consider them when you decide whether you believe the witness's testimony. They are not evidence of anything else.

5

USCA5 726

97

## INFORMER TESTIMONY

The testimony of a witness who provides evidence against a defendant for a benefit, favored treatment, a reduction in sentence, placement in a special program, or for personal advantage must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses. You, the jury, must decide whether the witness's testimony has been affected by any of those circumstances, or by the witness's interest in the outcome of the case, or by prejudice against the defendant, or by the benefits that the witness has or may receive from providing testimony in this case. You should keep in mind that such testimony is always to be received with caution and weighed with great care.

## EXPERT WITNESSES

During the trial, you heard the testimony of Dr. Tommy Brown and Mark Bezy who expressed opinions concerning forensic pathology and prison administration, respectively. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

6

USCA5 727

**98**

## STATEMENT—VOLUNTARINESS

In determining whether any statement, claimed to have been made by a defendant outside of court and after an alleged crime has been committed, was knowingly and voluntarily made, you should consider the evidence concerning such a statement with caution and great care, and should give such weight to the statement that you feel it deserves under all the circumstances.

You may consider in that regard such factors as the age, sex, training, education, occupation, and physical and mental condition of the defendant and all the other circumstances in evidence surrounding the making of the statement.

Of course, any such statement should not be considered in any way whatsoever as evidence with respect to any other defendant on trial.

## MULTIPLE DEFENDANTS

The case of each defendant and the evidence pertaining to that defendant should be considered separately and individually. The fact that you may find one of the defendants legally eligible for the death penalty should not control your verdict as to the other defendant.

## SPECIFIC INSTRUCTIONS WITH RESPECT TO ELIGIBILITY PHASE

The task of determining whether or not the defendant is eligible for consideration of the death penalty is an extremely important one. It is imperative that you keep an open mind until you have had the opportunity to hear the arguments of the parties, consider all of the evidence presented, and discuss that evidence with your fellow jurors. Whether or not the circumstances in this case are such that the defendant is eligible for consideration of a death sentence is entirely yours. You must not take anything I said or did during either phase of the trial as indicating what I think of the evidence presented or what I think your verdict on the eligibility findings should be.

USCA5 728

When making your findings, you may not rely solely upon your previous guilty verdict or your factual determinations during those deliberations. Instead, you must now each decide the new issues before you. In making the determinations you are required to make in this phase of the trial, however, you may consider any evidence that was presented during the first phase, as well as any additional evidence that was presented during the eligibility phase.

The government has the burden of proving beyond a reasonable doubt the aggravating factors necessary to render the defendant eligible for a death sentence. As I explained to you in the guilt phase, while this burden of proof is a strict or heavy burden, it is not necessary that proof of the necessary aggravating factors be beyond all possible doubt. It is only required that the government's proof exclude any reasonable doubt as to these factors to your unanimous satisfaction.

As was true in the first phase of the trial, the defendant has no obligation to testify or present any evidence during the eligibility phase. Put another way, the defendant does not have to prove that the alleged aggravating factors do not exist. Thus, no adverse inference may be drawn against a defendant who does not take the stand at the eligibility stage of the trial.

In considering whether the defendant is eligible for the death sentence, you must not consider the race, color, religious beliefs, national origin, or sex of either the defendant or the victim in this case. These facts are completely irrelevant to the important issues you must consider. You are not to find that a defendant is eligible for a sentence of death unless you have concluded that you would make such a finding no matter what the race, color, religious beliefs, national origin, or sex of either the defendant or the victim might have been.

8

USCA5 729

100

To emphasize the importance of this consideration, a Certification is attached to the Verdict Form that must be signed by each juror. When you have reached a decision, each of you must sign the Certificate—but only if this is so—attesting that considerations of race, color, religious beliefs, national origin, or sex of the defendant or the victim were not involved in reaching your individual decision, and attesting that you would have made the same findings no matter what the race, color, religious beliefs, national origin, or sex of the defendant or the victim might have been.

## SPECIAL FINDING I—AGE OF THE DEFENDANT

You must first determine whether the government has proved beyond a reasonable doubt to your unanimous satisfaction that the defendant was eighteen (18) years of age or older at the time of the instant offense. In this case, the parties have stipulated to the age of the defendant, and you should treat that fact as having been proved. You must, however, still indicate on the Verdict Form whether you unanimously agree beyond a reasonable doubt that the defendant was eighteen (18) years of age or older at the time of the offense.

## SPECIAL FINDING II—AGGRAVATING FACTORS
## WITH RESPECT TO THE DEFENDANT'S INTENT

You must then consider whether the government has proved beyond a reasonable doubt and to your unanimous satisfaction one of the four necessary threshold aggravating factors regarding the knowledge and intent of the defendant with respect to the death of Gabriel Rhone. In this case, the government alleges four possible threshold intent aggravating factors:

A.      that the defendant intentionally killed the victim, Gabriel Rhone; or

9

USCA5 730

B.  that the defendant intentionally inflicted serious bodily injury that resulted in the death of the victim, Gabriel Rhone; or

C.  that the defendant intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim, Gabriel Rhone, died as a direct result of the act; or

D.  that the defendant intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life, and the victim, Gabriel Rhone, died as a direct result of the act.

You must unanimously find beyond a reasonable doubt that one of these four intent factors has been proven by the government as to the defendant before you may go any further in your deliberations. If you unanimously find that any one of these factors has been proven beyond a reasonable doubt as to the defendant, you need not consider the remaining possible intent factors. If, however, you unanimously find that none of the four possible intent aggravating factors is present for the defendant, your deliberations as to eligibility are complete.

In evaluating whether the government has met its burden regarding the intent of the defendant, you should consider the following instructions on the law.

## INTENT GENERALLY

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proven directly because there is no way of scrutinizing the workings of the human

10

USCA5 731

mind. In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements or acts or inaction of that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent. You may infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. To act "knowingly" means that the defendant was conscious and aware of his action, realized what he was doing, and did not act because of ignorance, mistake, or accident. It is entirely up to you, however, to decide what facts to find from the evidence received during the trial.

## INTENTIONALLY KILLING THE VICTIM

To establish that the defendant "intentionally" killed the victim, the government must prove to your unanimous satisfaction and beyond a reasonable doubt that the defendant deliberately and purposefully killed Gabriel Rhone. In other words, you must find that the killing was the product of the defendant's conscious objective rather than the product of a mistake or accident.

## INTENTIONALLY INFLICTING SERIOUS BODILY INJURY
## WHICH RESULTED IN THE DEATH OF THE VICTIM

To establish that the defendant intentionally inflicted serious bodily injury which resulted in the death of the victim, the government must prove that the defendant deliberately caused serious injury to the victim's body, which, in turn, caused the victim's death. That is, the infliction of serious bodily injury was the product of the defendant's conscious objective rather than the product of a mistake or accident. The government must also prove to your unanimous satisfaction beyond a reasonable doubt that the serious bodily injury resulted in the victim's death. "Serious bodily injury" means a significant or considerable amount of injury or damage; injury

11

USCA5 732

103

which presents a substantial risk of death; infliction of extreme physical pain; obvious disfigurement; or loss or impairment (other than temporary) of the function of a bodily member, organ, or mental faculty.

### INTENTIONALLY PARTICIPATING IN AN ACT CONTEMPLATING THAT THE LIFE OF A PERSON WOULD BE TAKEN OR INTENDING THAT LETHAL FORCE WOULD BE EMPLOYED AGAINST A PERSON

To establish that the defendant intentionally participated in an act contemplating that the life of a person would be taken or intending that lethal force would be employed against a person, the government must prove to your unanimous satisfaction and beyond a reasonable doubt that the defendant deliberately and purposefully committed an act and that, in so acting, the defendant intended that a person be killed or that lethal force be employed against a person other than one of the participants in the offense. That is, the government must prove that the defendant's conduct was the product of the defendant's conscious objective rather than the product of mistake or accident. The government must also prove that the victim died as a direct result of the defendant's conduct.

### INTENTIONALLY ENGAGING IN AN ACT OF VIOLENCE WHICH THE DEFENDANT KNEW WOULD CREATE A GRAVE RISK OF DEATH TO A PERSON OTHER THAN THE PARTICIPANTS IN THE OFFENSE AND WHICH RESULTED IN THE DEATH OF THE VICTIM

To establish that the defendant intentionally engaged in an act of violence which the defendant knew would create a grave risk of death to a person other than one of the participants in the offense, and which resulted in the death of the victim, the government must prove to your unanimous satisfaction and beyond a reasonable doubt: (1) that the defendant intentionally and specifically engaged in an act which the defendant knew or was aware would create a grave risk

12

USCA5 733

104

of death to a person who was a non-participant in the offense or acted with reckless disregard for, or with extreme indifference to, human life; and (2) that the act in which the defendant engaged resulted in the death of the victim. A "grave risk of death" is a risk that is very serious and dangerous to life. To act "intentionally" means to act deliberately and purposefully. That is, the defendant's act was the product of the defendant's conscious objective rather than the product of a mistake or accident.

## SPECIAL FINDING III—STATUTORY AGGRAVATING FACTORS REGARDING CIRCUMSTANCES OF THE CRIME AND CONDUCT OF THE DEFENDANT

You must then consider whether the government has proved beyond a reasonable doubt and to your unanimous satisfaction the existence of any one of the statutory aggravating factors regarding the nature and circumstances of the crime and the conduct of the defendant. You must make specific findings as to each of the statutory aggravating factors alleged by the government.

In this case, the government alleges five (5) aggravating factors regarding the nature and circumstances of the crime and the conduct of Defendant Mark Isaac Snarr:

A.     The defendant has previously been convicted of two (2) or more Federal or State offenses, punishable by a term of imprisonment of more than one (1) year, committed on different occasions, involving the infliction of, or attempted infliction of, serious bodily injury or death upon another person;

B.     The defendant, in the commission of the offense, knowingly created a grave risk of death to one (1) or more persons in addition to the victim of the offense, Gabriel Rhone;

13

C.     The defendant committed the offense in an especially heinous, cruel, or depraved manner in that it involved torture or serious physical abuse to the victim, Gabriel Rhone;

D.     The defendant committed the offense after substantial planning and premeditation to cause the death of a person; and/or

E.     The defendant intentionally killed or attempted to kill more than one (1) person in a single criminal episode.

## CONVICTION OF TWO (2) OR MORE FEDERAL OR STATE OFFENSES, PUNISHABLE BY A TERM OF IMPRISONMENT OF MORE THAN ONE (1) YEAR, COMMITTED ON DIFFERENT OCCASIONS, INVOLVING THE INFLICTION OF, OR ATTEMPTED INFLICTION OF, SERIOUS BODILY INJURY OR DEATH UPON ANOTHER PERSON

A statutory aggravating factor alleged by the government is that Defendant Mark Isaac Snarr has been previously convicted of two (2) or more Federal or State offenses, punishable by a term of imprisonment of more than one (1) year, committed on different occasions, involving the infliction of, or attempted infliction of, serious bodily injury or death upon another person. The government alleges:  (1) that the defendant has previously been convicted in the Second District Court, Farmington, Davis County, Utah, of Aggravated Assault by a Prisoner on or about June 10, 2004; (2) that the defendant has previously been convicted in the District of Utah of Racketeer Influenced and Corrupt Organizations (R.I.C.O.) Conspiracy on or about August 12, 2005; and (3) that the defendant has previously been convicted in the Eastern District of Texas of Possession of a Weapon by a Federal Inmate on or about March 19, 2009.  If you unanimously find beyond a reasonable doubt that the government has proved that the defendant was previously convicted of at least two (2) of the above listed offenses, committed on different occasions, each

14

106

involving the infliction of, or attempted infliction of, serious bodily injury or death upon another person and punishable by a term of imprisonment of more than one (1) year, then you should find the government has proven this aggravating factor. You must indicate on the Verdict Form whether you unanimously agree beyond a reasonable doubt as to any of these factors.

## THE DEFENDANT, IN THE COMMISSION OF THE OFFENSE, KNOWINGLY CREATED A GRAVE RISK OF DEATH TO ONE (1) OR MORE PERSONS IN ADDITION TO THE VICTIM OF THE OFFENSE

The second statutory aggravating factor alleged by the government is that the defendant, in the commission of the offense, knowingly created a grave risk of death to one (1) or more persons in addition to the victim of the offense.

Therefore, if you find beyond a reasonable doubt that the defendant, in committing the murder of Gabriel Rhone, knowingly created a grave risk of death to one (1) or more persons in addition to Gabriel Rhone, then you should find the government has proven this aggravating factor. You must indicate on the Verdict Form whether you unanimously agree beyond a reasonable doubt as to this factor.

## THE DEFENDANT COMMITTED THE OFFENSE IN AN ESPECIALLY HEINOUS, CRUEL, OR DEPRAVED MANNER IN THAT IT INVOLVED TORTURE OR SERIOUS PHYSICAL ABUSE TO GABRIEL RHONE

To find the existence of this statutory aggravating factor, you must unanimously find that the government has proved beyond a reasonable doubt that the defendant committed the offense in an especially heinous, cruel, or depraved manner in that it involved either torture or serious physical abuse to the victim.

"Torture" includes severe mental as well as physical abuse. For such abuse to amount to torture, the victim must have been conscious of it at the time it was inflicted. Further, the

15

USCA5 736

107

defendant must have specifically intended to inflict severe mental or physical pain upon the victim, apart from killing the victim.

On the other hand, "serious physical abuse" may be inflicted regardless of whether the victim is conscious of the abuse at the time it was inflicted. The defendant, however, must have specifically intended the abuse, apart from the killing. "Serious physical abuse" means a significant or considerable amount of injury or damage to the victim's body which involves a substantial risk of death, extreme physical pain, protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ, or mental faculty.

## SUBSTANTIAL PLANNING AND PREMEDITATION

The government has also alleged that the defendant killed Gabriel Rhone after substantial planning and premeditation. The government must prove this aggravating factor to your unanimous satisfaction beyond a reasonable doubt. The words "substantial planning and premeditation" should be given their ordinary, everyday meaning. "Planning" means the act or process of making or carrying out plans. A plan, as used in these instructions, means a method of achieving something, or a way of carrying out a design.

"Premeditation" means thinking or deliberating about something and deciding whether to do it beforehand. The passage of time is a factor which you may consider in attempting to determine if a defendant acted with "premeditation." The amount of time needed for premeditation of a killing can depend on the person and the circumstances. The time must be long enough after forming the intent to kill, however, for the killer to have been fully conscious of the intent and to have considered the killing. "Substantial" planning and premeditation means a considerable or significant amount of planning and premeditation. This substantial planning and

16

USCA5 737

premeditation must relate to the killing of Gabriel Rhone and the acts which directly led to his death. The fact that the killing occurred does not satisfy this requirement. You must find that both the planning and the premeditation were more than the minimum amount necessary to commit the offense of murder. However, the government need not prove that the defendant planned or deliberated for any particular period of time before the killing of Gabriel Rhone.

## INTENTIONALLY KILLED OR ATTEMPTED TO KILL MORE THAN ONE (1) PERSON IN A SINGLE CRIMINAL EPISODE

The last statutory aggravating factor that the government alleges is that the defendant intentionally killed or attempted to kill more than one (1) person in a single criminal episode. Therefore, if you unanimously find beyond a reasonable doubt that the government has proved that the defendant intentionally killed or attempted to kill more than one (1) person in a single criminal episode then you should find the government has proven this aggravating factor. You must indicate on the Verdict Form whether you unanimously agree beyond a reasonable doubt as to this factor.

## INSTRUCTIONS ON DELIBERATIONS

To reach a verdict, all of you must agree. Your verdict must be unanimous. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But

17

USCA5 738

do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. Your duty is to decide whether the government has carried its burden of proof at this the eligibility phase of the trial.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, BlackBerry, or computer; the Internet, any Internet service, or any text or instant messaging service; or any Internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until you are discharged from jury service.

A Verdict Form has been prepared for your convenience.

The foreperson will write the unanimous answers of the jury in the spaces provided. At the conclusion of your deliberations, the foreperson should date and sign the Verdict Form with her initials and each of you should attest to the Certification by your signature.

18

USCA5 739

110

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the courtroom security officer. I will either reply in writing or bring you back into the courtroom to respond to your inquiry.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict.

SIGNED at Beaumont, Texas, this _11th_ day of May, 2010.

Marcia A. Crone
United States District Judge

19

UNITED STATES DISTRICT COURT      EASTERN DISTRICT OF TEXAS

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| *versus* | § | NO. 1:09-CR-15 (2) |
| | § | (Judge Crone) |
| EDGAR BALTAZAR GARCIA | § | |

**COURT'S INSTRUCTIONS TO THE JURY—PHASE TWO**

**FILED**
M:_____ 5-11 _____20 10
DAVID J. MALAND, CLERK
U.S. DISTRICT COURT
By_____
DEPUTY

Members of the Jury:

Having found Defendant Edgar Baltazar Garcia guilty of First Degree Murder in phase one of the trial, you must now in phase two determine if the defendant is legally eligible for consideration of the death penalty as punishment. These instructions will explain the law that you must apply in making the various findings relevant to the issue of eligibility.

A determination by you that the defendant is eligible for consideration of a death sentence does not mean that such a sentence will be imposed. Rather, the selection of the punishment will be made by you in a subsequent phase of the trial if you first find that the defendant is death penalty eligible. At this stage of the proceedings, you are not to consider or discuss whether death is an appropriate punishment.

## GENERAL INSTRUCTIONS

Some of the legal principles that you must apply at this stage of the proceedings duplicate the instructions I gave you in phase one of the trial. I will now repeat several of the instructions I previously gave you for guidance in your deliberations with respect to this the eligibility phase of the trial.

USCA5 939

112

## DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

## REASONABLE DOUBT

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

## EXCLUDING WHAT IS NOT EVIDENCE

As I told you earlier, it is your duty to determine the facts. In doing so, you must consider only the evidence presented during phases one and two of the trial, including the sworn testimony of the witnesses and the exhibits. Remember that any statements, objections, or arguments made by the lawyers are not evidence. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to

2

113

certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, you have been instructed to disregard certain questions. Do not consider any questions you have been told to disregard in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

### EVIDENCE—INFERENCES—DIRECT AND CIRCUMSTANTIAL

While you should consider only the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

In considering the evidence, you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of events and

3

circumstances indicating that something is or is not a fact. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

## CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved beyond a reasonable doubt whether the defendant is eligible for consideration of the death penalty as punishment. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe all or any part of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the person impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he or she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on

4

US

the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.

## IMPEACHMENT BY PRIOR INCONSISTENCIES

The testimony of a witness may be discredited by showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may consider the earlier statements only to determine whether you think they are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

## IMPEACHMENT BY PRIOR CONVICTIONS

You have been told that witnesses Keenan Hurt, Ricardo Pallaret, George Sarro, and Benito Perez have prior felony convictions. A conviction is a factor you may consider in deciding whether to believe that witness, but it does not necessarily destroy the witness's credibility. These convictions have been brought to your attention only because you may wish to consider them when you decide whether you believe the witness's testimony. They are not evidence of anything else.

## INFORMER TESTIMONY

The testimony of a witness who provides evidence against a defendant for a benefit, favored treatment, a reduction in sentence, placement in a special program, or for personal

5



USCA5 943

advantage must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses. You, the jury, must decide whether the witness's testimony has been affected by any of those circumstances, or by the witness's interest in the outcome of the case, or by prejudice against the defendant, or by the benefits that the witness has or may receive from providing testimony in this case. You should keep in mind that such testimony is always to be received with caution and weighed with great care.

## EXPERT WITNESSES

During the trial, you heard the testimony of Dr. Tommy Brown and Mark Bezy who expressed opinions concerning forensic pathology and prison administration, respectively. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

## STATEMENT—VOLUNTARINESS

In determining whether any statement, claimed to have been made by a defendant outside of court and after an alleged crime has been committed, was knowingly and voluntarily made, you should consider the evidence concerning such a statement with caution and great care, and should give such weight to the statement that you feel it deserves under all the circumstances.

6

USCA5 944

You may consider in that regard such factors as the age, sex, training, education, occupation, and physical and mental condition of the defendant and all the other circumstances in evidence surrounding the making of the statement.

Of course, any such statement should not be considered in any way whatsoever as evidence with respect to any other defendant on trial.

## MULTIPLE DEFENDANTS

The case of each defendant and the evidence pertaining to that defendant should be considered separately and individually. The fact that you may find one of the defendants legally eligible for the death penalty should not control your verdict as to the other defendant.

## SPECIFIC INSTRUCTIONS WITH RESPECT TO ELIGIBILITY PHASE

The task of determining whether or not the defendant is eligible for consideration of the death penalty is an extremely important one. It is imperative that you keep an open mind until you have had the opportunity to hear the arguments of the parties, consider all of the evidence presented, and discuss that evidence with your fellow jurors. Whether or not the circumstances in this case are such that the defendant is eligible for consideration of a death sentence is entirely yours. You must not take anything I said or did during either phase of the trial as indicating what I think of the evidence presented or what I think your verdict on the eligibility findings should be.

When making your findings, you may not rely solely upon your previous guilty verdict or your factual determinations during those deliberations. Instead, you must now each decide the new issues before you. In making the determinations you are required to make in this phase of the trial, however, you may consider any evidence that was presented during the first phase, as well as any additional evidence that was presented during the eligibility phase.

7

USCA5 945

The government has the burden of proving beyond a reasonable doubt the aggravating factors necessary to render the defendant eligible for a death sentence. As I explained to you in the guilt phase, while this burden of proof is a strict or heavy burden, it is not necessary that proof of the necessary aggravating factors be beyond all possible doubt. It is only required that the government's proof exclude any reasonable doubt as to these factors to your unanimous satisfaction.

As was true in the first phase of the trial, the defendant has no obligation to testify or present any evidence during the eligibility phase. Put another way, the defendant does not have to prove that the alleged aggravating factors do not exist. Thus, no adverse inference may be drawn against a defendant who does not take the stand at the eligibility stage of the trial.

In considering whether the defendant is eligible for the death sentence, you must not consider the race, color, religious beliefs, national origin, or sex of either the defendant or the victim in this case. These facts are completely irrelevant to the important issues you must consider. You are not to find that a defendant is eligible for a sentence of death unless you have concluded that you would make such a finding no matter what the race, color, religious beliefs, national origin, or sex of either the defendant or the victim might have been.

To emphasize the importance of this consideration, a Certification is attached to the Verdict Form that must be signed by each juror. When you have reached a decision, each of you must sign the Certificate—but only if this is so—attesting that considerations of race, color, religious beliefs, national origin, or sex of the defendant or the victim were not involved in reaching your individual decision, and attesting that you would have made the same findings no matter what the

8

USCA5 946

race, color, religious beliefs, national origin, or sex of the defendant or the victim might have been.

## SPECIAL FINDING I—AGE OF THE DEFENDANT

You must first determine whether the government has proved beyond a reasonable doubt to your unanimous satisfaction that the defendant was eighteen (18) years of age or older at the time of the instant offense. In this case, the parties have stipulated to the age of the defendant, and you should treat that fact as having been proved. You must, however, still indicate on the Verdict Form whether you unanimously agree beyond a reasonable doubt that the defendant was eighteen (18) years of age or older at the time of the offense.

## SPECIAL FINDING II—AGGRAVATING FACTORS
## WITH RESPECT TO THE DEFENDANT'S INTENT

You must then consider whether the government has proved beyond a reasonable doubt and to your unanimous satisfaction one of the four necessary threshold aggravating factors regarding the knowledge and intent of the defendant with respect to the death of Gabriel Rhone. In this case, the government alleges four possible threshold intent aggravating factors:

A.  that the defendant intentionally killed the victim, Gabriel Rhone; or

B.  that the defendant intentionally inflicted serious bodily injury that resulted in the death of the victim, Gabriel Rhone; or

C.  that the defendant intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim, Gabriel Rhone, died as a direct result of the act; or

9

120

D.   that the defendant intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life, and the victim, Gabriel Rhone, died as a direct result of the act.

You must unanimously find beyond a reasonable doubt that one of these four intent factors has been proven by the government as to the defendant before you may go any further in your deliberations. If you unanimously find that any one of these factors has been proven beyond a reasonable doubt as to the defendant, you need not consider the remaining possible intent factors. If, however, you unanimously find that none of the four possible intent aggravating factors is present for the defendant, your deliberations as to eligibility are complete.

In evaluating whether the government has met its burden regarding the intent of the defendant, you should consider the following instructions on the law.

**INTENT GENERALLY**

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proven directly because there is no way of scrutinizing the workings of the human mind. In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements or acts or inaction of that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent. You may infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. To act "knowingly" means that the defendant was conscious and aware of his action, realized what he was doing, and did not act because of

10

**121**

USCA5 948

ignorance, mistake, or accident. It is entirely up to you, however, to decide what facts to find from the evidence received during the trial.

## INTENTIONALLY KILLING THE VICTIM

To establish that the defendant "intentionally" killed the victim, the government must prove to your unanimous satisfaction and beyond a reasonable doubt that the defendant deliberately and purposefully killed Gabriel Rhone. In other words, you must find that the killing was the product of the defendant's conscious objective rather than the product of a mistake or accident.

## INTENTIONALLY INFLICTING SERIOUS BODILY INJURY WHICH RESULTED IN THE DEATH OF THE VICTIM

To establish that the defendant intentionally inflicted serious bodily injury which resulted in the death of the victim, the government must prove that the defendant deliberately caused serious injury to the victim's body, which, in turn, caused the victim's death. That is, the infliction of serious bodily injury was the product of the defendant's conscious objective rather than the product of a mistake or accident. The government must also prove to your unanimous satisfaction beyond a reasonable doubt that the serious bodily injury resulted in the victim's death. "Serious bodily injury" means a significant or considerable amount of injury or damage; injury which presents a substantial risk of death; infliction of extreme physical pain; obvious disfigurement; or loss or impairment (other than temporary) of the function of a bodily member, organ, or mental faculty.

11

122

## INTENTIONALLY PARTICIPATING IN AN ACT CONTEMPLATING THAT THE LIFE OF A PERSON WOULD BE TAKEN OR INTENDING THAT LETHAL FORCE WOULD BE EMPLOYED AGAINST A PERSON

To establish that the defendant intentionally participated in an act contemplating that the life of a person would be taken or intending that lethal force would be employed against a person, the government must prove to your unanimous satisfaction and beyond a reasonable doubt that the defendant deliberately and purposefully committed an act and that, in so acting, the defendant intended that a person be killed or that lethal force be employed against a person other than one of the participants in the offense. That is, the government must prove that the defendant's conduct was the product of the defendant's conscious objective rather than the product of mistake or accident. The government must also prove that the victim died as a direct result of the defendant's conduct.

## INTENTIONALLY ENGAGING IN AN ACT OF VIOLENCE WHICH THE DEFENDANT KNEW WOULD CREATE A GRAVE RISK OF DEATH TO A PERSON OTHER THAN THE PARTICIPANTS IN THE OFFENSE AND WHICH RESULTED IN THE DEATH OF THE VICTIM

To establish that the defendant intentionally engaged in an act of violence which the defendant knew would create a grave risk of death to a person other than one of the participants in the offense, and which resulted in the death of the victim, the government must prove to your unanimous satisfaction and beyond a reasonable doubt: (1) that the defendant intentionally and specifically engaged in an act which the defendant knew or was aware would create a grave risk of death to a person who was a non-participant in the offense or acted with reckless disregard for, or with extreme indifference to, human life; and (2) that the act in which the defendant engaged resulted in the death of the victim. A "grave risk of death" is a risk that is very serious and

12

dangerous to life. To act "intentionally" means to act deliberately and purposefully. That is, the defendant's act was the product of the defendant's conscious objective rather than the product of a mistake or accident.

## SPECIAL FINDING III—STATUTORY AGGRAVATING FACTORS REGARDING CIRCUMSTANCES OF THE CRIME AND CONDUCT OF THE DEFENDANT

You must then consider whether the government has proved beyond a reasonable doubt and to your unanimous satisfaction the existence of any one of the statutory aggravating factors regarding the nature and circumstances of the crime and the conduct of the defendant. You must make specific findings as to each of the statutory aggravating factors alleged by the government.

The government alleges seven (7) aggravating factors regarding the nature and circumstances of the crime and the conduct of Defendant Edgar Baltazar Garcia:

A. The defendant has previously been convicted of two (2) or more Federal or State offenses, punishable by a term of imprisonment of more than one (1) year, committed on different occasions, involving the infliction of, or attempted infliction of, serious bodily injury or death upon another person;

B. The defendant, in the commission of the offense, knowingly created a grave risk of death to one (1) or more persons in addition to the victim of the offense, Gabriel Rhone;

C. The defendant committed the offense in an especially heinous, cruel, or depraved manner in that it involved torture or serious physical abuse to the victim, Gabriel Rhone;

13

USCA5 951

D. The defendant committed the offense after substantial planning and premeditation to cause the death of a person;

E. The defendant has been convicted of two (2) or more State or Federal offenses, punishable by a term of imprisonment of more than one (1) year, committed on different occasions, involving the distribution of a controlled substance;

F. The defendant had previously been convicted of violating Title II or III of the Comprehensive Drug Abuse Prevention and Control Act of 1970 for which a sentence of five (5) or more years may be imposed or had previously been convicted of engaging in a continuing criminal enterprise; and/or

G. The defendant intentionally killed or attempted to kill more than one (1) person in a single criminal episode.

In evaluating whether the government has met its burden regarding these alleged aggravating factors, you should consider the following instructions on the law.

## CONVICTION OF TWO (2) OR MORE FEDERAL OR STATE OFFENSES, PUNISHABLE BY A TERM OF IMPRISONMENT OF MORE THAN ONE (1) YEAR, COMMITTED ON DIFFERENT OCCASIONS, INVOLVING THE INFLICTION OF, OR ATTEMPTED INFLICTION OF, SERIOUS BODILY INJURY OR DEATH UPON ANOTHER PERSON

A statutory aggravating factor alleged by the government is that defendant Edgar Baltazar Garcia has been previously convicted of two (2) or more Federal or State offenses, committed on different occasions, punishable by a term of imprisonment of more than one (1) year, involving the infliction of, or attempted infliction of, serious bodily injury or death upon another person.

14

USCA5 952

125

The government alleges that: (1) that the defendant has previously been convicted in the 350th District Court, Taylor County, Texas, of Deadly Conduct on or about December 8, 1998; and (2) that the defendant has previously been convicted in the Eastern District of Texas of Assault with a Dangerous Weapon with Intent to Commit Bodily Harm on or about October 23, 2007. If you unanimously find beyond a reasonable doubt that the government has proved that the defendant was previously convicted of the two (2) above listed offenses, committed on different occasions, each involving the infliction of, or attempted infliction of, serious bodily injury or death upon another person and punishable by a term of imprisonment of more than one (1) year, then you should find the government has proven this aggravating factor. You must indicate on the Verdict Form whether you unanimously agree beyond a reasonable doubt as to any of these factors.

### THE DEFENDANT, IN THE COMMISSION OF THE OFFENSE, KNOWINGLY CREATED A GRAVE RISK OF DEATH TO ONE (1) OR MORE PERSONS IN ADDITION TO THE VICTIM OF THE OFFENSE

The second statutory aggravating factor alleged by the government is that the defendant, in the commissions of the offense, knowingly created a grave risk of death to one (1) or more persons in addition to the victim of the offense.

Therefore, if you find beyond a reasonable doubt that the defendant, in committing the murder of Gabriel Rhone, knowingly created a grave risk of death to one (1) or more persons in addition to Gabriel Rhone, then you should find the government has proven this aggravating factor. You must indicate on the Verdict Form whether you unanimously agree beyond a reasonable doubt as to this factor.

15

USCA5 953

# THE DEFENDANT COMMITTED THE OFFENSE IN AN
# ESPECIALLY HEINOUS, CRUEL, OR DEPRAVED MANNER IN THAT IT
# INVOLVED TORTURE OR SERIOUS PHYSICAL ABUSE TO GABRIEL RHONE

To find the existence of this statutory aggravating factor, you must unanimously find that the government has proved beyond a reasonable doubt that the defendant committed the offense in an especially heinous, cruel, or depraved manner in that it involved either torture or serious physical abuse to the victim.

"Torture" includes severe mental as well as physical abuse. For such abuse to amount to torture, the victim must have been conscious of it at the time it was inflicted. Further, the defendant must have specifically intended to inflict severe mental or physical pain upon the victim, apart from killing the victim.

On the other hand, "serious physical abuse" may be inflicted regardless of whether the victim is conscious of the abuse at the time it was inflicted. The defendant, however, must have specifically intended the abuse, apart from the killing. "Serious physical abuse" means a significant or considerable amount of injury or damage to the victim's body which involves a substantial risk of death, extreme physical pain, protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ, or mental faculty.

## SUBSTANTIAL PLANNING AND PREMEDITATION

The government has also alleged that the defendant killed Gabriel Rhone after substantial planning and premeditation. The government must prove this aggravating factor to your unanimous satisfaction beyond a reasonable doubt. The words "substantial planning and premeditation" should be given their ordinary, everyday meaning. "Planning" means the act or

16

127

USCA5 954

process of making or carrying out plans. A plan, as used in these instructions, means a method of achieving something, or a way of carrying out a design.

"Premeditation" means thinking or deliberating about something and deciding whether to do it beforehand. The passage of time is a factor which you may consider in attempting to determine if a defendant acted with "premeditation." The amount of time needed for premeditation of a killing can depend on the person and the circumstances. The time must be long enough after forming the intent to kill, however, for the killer to have been fully conscious of the intent and to have considered the killing. "Substantial" planning and premeditation means a considerable or significant amount of planning and premeditation. This substantial planning and premeditation must relate to the killing of Gabriel Rhone and the acts which directly led to his death. The fact that the killing occurred does not satisfy this requirement. You must find that both the planning and the premeditation were more than the minimum amount necessary to commit the offense of murder. However, the government need not prove that the defendant planned or deliberated for any particular period of time before the killing of Gabriel Rhone.

## CONVICTION OF TWO (2) OR MORE STATE OR FEDERAL OFFENSES, PUNISHABLE BY A TERM OF IMPRISONMENT OF MORE THAN ONE (1) YEAR, COMMITTED ON DIFFERENT OCCASIONS, INVOLVING THE DISTRIBUTION OF A CONTROLLED SUBSTANCE

A statutory aggravating factor alleged by the government is that defendant Edgar Baltazar Garcia has been previously convicted of two (2) or more State or Federal offenses, punishable by a term of imprisonment of more than one (1) year, committed on different occasions, involving the distribution of a controlled substance. The government alleges that the defendant has previously been convicted in the Northern District of Texas on or about June 28, 2002, of: (1)

17

USCA5 955

Conspiracy to Distribute and Possess with Intent to Distribute in Excess of 5 kilograms of Cocaine, in Excess of 500 grams of Methamphetamine, and in Excess of 100 kilograms of Marijuana resulting from offenses committed from on or about 1996 to January 8, 2002; (2) Possession With Intent to Distribute Methamphetamine committed from on or about January 1, 1998, to on or about January 22, 1998; (3) Distribution of Methamphetamine committed from on or about July 18, 1998, to on or about July 22, 1998; (4) Distribution of Cocaine committed from on or about September 1, 1999, to on or about September 2, 1999; (5) Possession with Intent to Distribute Cocaine committed from on or about March 9, 2001, to on or about March 12, 2001; and (6) Possession with Intent to Distribute Cocaine Base committed from on or about August 19, 2001, to August 22, 2001. If you unanimously find beyond a reasonable doubt that the Government has proved that the defendant was previously convicted of at least two (2) of the above listed offenses, committed on different occasions, each involving the distribution of a controlled substance and punishable by a term of imprisonment of more than one (1) year, then you should find the government has proven this aggravating factor. You must indicate on the Verdict Form whether you unanimously agree beyond a reasonable doubt as to this factor.

### CONVICTION VIOLATING TITLE II OR III OF THE COMPREHENSIVE DRUG ABUSE PREVENTION AND CONTROL ACT OF 1970 FOR WHICH A SENTENCE OF FIVE (5) OR MORE YEARS MAY BE IMPOSED OR HAD PREVIOUSLY BEEN CONVICTED OF ENGAGING IN A CONTINUING CRIMINAL ENTERPRISE

The sixth statutory aggravating factor that the Government alleges is that the defendant had previously been convicted of violating Title II or III of the Comprehensive Drug Abuse Prevention and Control Act of 1970 (Controlled Substance Act, 21 U.S.C. § 801, *et seq.*) for which a sentence of five or more years may be imposed. The government alleges that the defendant has

18

USCA5 956

previously been convicted in the Northern District of Texas on or about June 28, 2002, of: (1) Conspiracy to Distribute and Possess with Intent to Distribute in Excess of 5 kilograms of Cocaine, in Excess of 500 grams of Methamphetamine, and in Excess of 100 kilograms of Marijuana resulting from offenses committed from on or about 1996 to January 8, 2002; (2) Possession With Intent to Distribute Methamphetamine committed from on or about January 1, 1998, to on or about January 22, 1998; (3) Distribution of Methamphetamine committed from on or about July 18, 1998, to on or about July 22, 1998; (4) Distribution of Cocaine committed from on or about September 1, 1999, to on or about September 2, 1999; (5) Possession with Intent to Distribute Cocaine committed from on or about March 9, 2001, to on or about March 12, 2001; and (6) Possession with Intent to Distribute Cocaine Base committed from on or about August 19, 2001, to August 22, 2001. If you unanimously find beyond a reasonable doubt that the government has proved that the defendant was previously convicted of at least one (1) of the above listed offenses and that the offense was punishable by a term of imprisonment of five (5) years or more, then you should find the government has proven this aggravating factor. You must indicate on the Verdict Form whether you unanimously agree beyond a reasonable doubt as to this factor.

## INTENTIONALLY KILLED OR ATTEMPTED TO KILL MORE THAN ONE (1) PERSON IN A SINGLE CRIMINAL EPISODE

The last statutory aggravating factor that the government alleges is that the defendant intentionally killed or attempted to kill more than one (1) person in a single criminal episode. Therefore, if you unanimously find beyond a reasonable doubt that the government has proved that the defendant intentionally killed or attempted to kill more than one (1) person in a single criminal episode then you should find the government has proven this aggravating factor. You must

19

**130**

indicate on the Verdict Form whether you unanimously agree beyond a reasonable doubt as to this factor.

## INSTRUCTIONS ON DELIBERATIONS

To reach a verdict, all of you must agree. Your verdict must be unanimous. Your deliberations will be secret. You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. Your duty is to decide whether the government has carried its burden of proof at this the eligibility phase of the trial.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, BlackBerry, or computer; the Internet, any Internet

20

131

USCA5 958

service, or any text or instant messaging service; or any Internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until you are discharged from jury service.

A Verdict Form has been prepared for your convenience.

The foreperson will write the unanimous answers of the jury in the spaces provided. At the conclusion of your deliberations, the foreperson should date and sign the Verdict Form with her initials and each of you should attest to the Certification by your signature.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the courtroom security officer. I will either reply in writing or bring you back into the courtroom to respond to your inquiry.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict.

SIGNED at Beaumont, Texas, this _/4th_ day of May, 2010.

_Marcia A. Crone_
Marcia A. Crone
United States District Judge

21

USCA5 959

| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | NO. 1:09-CR-15 (1) |
| | § | (Judge Crone) |
| MARK ISAAC SNARR | § | |

**VERDICT OF THE JURY—PHASE TWO**

**FILED**
M. **5 - 12** 20**10**
DAVID J. MALAND, CLERK
U.S. DISTRICT COURT
By_____
DEPUTY

**SPECIAL FINDING I**

We, the jury, unanimously find that the government

___✓___ HAS   _____ HAS NOT

proved beyond a reasonable doubt that Defendant Mark Issac Snarr
was eighteen (18) years of age or older at the time of the instant offense.

If you have found that the government has carried its burden with respect to Special Finding I, then proceed to Special Finding II-A.   If you have found that the government has not carried its burden with respect to Special Finding I, then sign and date this Verdict Form and proceed to the Certification.

**SPECIAL FINDING II**

II-A.   We, the jury, unanimously find that the government

___✓___ HAS   _____ HAS NOT

proved beyond a reasonable doubt that Defendant Mark Isaac Snarr
intentionally killed Gabriel Rhone.

If you have found that the government has carried its burden with respect to Special Finding II-A, then proceed to Special Finding III.   If you have found that the government has not carried its burden with respect to Special Finding II-A, then proceed to Special Finding II-B.

II-B.   We, the jury, unanimously find that the government

_____ HAS   _____ HAS NOT

proved beyond a reasonable doubt that Defendant Mark Isaac Snarr intentionally inflicted
serious bodily injury that resulted in the death of Gabriel Rhone.

A TRUE COPY I CERTIFY
DAVID J. MALAND, CLERK
U S DISTRICT COURT
EASTERN DISTRICT TEXAS
BY

133

If you have found that the government has carried its burden with respect to Special Finding II-B, then proceed to Special Finding III. If you have found that the government has not carried its burden with respect to Special Finding II-B, then proceed to Special Finding II-C.

II-C. We, the jury, unanimously find that the government

_____ HAS   _____ HAS NOT

proved beyond a reasonable doubt that Defendant Mark Isaac Snarr intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Gabriel Rhone died as a direct result of the act.

If you have found that the government has carried its burden with respect to Special Finding II-C, then proceed to Special Finding III. If you have found that the government has not carried its burden with respect to Special Finding II-C, then proceed to Special Finding II-D.

II-D. We, the jury, unanimously find that the government

_____ HAS   _____ HAS NOT

proved beyond a reasonable doubt that Defendant Mark Isaac Snarr intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life, and Gabriel Rhone died as a direct result of the act.

If you have found that the government has carried its burden with respect to Special Finding II-D, then proceed to Special Finding III. If you have found that the government has not carried its burden with respect to Special Finding II-D, then sign and date this Verdict Form and proceed to the Certification.

## SPECIAL FINDING III

III-A. We, the jury, unanimously find that the government

____✓____ HAS   _____ HAS NOT

proved beyond a reasonable doubt that Defendant Mark Isaac Snarr has previously been convicted of two (2) or more Federal or State offenses, punishable by a term of imprisonment of more than one (1) year, committed on different occasions, involving the infliction of, or attempted infliction of, serious bodily injury or death upon another person.

Regardless of how you answered Special Finding III-A, proceed to Special Finding III-B.

III-B.   We, the jury, unanimously find that the government

_____✓_____ HAS   _____ HAS NOT

proved beyond a reasonable doubt that Defendant Mark Isaac Snarr,
in the commission of the offense, knowingly created a grave risk of death to one (1) or more
persons in addition to the victim of the offense, Gabriel Rhone.

Regardless of how you answered Special Finding III-B, proceed to Special Finding III-C.

III-C.   We, the jury, unanimously find that the government

_____✓_____ HAS   _____ HAS NOT

proved beyond a reasonable doubt that Defendant Mark Isaac Snarr
committed the offense in an especially heinous, cruel, and depraved manner
in that it involved torture or serious physical abuse to Gabriel Rhone.

Regardless of how you answered Special Finding III-C, proceed to Special Finding III-D.

III-D.   We, the jury, unanimously find that the government

_____✓_____ HAS   _____ HAS NOT

proved beyond a reasonable doubt that Defendant Mark Isaac Snarr
committed the offense after substantial planning and premeditation
to cause the death of a person.

Regardless of how you answered Special Finding III-D, proceed to Special Finding III-E.

III-E.   We, the jury, unanimously find that the government

_____ HAS   _____ HAS NOT

proved beyond a reasonable doubt that Defendant Mark Isaac Snarr
intentionally killed or attempted to kill more than one (1) person in a single criminal episode.

Regardless of how you answered Special Finding III-E, sign and date this Verdict Form and
proceed to the Certification.

Date: _May 12, 2010_   _Theresa Watson_
Jury Foreperson

135

## CERTIFICATION

Considerations of race, color, religious beliefs, national origin, or sex of the defendant, Edgar Baltazar Garcia, or the victim, Gabriel Rhone, were not involved in reaching these findings. These findings would have been made regardless of the race, color, religious beliefs, national origin, or sex of the defendant or the victim.

136

| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| UNITED STATES OF AMERICA | . | § | |
|---|---|---|---|
| | | § | |
| *versus* | | § | NO. 1:09-CR-15 (2) |
| | | § | (Judge Crone) |
| EDGAR BALTAZAR GARCIA | | § | |

**FILED**
P.M. _____ 3-12- ___ 20 10
DAVID J. MALAND, CLERK
U.S. DISTRICT COURT
By_____
DEPUTY

### VERDICT OF THE JURY—PHASE TWO

### SPECIAL FINDING I

We, the jury, unanimously find that the Government

_____✓_____ HAS   _____ HAS NOT

proved beyond a reasonable doubt that Defendant Edgar Baltazar Garcia
was eighteen (18) years of age or older at the time of the instant offense.

If you have found that the government has carried its burden with respect to Special Finding I,
then proceed to Special Finding II-A. If you have found that the government has not carried its
burden with respect to Special Finding I, then sign and date this Verdict Form and proceed to the
Certification.

### SPECIAL FINDING II

II-A. We, the jury, unanimously find that the government

_____✓_____ HAS   _____ HAS NOT

proved beyond a reasonable doubt that Defendant Edgar Baltazar Garcia
intentionally killed Gabriel Rhone.

If you have found that the government has carried its burden with respect to Special Finding II-A,
then proceed to Special Finding III. If you have found that the government has not carried its
burden with respect to Special Finding II-A, then proceed to Special Finding II-B.

II-B. We, the jury, unanimously find that the government

_____ HAS   _____ HAS NOT

proved beyond a reasonable doubt that Defendant Edgar Baltazar Garcia
intentionally inflicted serious bodily injury that resulted in the death of Gabriel Rhone.

USCA5 40

If you have found that the government has carried its burden with respect to Special Finding II-B, then proceed to Special Finding III. If you have found that the government has not carried its burden with respect to Special Finding II-B, then proceed to Special Finding II-C.

II-C. We, the jury, unanimously find that the government

_____ HAS _____ HAS NOT

proved beyond a reasonable doubt that Defendant Edgar Baltazar Garcia intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Gabriel Rhone died as a direct result of the act.

If you have found that the government has carried its burden with respect to Special Finding II-C, then proceed to Special Finding III. If you have found that the government has not carried its burden with respect to Special Finding II-C, then proceed to Special Finding II-D.

II-D. We, the jury, unanimously find that the government

_____ HAS _____ HAS NOT

proved beyond a reasonable doubt that Defendant Edgar Baltazar Garcia intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life, and Gabriel Rhone died as a direct result of the act.

If you have found that the government has carried its burden with respect to Special Finding II-D, then proceed to Special Finding III. If you have found that the government has not carried its burden with respect to Special Finding II-D, then sign and date this Verdict Form and proceed to the Certification.

## SPECIAL FINDING III

III-A. We, the jury, unanimously find that the government

_____✓_____ HAS _____ HAS NOT

proved beyond a reasonable doubt that Defendant Edgar Baltazar Garcia has previously been convicted of two (2) or more Federal or State offenses, punishable by a term of imprisonment of more than one (1) year, committed on different occasions, involving the infliction of, or attempted infliction of, serious bodily injury or death upon another person.

Regardless of how you answered Special Finding III-A, proceed to Special Finding III-B.

138

III-B.   We, the jury, unanimously find that the government

_____✓_____ HAS        _____ HAS NOT

proved beyond a reasonable doubt that Defendant Edgar Baltazar Garcia,
in the commission of the offense, knowingly created a grave risk of death to one (1) or more
persons in addition to the victim of the offense, Gabriel Rhone.

Regardless of how you answered Special Finding III-B, proceed to Special Finding III-C.

III-C.   We, the jury, unanimously find that the government

_____✓_____ HAS        _____ HAS NOT

proved beyond a reasonable doubt that Defendant Edgar Baltazar Garcia
committed the offense in an especially heinous, cruel, and depraved manner
in that it involved torture or serious physical abuse to Gabriel Rhone.

Regardless of how you answered Special Finding III-C, proceed to Special Finding III-D.

III-D.   We, the jury, unanimously find that the government

_____✓_____ HAS        _____ HAS NOT

proved beyond a reasonable doubt that Defendant Edgar Baltazar Garcia
committed the offense after substantial planning and premeditation
to cause the death of a person.

Regardless of how you answered Special Finding III-D, proceed to Special Finding III-E.

III-E.   We, the jury, unanimously find that the government

_____✓_____ HAS        _____ HAS NOT

proved beyond a reasonable doubt that Defendant Edgar Baltazar Garcia
has been convicted of two (2) or more State or Federal offenses, punishable by a term of
imprisonment of more than one (1) year, committed on different occasions, involving the
distribution of a controlled substance.

Regardless of how you answered Special Finding III-E, proceed to Special Finding III-F.

139

USCA5 42

III-F. We, the jury, unanimously find that the government

_____✓_____ HAS  _____ HAS NOT

proved beyond a reasonable doubt that Defendant Edgar Baltazar Garcia had previously been convicted of violating Title II or III of the Comprehensive Drug Abuse Prevention and Control Act of 1970 for which a sentence of five (5) or more years may be imposed or had previously been convicted of engaging in a continuing criminal enterprise.

Regardless of how you answered Special Finding III-F, proceed to Special Finding III-G.

III-G. We, the jury, unanimously find that the government

_____ HAS  _____ HAS NOT

proved beyond a reasonable doubt that Defendant Edgar Baltazar Garcia intentionally killed or attempted to kill more than one (1) person in a single criminal episode.

Regardless of how you answered Special Finding III-G, sign and date this Verdict Form and proceed to the Certification.

Date: 4May 12, 2010

Jury Foreperson

USCA5 43

| UNITED STATES DISTRICT COURT | | EASTERN DISTRICT OF TEXAS |
|---|---|---|

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| *versus* | § | NO. 1:09-CR-15 (1) |
| | § | (Judge Crone) |
| MARK ISAAC SNARR | § | |

## COURT'S INSTRUCTIONS TO THE JURY—PHASE THREE

Members of the Jury:

**FILED**

P.M. _____ 5-21 _____ 20 10

DAVID J. MALAND, CLERK

### INTRODUCTION

U.S. DISTRICT COURT

By _____

DEPUTY

Now that you have heard all of the evidence in this case, it is my duty to give you instructions as to the law applicable to the question of punishment selection. You have found the defendant, Mark Isaac Snarr, guilty beyond a reasonable doubt of the first degree murder of Gabriel Rhone, and you have also found the defendant, Mark Isaac Snarr, eligible for the death penalty under the law. You must now consider whether justice requires imposition of the death penalty or life imprisonment without the possibility of release. This decision is left exclusively to the jury. I will not be able to change any decision you reach in this regard. You, and you alone, will decide whether the defendant should be sentenced to death or life imprisonment without the possibility of release. Thus, I again stress the importance of your giving careful and thorough consideration to all of the evidence before you.

### GENERAL INSTRUCTIONS

Some of the legal principles that you must apply at this stage of the proceedings duplicate those instructions I have already given you in the trial. I will now repeat several of the instructions I previously gave for guidance in your deliberations with respect to this the selection phase of the trial.

141

## DUTY TO FOLLOW THE LAW

First, regardless of any opinion you may have as to what the law may be—or should be—it would be a violation of your oath as jurors to base your verdict upon any view of the law other than that given to you in these instructions. Some of the legal principles that you must apply to your selection phase decisions duplicate those you followed in reaching your verdict as to guilt or innocence in the first phase and death penalty eligibility in the second phase, but others are different. The instructions I am giving you now are a complete set of instructions on the law applicable to your selection phase decisions. I have prepared these instructions to ensure that you are clear in your duties at this stage of the case. I have also prepared a Verdict Form that you must complete. The Verdict Form details special findings that you must make in this case and will help you perform your duties properly.

## EVIDENCE TO CONSIDER

In making all of the determinations that you are required to make in this the selection phase of the trial, you may consider any evidence that was received by the court during the guilt and eligibility phases of the trial and the additional evidence received during this phase. You may consider no other evidence. The law demands of you a just verdict, based solely on this evidence, your common sense, and the law as I give it to you. Although the lawyers will make arguments to summarize and interpret the evidence for purposes of this selection phase of the trial, the arguments of the lawyers are not evidence.

## BURDEN OF PROOF

The government has the burden of proving beyond a reasonable doubt the non-statutory aggravating factors alleged in the selection phase of the trial for consideration of a death sentence.

2

USCA5 785

142

A reasonable doubt may arise from the evidence produced by either the government or the defendant during the selection phase, keeping in mind that the defendant never has the burden or duty of calling any witnesses or producing any evidence. It may also arise from the government's lack of evidence. As I explained to you previously in both the guilt and eligibility phases, while this burden of proof is a strict or heavy burden, it is not necessary that proof of the non-statutory aggravating factors be beyond all possible doubt. It is only required that the proof by the government exclude any reasonable doubt as to the non-statutory aggravating factors to your unanimous satisfaction.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

As was true in the first two phases of the trial, the defendant at this phase does not have to present any evidence. The defendant does not have to prove to you that a non-statutory aggravating factor does not exist or that he should not be sentenced to death.

As I have previously told you, under our Constitution, a defendant has no obligation to testify or to present any other evidence. That is as true in this phase as it was in the guilt phase of the trial. Thus, no adverse inference may be drawn against a defendant who does not take the stand.

### EXCLUDING WHAT IS NOT EVIDENCE

As I told you earlier, it is your duty to determine the facts. In doing so, you must consider only the evidence presented during the trial, including the sworn testimony of the witnesses and

3

USCA5 786

143

the exhibits. Remember that any statements, objections, or arguments made by the lawyers are not evidence. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, you have been instructed to disregard certain questions. Do not consider any questions you have been told to disregard in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

## INFERENCES—DIRECT AND CIRCUMSTANTIAL

While you should consider only the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

4

USCA5 787

In considering the evidence, you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

## CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the existence of the non-statutory aggravating factors beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe all or any part of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the person impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

5

USCA5 788

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.

## IMPEACHMENT BY PRIOR INCONSISTENCIES

The testimony of a witness may be discredited by showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may consider the earlier statements only to determine whether you think they are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

## IMPEACHMENT BY PRIOR CONVICTION

You have been told that witnesses Keenan Hurt, Ricardo Palleret, Clinton Alls, George Sarro, John L. Franklin a/k/a Jonathan Franklin, David Wengler, Dan Fortner, Larry Hallback, and Shaquan Smith have prior felony convictions. A conviction is a factor you may consider in deciding whether to believe that witness, but it does not necessarily destroy the witness's credibility. These convictions have been brought to your attention only because you may wish to

6

USCA5 789

consider them when you decide whether you believe the witness's testimony. They are not evidence of anything else.

## INFORMER TESTIMONY

The testimony of a witness who provides evidence against a defendant for a benefit, favored treatment, a reduction in sentence, placement in a special program, or for personal advantage must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses. You, the jury, must decide whether the witness's testimony has been affected by any of those circumstances, or by the witness's interest in the outcome of the case, or by prejudice against the defendant, or by the benefits that the witness has or may receive from providing testimony in this case. You should keep in mind that such testimony is always to be received with caution and weighed with great care.

You should never find the existence of an aggravating factor in the selection phase based upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.

## EXPERT WITNESSES

During the trial, you heard the testimony of Dr. Tommy Brown, Mark Bezy, Dr. Oney Fitzpatrick, Dr. Mary Elizabeth Pelz, and Greg Hershberger, who expressed opinions concerning forensic pathology, prison administration, developmental psychology, prison culture, and prison operations, respectively. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

7

USCA5 790

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

## STATEMENT—VOLUNTARINESS

In determining whether any statement, claimed to have been made by a defendant outside of court and after an alleged crime has been committed, was knowingly and voluntarily made, you should consider the evidence concerning such a statement with caution and great care, and should give such weight to the statement that you feel it deserves under all the circumstances.

You may consider in that regard such factors as the age, sex, training, education, occupation, and physical and mental condition of the defendant and all the other circumstances in evidence surrounding the making of the statement.

Of course, any such statement should not be considered in any way whatsoever as evidence with respect to any other defendant on trial.

## MULTIPLE DEFENDANTS

The case of each defendant and the evidence pertaining to that defendant should be considered separately and individually. The fact that you may find that one of the defendants should be sentenced to death should not control your verdict as to the other defendant.

8

148

## SPECIFIC INSTRUCTIONS WITH RESPECT TO SELECTION PHASE

You have found the defendant guilty of the crime charged in the Indictment and eligible for the death penalty. You are now called upon to decide the issue of punishment, that is, whether the defendant should be sentenced to death or life in prison without the possibility of release.

The deliberative process that you must follow in this phase of the trial is as follows. First, you must consider whether the government has proved beyond a reasonable doubt, and to your unanimous satisfaction, the non-statutory aggravating factors that have been alleged. "Aggravate" means to make worse. An "aggravating factor" is a fact or circumstance that would tend to support imposition of the death penalty. The non-statutory aggravating factors the government has alleged are: (1) Defendant Mark Isaac Snarr poses a continuing and serious threat to the lives and safety of others because it is likely that he will commit criminal acts of violence in the future; and (2) the victim, Gabriel Rhone, was particularly vulnerable due to the fact that he was locked in a cell and devoid of any means with which to defend himself from the armed defendant, Mark Isaac Snarr.

You must consider each of the non-statutory aggravating factors, and the evidence pertaining to each of those factors, separately. You may consider all the evidence you have heard at all phases of the trial in making your decision as to whether the government has proven the existence of the non-statutory aggravating factors beyond a reasonable doubt. Your findings as to the non-statutory aggravating factors alleged by the government in this phase of the trial must be unanimous. In other words, if you are not unanimous in finding a non-statutory aggravating factor, you may not consider that factor in any further deliberations.

9

149

Second, you must consider whether any mitigating factors offered by the defendant have been established by a preponderance of the evidence. A "preponderance of the evidence" means evidence that persuades you that the defendant's claims are more likely true than not true. A "mitigating factor" is any aspect of a defendant's background, record, or character, or any other circumstance of the offense, that mitigates against imposition of the death penalty. The defendant has argued and submitted evidence relevant to certain mitigating factors. You may also consider any other factor about the defendant's background, record, or character or the circumstances of the offense, whether or not argued by defense counsel, that you believe to be mitigating, if such a factor has been established by a preponderance of the evidence. Any member of the jury who finds the existence of a mitigating factor should consider such a factor regardless of the number of jurors who concur that the factor has been established. Unanimity is not required.

Third, you must decide whether the following four (4) statutory aggravating factors, which you determined were proved in the eligibility phase:

1. that the defendant has previously been convicted of two (2) or more Federal or State offenses, punishable by a term of imprisonment of more than one (1) year, committed on different occasions, involving the infliction of, or attempted infliction of, serious bodily injury or death upon another person; and

2. that the defendant, in the commission of the offense, knowingly created a grave risk of death to one (1) or more persons in addition to the victim of the offense, Gabriel Rhone; and

3. that the defendant committed the offense in an especially heinous, cruel, or depraved manner in that it involved torture or serious physical abuse to the victim, Gabriel Rhone; and

4. that the defendant committed the offense after substantial planning and premeditation to cause the death of Gabriel Rhone;

10

150

and the non-statutory aggravating factors, if any, which you find have been proven unanimously and beyond a reasonable doubt in this selection phase, sufficiently outweigh all the mitigating factor or factors found to exist to justify a sentence of death, or, in the absence of a mitigating factor, whether the aggravating factors alone are sufficient to justify a sentence of death.

If, however, you do not find that the government has proven the existence of a non-statutory aggravating factor alleged in the selection phase beyond a reasonable doubt, you must then decide whether the four (4) statutory aggravating factors set forth above sufficiently outweigh all mitigating factors found to exist.

Based upon your individual consideration of all of the aggravating factors you have found unanimously, and all of the mitigating factors you have found individually, the jury must decide whether it unanimously finds that justice requires the imposition of the death penalty. Understand that each of you may not be weighing the same mitigating factors. How much weight you give to any aggravating or mitigating factor is in the discretion of each juror.

If you find no mitigating factors, you must still determine whether the aggravating factors standing alone justify a sentence of death.

Any one aggravating factor proven by the government, if sufficiently serious in your mind, may outweigh several mitigating factors. Thus, for example, even if you were to find the government did not prove the non-statutory aggravating factors in the selection phase, you would still have to weigh the statutory aggravating factors found in the eligibility phase against the mitigating factors. A single mitigating factor may outweigh several aggravating factors, and any juror who finds a single mitigating factor would still have to weigh that mitigating factor against the aggravating factors.

11

151

In order to impose a sentence of death or life imprisonment without the possibility of release, all twelve jurors must unanimously agree that a sentence of death or a sentence of life imprisonment without the possibility of release is the appropriate sentence. Only if you are unanimously persuaded that the aggravating factors sufficiently outweigh the mitigating factor or factors found to exist to justify a sentence of death, or, in the absence of a mitigating factor, whether the aggravating factors alone are sufficient to justify a sentence of death, may you then return a verdict in favor of death.

Passion, prejudice, and any arbitrary considerations have no role to play in your efforts to reach a just result in this case. In carefully weighing the various factors at issue, you are called upon to make a unique, individualized judgment about the appropriateness of imposing the death penalty on the defendant. This is not a mechanical process. Neither is it determined by raw numbers. You should not simply count factors. Instead, you must consider the factors qualitatively.

In short, what is called for in weighing the various factors is not mathematical skill, but rather your careful, considered, and mature judgment. You are called upon to make a reasoned judgment, based upon all the evidence before you, as to whether the death penalty is the appropriate punishment for the defendant, or whether the defendant should be sentenced to life imprisonment without the possibility of release. Please understand, however, that a sentence of death is never mandatory under the law. Thus, even if you find that the aggravating factors outweigh any mitigating factor or factors, or in the absence of any mitigating factors, you may still find that the aggravating factors alone are not sufficient to justify a sentence of death and return a verdict in favor of life imprisonment without the possibility of release.

12

152

If, after weighing the aggravating and mitigating factors, you unanimously recommend that a sentence of death shall be imposed, then the Court is required to sentence the defendant to death. If you unanimously recommend that a sentence of life imprisonment without the possibility of release shall be imposed, then the Court is required to sentence the defendant to life imprisonment without the possibility of release. Life imprisonment means that the defendant will, in fact, serve the remainder of his natural life in prison. He will never be paroled. Parole has been abolished under federal law.

## NON-STATUTORY AGGRAVATING FACTORS

The government has alleged the following two (2) non-statutory aggravating factors:

1. That the defendant poses a continuing and serious threat to the lives and safety of others because it is likely that he will commit criminal acts of violence in the future. The defendant is likely to commit criminal acts of violence in the future that would constitute a continuing and serious threat to the lives and safety of others, as evidenced by, at least, one of the following:

   a. the defendant has engaged in a continuing pattern of violence, attempted violence, and threatened violence;

   b. the defendant has engaged in repeated acts of institutional misconduct;

   c. the defendant has demonstrated a lack of remorse, as indicated by defendant's statements and actions during the course of and following the offense;

   d. the defendant has demonstrated a low potential for rehabilitation as evidenced by his record of institutional misconduct and his longstanding involvement in criminal activities; and/or

   e. the defendant has demonstrated an allegiance to and active membership in a gang in and out of prison.

13

USCA5 796

153

To establish the existence of this non-statutory aggravating factor, the government must prove beyond a reasonable doubt that the defendant represents a continuing danger to the lives and safety of others.

> 2. That the victim, Gabriel Rhone, was particularly vulnerable due to the fact that he was locked in a cell and devoid of any means with which to defend himself from the armed defendant.

To establish the existence of this non-statutory aggravating factor, the government must prove beyond a reasonable doubt that the victim was particularly vulnerable due to the fact that he was locked in a cell and devoid of any means with which to defend himself from the armed defendant.

Because these are the only non-statutory aggravating factors alleged by the government, they are—by law—the only non-statutory aggravating factors you may consider, in addition to the four (4) statutory aggravating factors set forth on Page 10 of these instructions that you found were established in phase two of the trial, in arriving at your decision.

## MITIGATING FACTORS

It is the defendant's burden to establish mitigating factors by a preponderance of the evidence. This is a lesser standard of proof under the law than proof beyond a reasonable doubt, the standard to which the government must be held in proving aggravating factors.

Preponderance of the evidence means that evidence which, when considered as a whole, leads you to believe that the defendant's claims are more likely true than not.

Mitigating factors differ from aggravating factors in another important way. Unlike aggravating factors, which the jury must unanimously agree exist, any member of the jury who finds the existence of a mitigating factor by a preponderance of the evidence must consider such

14

USCA5 797

factor established, regardless of the number of other jurors who concur that the factor has been established.

Unlike aggravating factors, you should consider any other factor, whether specifically argued by defense counsel or not, which you believe to be mitigating, if such a factor, in your judgment, has been established by a preponderance of the evidence. In short, you have greater discretion in considering mitigating factors than you have in considering aggravating factors.

The defendant has submitted the following proposed mitigating factors with respect to the defendant's background, record, or character, or any other circumstance of the offense that mitigate against the imposition of the death penalty:

1. Gabriel Rhone was not a peaceful and law abiding inmate;

2. Gabriel Rhone was a racist;

3. Gabriel Rhone frequently yelled religious slurs at non-Muslim inmates;

4. Gabriel Rhone made threats to Mark Isaac Snarr;

5. Gabriel Rhone was a District of Columbia inmate, and District of Columbia inmates are the most disrespectful and brutal inmates in Federal prison;

6. As an inmate in the Bureau of Prisons ("BOP"), Gabriel Rhone was a behavior management problem;

7. Gabriel Rhone engaged in defiant behavior;

8. Gabriel Rhone's behavior was unpredictable;

9. Gabriel Rhone displayed a negative and angry approach to others;

10. Gabriel Rhone ejaculated onto Correctional Officer Dawn Gallagher's shoe on November 12, 2007, and Mark Isaac Snarr was aware of the incident;

11. Gabriel Rhone provoked the incident when he threatened Mark Isaac Snarr's family by saying that he was "going to fuck [his] mother and give her a black baby";

15

USCA5 798

12. Gabriel Rhone provoked the incident when he threatened Mark Isaac Snarr's family by saying that he was "going to rape [his] sister and give her a black baby";

13. Gabriel Rhone provoked the incident by calling Mark Isaac Snarr a "bitch" in front of other inmates;

14. Gabriel Rhone provoked the incident on November 28, 2007, by yelling insults at Mark Isaac Snarr the night of November 27, 2007, and until 3:00 a.m. on November 28, 2007;

15. Mark Isaac Snarr told Edgar Baltazar Garcia not to hit the officers anymore;

16. Mark Isaac Snarr initially used his fists, not his knife, during the assault on the correctional officers;

17. Mark Isaac Snarr did not kill Gabriel Rhone for any racial reason;

18. Mark Isaac Snarr expressed remorse by stating that he was sorry about the officers getting harmed;

19. Mark Isaac Snarr stated that "it wasn't supposed to happen that way";

20. Mark Isaac Snarr had to act against Gabriel Rhone to avoid placing himself in danger;

21. After the death of Gabriel Rhone, Mark Isaac Snarr voluntarily surrendered his knife to correctional officers;

22. Mark Isaac Snarr had no intent to kill the correctional officers;

23. After the death of Gabriel Rhone, Mark Isaac Snarr voluntarily submitted to restraint and handcuffs;

24. Mark Isaac Snarr was not a member of a BOP-identified "Disruptive Group";

25. The BOP Beaumont Special Housing Unit ("SHU") facility lacked proper leadership on November 28, 2007;

26. The BOP Beaumont SHU facility lacked proper staffing on November 28, 2007;

16

USCA5 799

27. The BOP Beaumont SHU facility lacked proper training on November 28, 2007;

28. The BOP Beaumont SHU facility leaders failed to properly post orders for the staff on November 28, 2007;

29. The BOP correctional officers sometimes allowed the inmates to police themselves in the BOP SHU facility;

30. The BOP Beaumont SHU facility employees habitually failed to follow proper SHU policies;

31. The BOP Beaumont SHU facility employees failed to properly shackle or restrain Mark Isaac Snarr on November 28, 2007;

32. The BOP Beaumont SHU facility employees failed to properly escort Mark Isaac Snarr on November 28, 2007;

33. The BOP Beaumont SHU facility employees failed to keep Mark Isaac Snarr separate from the other inmates on November 28, 2007;

34. The failure of the BOP Beaumont SHU facility employees to follow proper policies contributed to the occurrence of the offense on November 28, 2007;

35. The internal investigation of the BOP following the incident concluded that the BOP Beaumont SHU facility's numerous failures permitted the event to occur;

36. The offense on November 28, 2007, would not have occurred if the BOP Beaumont SHU facility had followed proper policies and procedures;

37. Investigative Agent Swain, a BOP official at the Beaumont facility, anticipated that an incident like the offense on November 28, 2007, was likely to occur if Mark Isaac Snarr was not transferred to ADX;

38. The BOP had previously approved Mark Isaac Snarr for transfer to ADX prior to November 28, 2007;

39. The BOP delayed transferring Mark Isaac Snarr to ADX prior to the offense on November 28, 2007;

40. Mark Isaac Snarr was transferred to ADX immediately following the incident on November 28, 2007;

17

USCA5 800

41. The BOP has the capability to safely house Mark Isaac Snarr in ADX in Florence, Colorado;

42. Utah Juvenile Probation Officer Gangwer believes that Mark Isaac Snarr came from a dysfunctional family;

43. Utah Juvenile Probation Officer Gangwer liked Mark Isaac Snarr;

44. Regarding the incident involving inmate Prieto in January 2004 in the Davis County, Utah, jail, Mark Isaac Snarr was found not guilty of possession of a dangerous weapon;

45. Mark Isaac Snarr has never previously been charged or convicted of the offense of murder;

46. Mark Isaac Snarr was raised in a family of violence;

47. Mark Isaac Snarr was raised in a family of drug abuse and sexual abuse;

48. Mark Isaac Snarr learned to cope with life by the violence he experienced as a child;

49. Mark Isaac Snarr had redeeming qualities outside of prison;

50. Mark Isaac Snarr had to assume the parenting role and responsibility of tending to the needs of siblings at the age of 8;

51. Mark Isaac Snarr tried to get a job at the age of 8 to take care of his family;

52. Mark Isaac Snarr assumed the role of protector in his family;

53. Mark Isaac Snarr's mother taught him to steal at an early age;

54. Mark Isaac Snarr's parents taught him to use drugs at an early age;

55. Mark Isaac Snarr never had a stable home;

56. There was widespread criminal conduct within Mark Isaac Snarr's family;

57. Mark Isaac Snarr was led into a life of crime by his family;

58. Mark Isaac Snarr was assaulted by a counselor at Mill Creek Youth Center as part of his counseling program;

18

USCA5 801

59. Mark Isaac Snarr loves his family deeply;

60. Mark Isaac Snarr's family loves him deeply;

61. Mark Isaac Snarr provided emotional support and leadership to Angelique Atmore;

62. Mark Isaac Snarr is the father figure to Angelique Atmore;

63. Mark Isaac Snarr is a dedicated family member, even arranging Christmas gifts for Christa Frew's children from a prison cell by contacting a radio station;

64. Mark Isaac Snarr is opposed to the use of alcohol and drugs;

65. Mark Isaac Snarr learned to cope in prison by using violence because that is how he was taught to cope with his dysfunctional life;

66. Mark Isaac Snarr has committed no violent act in prison since being placed into the ADX facility in Florence, Colorado, following the offense on November 28, 2007;

67. Prior to November 28, 2007, the BOP Beaumont facility had a reputation for having more incidents of violence than other U.S. Penitentiaries;

68. There are alternatives in the BOP to protect inmates and staff other than executing Mark Isaac Snarr;

69. Any other fact or circumstance that you can recall from any evidence or information that you have heard during this trial that you may find to have some value or significance to mitigate against a death sentence for Mark Isaac Snarr.

In the appropriate section of the Verdict Form prepared for this phase of the trial, you are asked to identify any additional mitigating factors, outside of those proposed by the defendant. You may, but are not required to, write in any additional mitigating factors found by a preponderance of the evidence by any juror. If you think that there is some other mitigating factor present as to the defendant, but you simply are not able to articulate it with any specificity, you may still fully consider that factor without recording it on the Verdict Form.

19

USCA5 802

159

## DUTY TO DELIBERATE—VERDICT FORM

The verdict must represent the considered judgment of each juror. It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. During your deliberations, do not hesitate to reexamine your own views and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, BlackBerry, or computer; the Internet, any Internet service, or any text or instant messaging service; or any Internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until you are discharged from jury service.

USCA5 803

160

Remember at all times, you are judges—judges of the facts. Your duty is to decide whether a sentence of death or life imprisonment without the possibility of release is the appropriate sentence in this case.

In considering whether a death sentence is justified, you must not consider the race, color, religious beliefs, national origin, or sex of the defendant or the victim in this case. These facts are completely irrelevant to the important issues you must consider. You are not to recommend a sentence of death unless you have concluded that you would recommend a sentence of death for the crime in question no matter what the race, color, religious beliefs, national origin, or sex of either the defendant or the victim might have been. To emphasize the importance of this consideration, attached to the Verdict Form is a certificate that must be signed by each juror attesting that considerations of race, color, religious beliefs, national origin, or sex of the defendant or the victim were not involved in reaching your individual decisions.

As you retire to begin your deliberations, you will be provided with a Verdict Form. Section I of the Verdict Form contains space to record your written findings on the non-statutory aggravating factors.

Section II of the Verdict Form contains space to record written findings on the mitigating factors. Because any one juror may find the existence of any mitigating factor, Section II also provides space for you to record how many jurors have found any particular mitigating factor. Additionally, Section II provides extra space for you to record additional mitigating factors, which were not specifically listed or argued by counsel, but which one or more jurors found to be proven by a preponderance of the evidence.

21

Section III of the Verdict Form is where you should record your ultimate finding as to whether the defendant should be sentenced to death or life imprisonment without the possibility of release.

Section IV contains the Jury Certification which must be signed by each juror and dated by the jury foreperson.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer. I will either reply in writing or bring you back into the courtroom to respond to your inquiry.

Bear in mind that you are never to reveal to any person, not even to the Court, how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict.

SIGNED at Beaumont, Texas, this _21st_ day of May, 2010.

_____
Marcia A. Crone
United States District Judge

22

USCA5 805

162

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | NO. 1:09-CR-15 (2) |
| | § | (Judge Crone) |
| EDGAR BALTAZAR GARCIA | § | |

## COURT'S INSTRUCTIONS TO THE JURY—PHASE THREE

Members of the Jury:

FILED

M. ____5-21____ 20 10

DAVID J. MALAND, CLERK
U.S. DISTRICT COURT

By____Patricia Fry____

DEPUTY

### INTRODUCTION

Now that you have heard all of the evidence in this case, it is my duty to give you instructions as to the law applicable to the question of punishment selection. You have found the defendant, Edgar Baltazar Garcia, guilty beyond a reasonable doubt of the first degree murder of Gabriel Rhone, and you have also found the defendant, Edgar Baltazar Garcia, eligible for the death penalty under the law. You must now consider whether justice requires imposition of the death penalty or life imprisonment without the possibility of release. This decision is left exclusively to the jury. I will not be able to change any decision you reach in this regard. You, and you alone, will decide whether the defendant should be sentenced to death or life imprisonment without the possibility of release. Thus, I again stress the importance of your giving careful and thorough consideration to all of the evidence before you.

### GENERAL INSTRUCTIONS

Some of the legal principles that you must apply at this stage of the proceedings duplicate those instructions I have already given you in the trial. I will now repeat several of the instructions I previously gave for guidance in your deliberations with respect to this the selection phase of the trial.

163

## DUTY TO FOLLOW THE LAW

First, regardless of any opinion you may have as to what the law may be—or should be—it would be a violation of your oath as jurors to base your verdict upon any view of the law other than that given to you in these instructions. Some of the legal principles that you must apply to your selection phase decisions duplicate those you followed in reaching your verdict as to guilt or innocence in the first phase and death penalty eligibility in the second phase, but others are different. The instructions I am giving you now are a complete set of instructions on the law applicable to your selection phase decisions. I have prepared these instructions to ensure that you are clear in your duties at this stage of the case. I have also prepared a Verdict Form that you must complete. The Verdict Form details special findings that you must make in this case and will help you perform your duties properly.

## EVIDENCE TO CONSIDER

In making all of the determinations that you are required to make in this the selection phase of the trial, you may consider any evidence that was received by the court during the guilt and eligibility phases of the trial and the additional evidence received during this phase. You may consider no other evidence. The law demands of you a just verdict, based solely on this evidence, your common sense, and the law as I give it to you. Although the lawyers will make arguments to summarize and interpret the evidence for purposes of this selection phase of the trial, the arguments of the lawyers are not evidence.

## BURDEN OF PROOF

The government has the burden of proving beyond a reasonable doubt the non-statutory aggravating factors alleged in the selection phase of the trial for consideration of a death sentence.

2

USCA5 1018

A reasonable doubt may arise from the evidence produced by either the government or the defendant during the selection phase, keeping in mind that the defendant never has the burden or duty of calling any witnesses or producing any evidence. It may also arise from the government's lack of evidence. As I explained to you previously in both the guilt and eligibility phases, while this burden of proof is a strict or heavy burden, it is not necessary that proof of the non-statutory aggravating factors be beyond all possible doubt. It is only required that the proof by the government exclude any reasonable doubt as to the non-statutory aggravating factors to your unanimous satisfaction.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

As was true in the first two phases of the trial, the defendant at this phase does not have to present any evidence. The defendant does not have to prove to you that a non-statutory aggravating factor does not exist or that he should not be sentenced to death.

As I have previously told you, under our Constitution, a defendant has no obligation to testify or to present any other evidence. That is as true in this phase as it was in the guilt phase of the trial. Thus, no adverse inference may be drawn against a defendant who does not take the stand.

### EXCLUDING WHAT IS NOT EVIDENCE

As I told you earlier, it is your duty to determine the facts. In doing so, you must consider only the evidence presented during the trial, including the sworn testimony of the witnesses and

3

the exhibits. Remember that any statements, objections, or arguments made by the lawyers are not evidence. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, you have been instructed to disregard certain questions. Do not consider any questions you have been told to disregard in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

### INFERENCES—DIRECT AND CIRCUMSTANTIAL

While you should consider only the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

4

USCA5 1020

In considering the evidence, you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

## CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the existence of the non-statutory aggravating factors beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe all or any part of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the person impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

5

USCA5 1021

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.

## IMPEACHMENT BY PRIOR INCONSISTENCIES

The testimony of a witness may be discredited by showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may consider the earlier statements only to determine whether you think they are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

## IMPEACHMENT BY PRIOR CONVICTION

You have been told that witnesses Keenan Hurt, Ricardo Pallaret, George Sarro, Benito Perez, Eusabio Perez, Shaquan Smith, and Raquel Rodriguez have prior felony convictions. A conviction is a factor you may consider in deciding whether to believe that witness, but it does not necessarily destroy the witness's credibility. These convictions have been brought to your

6

attention only because you may wish to consider them when you decide whether you believe the witness's testimony. They are not evidence of anything else.

## INFORMER TESTIMONY

The testimony of a witness who provides evidence against a defendant for a benefit, favored treatment, a reduction in sentence, placement in a special program, or for personal advantage must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses. You, the jury, must decide whether the witness's testimony has been affected by any of those circumstances, or by the witness's interest in the outcome of the case, or by prejudice against the defendant, or by the benefits that the witness has or may receive from providing testimony in this case. You should keep in mind that such testimony is always to be received with caution and weighed with great care.

You should never find the existence of an aggravating factor in the selection phase based upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.

## EXPERT WITNESSES

During the trial, you heard the testimony of Dr. Tommy Brown, Mark Bezy, Dr. Jolie Brams, and Greg Hershberger who expressed opinions concerning forensic pathology, prison administration, forensic psychology, and prison operations, respectively. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

7

USCA5 1023

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

## STATEMENT—VOLUNTARINESS

In determining whether any statement, claimed to have been made by a defendant outside of court and after an alleged crime has been committed, was knowingly and voluntarily made, you should consider the evidence concerning such a statement with caution and great care, and should give such weight to the statement that you feel it deserves under all the circumstances.

You may consider in that regard such factors as the age, sex, training, education, occupation, and physical and mental condition of the defendant and all the other circumstances in evidence surrounding the making of the statement.

Of course, any such statement should not be considered in any way whatsoever as evidence with respect to any other defendant on trial.

## MULTIPLE DEFENDANTS

The case of each defendant and the evidence pertaining to that defendant should be considered separately and individually. The fact that you may find that one of the defendants should be sentenced to death should not control your verdict as to the other defendant.

8

USCA5 1024

## SPECIFIC INSTRUCTIONS WITH RESPECT TO SELECTION PHASE

You have found the defendant guilty of the crime charged in the Indictment and eligible for the death penalty. You are now called upon to decide the issue of punishment, that is, whether the defendant should be sentenced to death or life in prison without the possibility of release.

The deliberative process that you must follow in this phase of the trial is as follows. First, you must consider whether the government has proved beyond a reasonable doubt, and to your unanimous satisfaction, the non-statutory aggravating factors that have been alleged. "Aggravate" means to make worse. An "aggravating factor" is a fact or circumstance that would tend to support imposition of the death penalty. The non-statutory aggravating factors the government has alleged are: (1) Defendant Edgar Baltazar Garcia poses a continuing and serious threat to the lives and safety of others because it is likely that he will commit criminal acts of violence in the future; and (2) the victim, Gabriel Rhone, was particularly vulnerable due to the fact that he was locked in a cell and devoid of any means with which to defend himself from the armed defendant, Edgar Baltazar Garcia.

You must consider each of the non-statutory aggravating factors, and the evidence pertaining to each of those factors, separately. You may consider all the evidence you have heard at all phases of the trial in making your decision as to whether the government has proven the existence of the non-statutory aggravating factors beyond a reasonable doubt. Your findings as to the non-statutory aggravating factors alleged by the government in this phase of the trial must be unanimous. In other words, if you are not unanimous in finding a non-statutory aggravating factor, you may not consider that factor in any further deliberations.

USCA5 1025

171

Second, you must consider whether any mitigating factors offered by the defendant have been established by a preponderance of the evidence. A "preponderance of the evidence" means evidence that persuades you that the defendant's claims are more likely true than not true. A "mitigating factor" is any aspect of a defendant's background, record, or character, or any other circumstance of the offense, that mitigates against imposition of the death penalty. The defendant has argued and submitted evidence relevant to certain mitigating factors. You may also consider any other factor about the defendant's background, record, or character or the circumstances of the offense, whether or not argued by defense counsel, that you believe to be mitigating, if such a factor has been established by a preponderance of the evidence. Any member of the jury who finds the existence of a mitigating factor should consider such a factor regardless of the number of jurors who concur that the factor has been established. Unanimity is not required.

Third, you must decide whether the following six (6) statutory aggravating factors, which you determined were proved in the eligibility phase:

1. that the defendant has previously been convicted of two (2) or more Federal or State offenses, punishable by a term of imprisonment of more than one (1) year, committed on different occasions, involving the infliction of, or attempted infliction of, serious bodily injury or death upon another person; and

2. that the defendant, in the commission of the offense, knowingly created a grave risk of death to one (1) or more persons in addition to the victim of the offense, Gabriel Rhone; and

3. that the defendant committed the offense in an especially heinous, cruel, or depraved manner in that it involved torture or serious physical abuse to the victim, Gabriel Rhone; and

4. that the defendant committed the offense after substantial planning and premeditation to cause the death of Gabriel Rhone; and

10

USCA5 1026

5. that the defendant has been convicted of two (2) or more State or Federal offenses, punishable by a term of imprisonment of more than one (1) year, committed on different occasions, involving the distribution of a controlled substance; and

6. that the defendant had previously been convicted of violating Title II or III of the Comprehensive Drug Abuse Prevention and Control Act of 1970 for which a sentence of five (5) or more years may be imposed or had previously been convicted of engaging in a continuing criminal enterprise

and the non-statutory aggravating factors, if any, which you find have been proven unanimously and beyond a reasonable doubt in this selection phase, sufficiently outweigh all the mitigating factor or factors found to exist to justify a sentence of death, or, in the absence of a mitigating factor, whether the aggravating factors alone are sufficient to justify a sentence of death.

If, however, you do not find that the government has proven the existence of a non-statutory aggravating factor alleged in the selection phase beyond a reasonable doubt, you must then decide whether the six (6) statutory aggravating factors set forth above sufficiently outweigh all mitigating factors found to exist.

Based upon your individual consideration of all of the aggravating factors you have found unanimously, and all of the mitigating factors you have found individually, the jury must decide whether it unanimously finds that justice requires the imposition of the death penalty. Understand that each of you may not be weighing the same mitigating factors. How much weight you give to any aggravating or mitigating factor is in the discretion of each juror.

If you find no mitigating factors, you must still determine whether the aggravating factors standing alone justify a sentence of death.

Any one aggravating factor proven by the government, if sufficiently serious in your mind, may outweigh several mitigating factors. Thus, for example, even if you were to find the

USCA5 1027

173

government did not prove the non-statutory aggravating factors in the selection phase, you would still have to weigh the statutory aggravating factors found in the eligibility phase against the mitigating factors. A single mitigating factor may outweigh several aggravating factors, and any juror who finds a single mitigating factor would still have to weigh that mitigating factor against the aggravating factors.

In order to impose a sentence of death or life imprisonment without the possibility of release, all twelve jurors must unanimously agree that a sentence of death or a sentence of life imprisonment without the possibility of release is the appropriate sentence. Only if you are unanimously persuaded that the aggravating factors sufficiently outweigh the mitigating factor or factors found to exist to justify a sentence of death, or, in the absence of a mitigating factor, whether the aggravating factors alone are sufficient to justify a sentence of death, may you then return a verdict in favor of death.

Passion, prejudice, and any arbitrary considerations have no role to play in your efforts to reach a just result in this case. In carefully weighing the various factors at issue, you are called upon to make a unique, individualized judgment about the appropriateness of imposing the death penalty on the defendant. This is not a mechanical process. Neither is it determined by raw numbers. You should not simply count factors. Instead, you must consider the factors qualitatively.

In short, what is called for in weighing the various factors is not mathematical skill, but rather your careful, considered, and mature judgment. You are called upon to make a reasoned judgment, based upon all the evidence before you, as to whether the death penalty is the appropriate punishment for the defendant, or whether the defendant should be sentenced to life

12

USCA5 1028

174

imprisonment without the possibility of release. Please understand, however, that a sentence of death is never mandatory under the law. Thus, even if you find that the aggravating factors outweigh any mitigating factor or factors, or in the absence of any mitigating factors, you may still find that the aggravating factors alone are not sufficient to justify a sentence of death and return a verdict in favor of life imprisonment without the possibility of release.

If, after weighing the aggravating and mitigating factors, you unanimously recommend that a sentence of death shall be imposed, then the Court is required to sentence the defendant to death. If you unanimously recommend that a sentence of life imprisonment without the possibility of release shall be imposed, then the Court is required to sentence the defendant to life imprisonment without the possibility of release. Life imprisonment means that the defendant will, in fact, serve the remainder of his natural life in prison. He will never be paroled. Parole has been abolished under federal law.

## NON-STATUTORY AGGRAVATING FACTORS

The government has alleged the following two (2) non-statutory aggravating factors:

1. That the defendant poses a continuing and serious threat to the lives and safety of others because it is likely that he will commit criminal acts of violence in the future. The defendant is likely to commit criminal acts of violence in the future that would constitute a continuing and serious threat to the lives and safety of others, as evidenced by, at least, one of the following:

   a. the defendant has engaged in a continuing pattern of violence, attempted violence, and threatened violence;

   b. the defendant has engaged in repeated acts of institutional misconduct;

   c. the defendant has demonstrated a lack of remorse, as indicated by defendant's statements and actions during the course of and following the offense;

13

USCA5 1029

175

d.     the defendant has demonstrated a low potential for rehabilitation as evidenced by his record of institutional misconduct and his longstanding involvement in criminal activities; and/or

e.     the defendant has demonstrated an allegiance to and active membership in a gang in and out of prison.

To establish the existence of this non-statutory aggravating factor, the government must prove beyond a reasonable doubt that the defendant represents a continuing danger to the lives and safety of others.

2.     That the victim, Gabriel Rhone, was particularly vulnerable due to the fact that he was locked in a cell and devoid of any means with which to defend himself from the armed defendant.

To establish the existence of this non-statutory aggravating factor, the government must prove beyond a reasonable doubt that the victim was particularly vulnerable due to the fact that he was locked in a cell and devoid of any means with which to defend himself from the armed defendant.

Because these are the only non-statutory aggravating factors alleged by the government, they are—by law—the only non-statutory aggravating factors you may consider, in addition to the six (6) statutory aggravating factors set forth on Pages 10 and 11 of these instructions that you found were established in phase two of the trial, in arriving at your decision.

## MITIGATING FACTORS

It is the defendant's burden to establish mitigating factors by a preponderance of the evidence. This is a lesser standard of proof under the law than proof beyond a reasonable doubt, the standard to which the government must be held in proving aggravating factors.

Preponderance of the evidence means that evidence which, when considered as a whole, leads you to believe that the defendant's claims are more likely true than not.

14

USCA5 1030

Mitigating factors differ from aggravating factors in another important way. Unlike aggravating factors, which the jury must unanimously agree exist, any member of the jury who finds the existence of a mitigating factor by a preponderance of the evidence must consider such factor established, regardless of the number of other jurors who concur that the factor has been established.

Unlike aggravating factors, you should consider any other factor, whether specifically argued by defense counsel or not, which you believe to be mitigating, if such a factor, in your judgment, has been established by a preponderance of the evidence. In short, you have greater discretion in considering mitigating factors than you have in considering aggravating factors.

The defendant has submitted the following proposed mitigating factors with respect to the defendant's background, record, or character, or any other circumstance of the offense that mitigate against the imposition of the death penalty:

1.  Edgar Baltazar Garcia's mother, Graciela Kirkham, was beaten and kicked in her abdomen by her husband and mother-in-law while she was pregnant with Edgar Baltazar Garcia, and she was forced to sleep on the floor;

2.  Graciela Kirkham's mother-in-law, an abortionist, and her husband tried to convince her to abort Edgar Baltazar Garcia, but she refused;

3.  Upon going into labor with Edgar Baltazar Garcia, Graciela Kirkham's sister-in-law took her to the hospital after her husband refused to do so;

4.  At 2 months of age, Edgar Baltazar Garcia's paternal grandmother attempted to kill him by performing Brujeria (Mexican witchcraft) rituals and setting fire to the stairwell to create smoke;

5.  Edgar Baltazar Garcia was placed in ICU and suffered respiratory failure (Code Blue) and seizures. His mother was told that he may have suffered brain damage and that his survival was questionable;

6.  As a child, Edgar Baltazar Garcia had multiple allergies and was "sickly";

15



USCA5 1031

7. Edgar Baltazar Garcia's paternal grandmother practiced Brujeria (Mexican witchcraft) and called Edgar Baltazar Garcia names because of his crossed eye;

8. Some of Edgar Baltazar Garcia's extended family left Juarez, Mexico, to escape violence;

9. Edgar Baltazar Garcia's father turned his grandfather's successful black bass business into a drug trafficking business;

10. Edgar Baltazar Garcia's father was a drug trafficker;

11. At age 7, Edgar Baltazar Garcia's father taught and paid him to lower gas tanks on cars to hide drugs for transport;

12. Edgar Baltazar Garcia's father exposed him to alcohol at a young age;

13. At age 9, Edgar Baltazar Garcia was abruptly moved from Juarez, Mexico, to Texas. His family was forced to run to avoid his father's trouble in Mexico;

14. Edgar Baltazar Garcia's father verbally and physically abused his mother;

15. Although unfaithful to his wife, Edgar Baltazar Garcia's father threatened to harm his mother if she left him;

16. Edgar Baltazar Garcia's father enjoyed drinking and the company of his friends and associates over his family and was frequently gone from home;

17. Edgar Baltazar Garcia's father abandoned his family for another woman, leaving them with $50 and told the landlord to evict them;

18. Edgar Baltazar Garcia's mother was fully aware of the drug/criminal environment when she sent him to live with his father while he was in middle school. Edgar Baltazar Garcia was then recruited and groomed for his father's drug business;

19. Edgar Baltazar Garcia idolized his father, but when he went to live with him at age 13-14, he was rejected by his stepmother. Edgar Baltazar Garcia's father made him live alone in a drug house with no electricity;

20. During his impressionable adolescence, Edgar Baltazar Garcia's father modeled the upside of drug trafficking with guns, drugs, expensive cars, and a party lifestyle;

16

USCA5 1032

178

21. Edgar Baltazar Garcia's mother initially refused to allow him to come home to Abilene, Texas, and his father did not enroll him in school;

22. At age 13-14, Edgar Baltazar Garcia's father sent him traveling alone to pick up drug money;

23. Edgar Baltazar Garcia was exposed and indoctrinated by his father into a criminal culture;

24. Upon his arrival in Texas, Edgar Baltazar Garcia spoke no English but had to attend English-speaking schools;

25. Edgar Baltazar Garcia's life was marked by frequent moves and conflicting values;

26. After Edgar Baltazar Garcia's parents divorced, his mother worked multiple jobs to pay the bills and left him unsupervised;

27. Edgar Baltazar Garcia was devastated when his father left. He had little contact with his father until he was a teenager;

28. Edgar Baltazar Garcia's mother did not show any affection toward him;

29. Edgar Baltazar Garcia's extended family kept many secrets from each other and the outside world;

30. At age 16-17, Edgar Baltazar Garcia could no longer live with his mother, was a high school dropout, and was faced with the responsibilities of taking care of his wife and child. Serving as his father's drug connection in Abilene seemed the only way Edgar Baltazar Garcia could take care of his family;

31. At the age of 22, Edgar Baltazar Garcia faced 40 years in prison where he would develop hyper-vigilant behavior. This time in prison caused feelings of helplessness and a fear he would lose his family;

32. In prison, Edgar Baltazar Garcia felt the need to develop a tough persona so that he would not be victimized;

33. Edgar Baltazar Garcia has intellectual curiosity;

34. Edgar Baltazar Garcia exercises his mind by learning more about current events;

17

USCA5 1033

35. Edgar Baltazar Garcia has the ability to learn and seek out new ideas;

36. Edgar Baltazar Garcia has the intelligence and talent to communicate what the prison experience is like to help others;

37. Edgar Baltazar Garcia has found ways to bring beauty into his existence through art and creativity. He uses his creativity to deal with the stress of incarceration;

38. Edgar Baltazar Garcia is reaching the age and maturity where he realizes what is important in his life;

39. Edgar Baltazar Garcia is loyal to his family. He knows his children deserve a better father than he is, but he tries his best to be there for them. He calls his children regularly, and he provides a positive example of respect for his children's mother;

40. Edgar Baltazar Garcia forgives his mother for her inability to show love and continues to reach out to her. He encourages a relationship between his mother and his children to give her the opportunity to experience a warm, affectionate relationship which they never shared;

41. Edgar Baltazar Garcia has insight into the pain he has caused his family;

42. Edgar Baltazar Garcia writes his children and creates art for their enjoyment;

43. Edgar Baltazar Garcia is interested in his children's day-to-day lives;

44. Edgar Baltazar Garcia instills in his children a sense of doing the right thing and not making his same mistakes;

45. Edgar Baltazar Garcia encourages his children to do well in school. He gives them tips and encouragement in sports, school, and music;

46. Edgar Baltazar Garcia encourages his children to visit so they can maintain a close familial relationship, and he offers his children unconditional love;

47. As an inmate in the Bureau of Prisons ("BOP"), Gabriel Rhone was a behavior management problem;

48. Gabriel Rhone engaged in defiant behavior;

49. Gabriel Rhone's behavior was unpredictable;

18

USCA5 1034



50. Gabriel Rhone displayed a negative and angry approach to others;

51. Edgar Baltazar Garcia heard Gabriel Rhone threaten to kill Mark Isaac Snarr on or about November 27, 2007;

52. Gabriel Rhone threatened to kill Edgar Baltazar Garcia on November 27, 2007, if he could get into his cell;

53. Gabriel Rhone provoked the incident on November 28, 2007, by screaming racial insults at Edgar Baltazar Garcia the night of November 27, 2007, and until 3:00 a.m. on November 28, 2007;

54. Edgar Baltazar Garcia heard Gabriel Rhone scream insults the night of November 27, 2007, and until 3:00 a.m. on November 28, 2007;

55. Gabriel Rhone ejaculated onto Correctional Officer Dawn Gallagher's shoe on November 12, 2007, and Edgar Baltazar Garcia was aware of the incident;

56. Gabriel Rhone provoked the incident when he threatened Mark Isaac Snarr's family in Edgar Baltazar Garcia's presence by saying that he was "going to fuck [his] mother and give her a black baby";

57. Gabriel Rhone provoked the incident when he threatened Mark Isaac Snarr's family in Edgar Baltazar Garcia's presence by saying that he was "going to rape [his] sister and give her a black baby";

58. Gabriel Rhone would sharpen his shank on his cell wall and ask Edgar Baltazar Garcia if he could hear it;

59. Gabriel Rhone yelled "all non-Muslims can suck my dick";

60. Gabriel Rhone was disrespectful to Correctional Officers;

61. Gabriel Rhone was disrespectful to other inmates;

62. Gabriel Rhone did not respect himself;

63. Gabriel Rhone was a loud and obnoxious inmate;

64. Gabriel Rhone was not a peaceful and law abiding inmate;

65. Gabriel Rhone was a racist;

19

USCA5 1035

66. Gabriel Rhone frequently yelled religious slurs at non-Muslim inmates;

67. Gabriel Rhone was a District of Columbia inmate, and District of Columbia inmates are the most disrespectful and brutal inmates in federal prison;

68. The BOP Beaumont facility lacked proper leadership;

69. The BOP Beaumont facility leaders failed to post orders;

70. The BOP Beaumont facility leaders failed to properly staff the Special Housing Unit ("SHU");

71. Correctional Officers sometimes allowed the inmates to police themselves in the SHU facility;

72. The BOP Beaumont facility employees habitually failed to follow proper policies;

73. The BOP Beaumont facility employees failed to properly shackle Edgar Baltazar Garcia;

74. The BOP Beaumont facility employees failed to properly escort Edgar Baltazar Garcia;

75. The BOP Beaumont facility failed to keep Edgar Baltazar Garcia separate from the other inmates;

76. The failure of the BOP Beaumont facility employees to follow proper policies contributed to the occurrence of the offense;

77. The internal investigation of the BOP following the incident concluded that the BOP Beaumont SHU facility's numerous failures permitted the event to occur;

78. The offense would not have occurred if the BOP Beaumont facility had followed proper policies;

79. The BOP delayed Edgar Baltazar Garcia's transfer to ADX prior to the offense on November 28, 2007;

80. Edgar Baltazar Garcia was transferred to ADX immediately following the incident;

20

USCA5 1036

182

81. Gabriel Rhone provoked the incident by making threats to Edgar Baltazar Garcia;

82. Edgar Baltazar Garcia did not kill Gabriel Rhone for any racial reason;

83. Edgar Baltazar Garcia stated that the officers were merely victims of circumstance;

84. Edgar Baltazar Garcia had no intent to kill the correctional officers;

85. After the death of Gabriel Rhone, Edgar Baltazar Garcia voluntarily surrendered his knife to correctional officers;

86. After the death of Gabriel Rhone, Edgar Baltazar Garcia voluntarily submitted to restraint and handcuffs;

87. Any other fact or circumstance that you can recall from any evidence or information that you have heard during this trial that you may find to have some value or significance to mitigate against a death sentence for Edgar Baltazar Garcia.

In the appropriate section of the Verdict Form prepared for this phase of the trial, you are asked to identify any additional mitigating factors, outside of those proposed by the defendant. You may, but are not required to, write in any additional mitigating factors found by a preponderance of the evidence by any juror. If you think that there is some other mitigating factor present as to the defendant, but you simply are not able to articulate it with any specificity, you may still fully consider that factor without recording it on the Verdict Form.

## DUTY TO DELIBERATE—VERDICT FORM

The verdict must represent the considered judgment of each juror. It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. During your deliberations, do not hesitate to reexamine your own views and change your mind if convinced that you were wrong. But do not give up your

21

USCA5 1037

183

honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, BlackBerry, or computer; the Internet, any Internet service, or any text or instant messaging service; or any Internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until you are discharged from jury service.

Remember at all times, you are judges—judges of the facts. Your duty is to decide whether a sentence of death or life imprisonment without the possibility of release is the appropriate sentence in this case.

In considering whether a death sentence is justified, you must not consider the race, color, religious beliefs, national origin, or sex of the defendant or the victim in this case. These facts are completely irrelevant to the important issues you must consider. You are not to recommend a sentence of death unless you have concluded that you would recommend a sentence of death for

22

USCA5 1038

184

the crime in question no matter what the race, color, religious beliefs, national origin, or sex of either the defendant or the victim might have been. To emphasize the importance of this consideration, attached to the Verdict Form is a certificate that must be signed by each juror attesting that considerations of race, color, religious beliefs, national origin, or sex of the defendant or the victim were not involved in reaching your individual decisions.

As you retire to begin your deliberations, you will be provided with a Verdict Form. Section I of the Verdict Form contains space to record your written findings on the non-statutory aggravating factors.

Section II of the Verdict Form contains space to record written findings on the mitigating factors. Because any one juror may find the existence of any mitigating factor, Section II also provides space for you to record how many jurors have found any particular mitigating factor. Additionally, Section II provides extra space for you to record additional mitigating factors, which were not specifically listed or argued by counsel, but which one or more jurors found to be proven by a preponderance of the evidence.

Section III of the Verdict Form is where you should record your ultimate finding as to whether the defendant should be sentenced to death or life imprisonment without the possibility of release.

Section IV contains the Jury Certification which must be signed by each juror and dated by the jury foreperson.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer. I will either reply in writing or bring you back into the courtroom to respond to your inquiry.

23

USCA5 1039

**185**

Bear in mind that you are never to reveal to any person, not even to the Court, how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict.

SIGNED at Beaumont, Texas, this 21st day of May, 2010.

Marcia A. Crone
United States District Judge

24

186

**SEALED**

| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| UNITED STATES OF AMERICA | § | |
|---|---|---|
| | § | |
| *versus* | § | NO. 1:09-CR-15 (1) |
| | § | (Judge Crone) |
| MARK ISAAC SNARR | § | |

**VERDICT OF THE JURY—PHASE THREE**

**FILED**

P.M. _____ 5-24 _____ 20 _16_
DAVID J. MALAND, CLERK
U.S. DISTRICT COURT
By _____ ~~~ _____
DEPUTY

**SPECIAL FINDING I**

**NON-STATUTORY AGGRAVATING FACTORS**

1. We, the jury, unanimously find that the government

   _____✓_____ HAS    _____ HAS NOT

   proved beyond a reasonable doubt that Defendant Mark Isaac Snarr poses a continuing and serious threat to the lives and safety of others because it is likely that he will commit criminal acts of violence in the future and this factor is aggravating.

2. We, the jury, unanimously find that the government

   _____✓_____ HAS    _____ HAS NOT

   proved beyond a reasonable doubt that the victim, Gabriel Rhone, was particularly vulnerable due to the fact that he was locked in a cell and devoid of any means with which to defend himself from the armed defendant, Mark Isaac Snarr, and this factor is aggravating.

May 24, 2010
_____
Date

_Theresa Watson_
_____
Jury Foreperson

Regardless of whether you answered "HAS" or "HAS NOT" in response to either question in Section I, proceed to Section II, which follows.

A TRUE COPY I CERTIFY
DAVID J. MALAND, CLERK
U S DISTRICT COURT
EASTERN DISTRICT TEXAS
BY _Deluu Collazo_

187

## SPECIAL FINDING II

### MITIGATING FACTORS

For each of the following proposed non-statutory mitigating factors, indicate in the space provided the number of jurors who find that the defendant has proved by a preponderance of the evidence the existence of such factor and that it is mitigating.

1. Gabriel Rhone was not a peaceful and law abiding inmate.

   Number of jurors who so find ____O____.

2. Gabriel Rhone was a racist.

   Number of jurors who so find ____O____.

3. Gabriel Rhone frequently yelled religious slurs at non-Muslim inmates.

   Number of jurors who so find ____O____.

4. Gabriel Rhone made threats to Mark Isaac Snarr.

   Number of jurors who so find ____4____.

5. Gabriel Rhone was a District of Columbia inmate and District of Columbia inmates are the most disrespectful and brutal inmates in Federal prison.

   Number of jurors who so find ____0____.

6. As an inmate in the Bureau of Prisons ("BOP"), Gabriel Rhone was a behavior management problem.

   Number of jurors who so find ____O____.

7. Gabriel Rhone engaged in defiant behavior.

   Number of jurors who so find ____O____.

8. Gabriel Rhone's behavior was unpredictable.

   Number of jurors who so find ____O____.

9. Gabriel Rhone displayed a negative and angry approach to others.

Number of jurors who so find ___0___.

10. Gabriel Rhone ejaculated onto Correctional Officer Dawn Gallagher's shoe on November 12, 2007, and Mark Isaac Snarr was aware of the incident.

Number of jurors who so find ___0___.

11. Gabriel Rhone provoked the incident when he threatened Mark Isaac Snarr's family by saying that he was "going to fuck [his] mother and give her a black baby."   ___8___

12. Gabriel Rhone provoked the incident when he threatened Mark Isaac Snarr's family by saying that he was "going to rape [his] sister and give her a black baby."

Number of jurors who so find ___8___.

13. Gabriel Rhone provoked the incident by calling Mark Isaac Snarr a "bitch" in front of other inmates.

Number of jurors who so find ___0___.

14. Gabriel Rhone provoked the incident on November 28, 2007, by yelling insults at Mark Isaac Snarr the night of November 27, 2007, and until 3:00 a.m. on November 28, 2007.

Number of jurors who so find ___0___.

15. Mark Isaac Snarr told Edgar Baltazar Garcia not to hit the officers anymore.

Number of jurors who so find ___0___.

16. Mark Isaac Snarr initially used his fists, not his knife, during the assault on the correctional officers.

Number of jurors who so find ___0___.

17. Mark Isaac Snarr did not kill Gabriel Rhone for any racial reason.

Number of jurors who so find ___0___.

18. Mark Isaac Snarr expressed remorse by stating that he was sorry about the officers getting harmed.

Number of jurors who so find ____O____.

19. Mark Isaac Snarr stated that "it wasn't supposed to happen that way."

Number of jurors who so find ____O____.

20. Mark Isaac Snarr had to act against Gabriel Rhone to avoid placing himself in danger.

Number of jurors who so find ____O____.

21. After the death of Gabriel Rhone, Mark Isaac Snarr voluntarily surrendered his knife to correctional officers.

Number of jurors who so find ____O____.

22. Mark Isaac Snarr had no intent to kill the correctional officers.

Number of jurors who so find ____O____.

23. After the death of Gabriel Rhone, Mark Isaac Snarr voluntarily submitted to restraint and handcuffs.

Number of jurors who so find ____O____.

24. Mark Isaac Snarr was not a member of a BOP-identified "Disruptive Group."

Number of jurors who so find ____O____.

25. The BOP Beaumont Special Housing Unit ("SHU") facility lacked proper leadership on November 28, 2007.

Number of jurors who so find ____O____.

26. The BOP Beaumont SHU facility lacked proper staffing on November 28, 2007.

Number of jurors who so find ____O____.

190

27. The BOP Beaumont SHU facility lacked proper training on November 28, 2007.

    Number of jurors who so find ____1____.

28. The BOP Beaumont SHU facility leaders failed to properly post orders for the staff on November 28, 2007.

    Number of jurors who so find ____O____.

29. The BOP correctional officers sometimes allowed the inmates to police themselves in the BOP SHU facility.

    Number of jurors who so find ____O____.

30. The BOP Beaumont SHU facility employees habitually failed to follow proper SHU policies.

    Number of jurors who so find ____3____.

31. The BOP Beaumont SHU facility employees failed to properly shackle or restrain Mark Isaac Snarr on November 28, 2007.

    Number of jurors who so find ____7____.

32. The BOP Beaumont SHU facility employees failed to properly escort Mark Isaac Snarr on November 28, 2007.

    Number of jurors who so find ____11____.

33. The BOP Beaumont SHU facility employees failed to keep Mark Isaac Snarr separate from the other inmates on November 28, 2007.

    Number of jurors who so find ____4____.

34. The failure of the BOP Beaumont SHU facility employees to follow proper policies contributed to the occurrence of the offense on November 28, 2007.

    Number of jurors who so find ____3____.

35. The internal investigation of the BOP following the incident concluded that the BOP Beaumont SHU facility's numerous failures permitted the event to occur.

    Number of jurors who so find ____O____.

191

36. The offense on November 28, 2007, would not have occurred if the BOP Beaumont SHU facility had followed proper policies and procedures.

Number of jurors who so find ___2___.

37. Investigative Agent Swain, a BOP official at the Beaumont facility, anticipated that an incident like the offense on November 28, 2007, was likely to occur if Mark Isaac Snarr was not transferred to ADX.

Number of jurors who so find ___0___.

38. The BOP had previously approved Mark Isaac Snarr for transfer to ADX prior to November 28, 2007.

Number of jurors who so find ___0___.

39. The BOP delayed transferring Mark Isaac Snarr to ADX prior to the offense on November 28, 2007.

Number of jurors who so find ___0___.

40. Mark Isaac Snarr was transferred to ADX immediately following the incident on November 28, 2007.

Number of jurors who so find ___0___.

41. The BOP has the capability to safely house Mark Isaac Snarr in ADX in Florence, Colorado.

Number of jurors who so find ___0___.

42. Utah Juvenile Probation Officer Gangwer believes that Mark Isaac Snarr came from a dysfunctional family.

Number of jurors who so find ___0___.

43. Utah Juvenile Probation Officer Gangwer liked Mark Isaac Snarr.

Number of jurors who so find ___0___.

44. Regarding the incident involving inmate Prieto in January 2004 in the Davis County, Utah, jail, Mark Isaac Snarr was found not guilty of possession of a dangerous weapon.

Number of jurors who so find ___0___.

45.   Mark Isaac Snarr has never previously been charged or convicted of the offense of murder.

Number of jurors who so find _____ O _____.

46.   Mark Isaac Snarr was raised in a family of violence.

Number of jurors who so find _____ O _____.

47.   Mark Isaac Snarr was raised in a family of drug abuse and sexual abuse.

Number of jurors who so find _____ O _____.

48.   Mark Isaac Snarr learned to cope with life by the violence he experienced as a child.

Number of jurors who so find _____ ( _____.

49.   Mark Isaac Snarr had redeeming qualities outside of prison.

Number of jurors who so find _____ O _____.

50.   Mark Isaac Snarr had to assume the parenting role and responsibility of tending to the needs of siblings at the age of 8.

Number of jurors who so find _____ O _____.

51.   Mark Isaac Snarr tried to get a job at the age of 8 to take care of his family.

Number of jurors who so find _____ O _____.

52.   Mark Isaac Snarr assumed the role of protector in his family.

Number of jurors who so find _____ O _____.

53.   Mark Isaac Snarr's mother taught him to steal at an early age.

Number of jurors who so find _____ O _____.

54.   Mark Isaac Snarr's parents taught him to use drugs at an early age.

Number of jurors who so find _____ O _____.

55.   Mark Isaac Snarr never had a stable home.

Number of jurors who so find _____ O _____.

56. There was widespread criminal conduct within Mark Isaac Snarr's family.

Number of jurors who so find ____O____.

57. Mark Isaac Snarr was led into a life of crime by his family.

Number of jurors who so find ____O____.

58. Mark Isaac Snarr was assaulted by a counselor at Mill Creek Youth Center as part of his counseling program.

Number of jurors who so find ____O____.

59. Mark Isaac Snarr loves his family deeply.

Number of jurors who so find ____O____.

60. Mark Isaac Snarr's family loves him deeply.

Number of jurors who so find ____O____.

61. Mark Isaac Snarr provided emotional support and leadership to Angelique Atmore.

Number of jurors who so find ____O____.

62. Mark Isaac Snarr is the father figure to Angelique Atmore.

Number of jurors who so find ____O____.

63. Mark Isaac Snarr is a dedicated family member, even arranging Christmas gifts for Christa Frew's children from a prison cell by contacting a radio station.

Number of jurors who so find ____O____.

64. Mark Isaac Snarr is opposed to the use of alcohol and drugs.

Number of jurors who so find ____O____.

65. Mark Isaac Snarr learned to cope in prison by using violence because that is how he was taught to cope with his dysfunctional life.

Number of jurors who so find ____O____.

194

66. Mark Isaac Snarr has committed no violent act in prison since being placed into the ADX facility in Florence, Colorado, following the offense on November 28, 2007.

Number of jurors who so find ___*0*___.

67. Prior to November 28, 2007, the BOP Beaumont facility had a reputation for having more incidents of violence than other U.S. Penitentiaries.

Number of jurors who so find ___*0*___.

68. There are alternatives in the BOP to protect inmates and staff other than executing Mark Isaac Snarr.

Number of jurors who so find ___*0*___.

The following extra spaces are provided to write in additional mitigating factors, if any, found by any one or more jurors. If none, write "NONE." If more space is needed, write "CONTINUED" and use the reverse side of this page.

___. _____*none*_____

Number of jurors who so find _____.

___. _____

Number of jurors who so find _____.

___. _____

Number of jurors who so find _____.

___. _____

Number of jurors who so find _____.

___. _____

Number of jurors who so find _____.

_____

Number of jurors who so find _____.

_____

Number of jurors who so find _____.

May 24, 2010
Date

Theresa Watson
Jury Foreperson

Regardless of how you answered in response to Section II, proceed to Section III, which follows.

196

## SPECIAL FINDING III

### SELECTION OF PUNISHMENT

Based upon our consideration of whether the aggravating factors found to exist sufficiently outweigh any mitigating factor(s) found to exist, or in the absence of any mitigating factors, whether the aggravating factors are themselves sufficient to justify a sentence of death, and whether death is therefore the appropriate sentence in this case, we, the jury, determine by unanimous vote, that the following sentence shall be imposed on Defendant Mark Isaac Snarr as to Count I of the Indictment:

DEATH PENALTY ___✓___

LIFE IMPRISONMENT WITHOUT THE POSSIBILITY OF RELEASE _____

_Theresa Watson_

_Luis Marquardt_

_Edward Christ_

_Anthony G. Beier_

_Kimberly Rogers_

_Jennie Godkin_

_Debra A. Brockman_

_Sandra K. Normand_

_Lynn Cox_

_William Willingham_

_Eleanor Mitchell_

_May 24, 2010_
Date

After each juror has signed Section III, proceed to Section IV, which follows.

197

## SPECIAL FINDING IV

## JURY CERTIFICATION

By my signature below, I certify that considerations of race, color, religious beliefs, national origin, or sex of the defendant or the victim were not involved in reaching these findings. I further certify that I would have made these findings regardless of the race, color, religious beliefs, national origin, or sex of either the defendant or the victim.

_Theresa Watson_

_Jis Marquardt_

_Edward Christ_

_Anthony J Beier_

_Kimberly Rogers_

_Jennie Godkin_

_May 24, 2010_
Date

_Debra A. Brockman_

_Sandra K. Normand_

_Kim Cey_

_Willie Dillingham_

_Eleanor Mitchell_

After each juror has signed this Certification, let the court security officer know that you have reached a verdict.

198

# UNITED STATES DISTRICT COURT     EASTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| *versus* | § | NO. 1:09-CR-15 (2) |
| | § | (Judge Crone) |
| EDGAR BALTAZAR GARCIA | § | |

## VERDICT OF THE JURY—PHASE THREE

### SPECIAL FINDING I

### NON-STATUTORY AGGRAVATING FACTORS

*FILED* M. DAVID J. MALAND 5-24 20 10 U.S. DISTRICT COURT CLERK DEPUTY

1. We, the jury, unanimously find that the government

    _____✓_____ HAS     _____ HAS NOT

    proved beyond a reasonable doubt that Defendant Edgar Baltazar Garcia poses a continuing and serious threat to the lives and safety of others because it is likely that he will commit criminal acts of violence in the future and this factor is aggravating.

2. We, the jury, unanimously find that the government

    _____✓_____ HAS     _____ HAS NOT

    proved beyond a reasonable doubt that the victim, Gabriel Rhone, was particularly vulnerable due to the fact that he was locked in a cell and devoid of any means with which to defend himself from the armed defendant, Edgar Baltazar Garcia, and this factor is aggravating.

May 24, 2010
_____
Date

_____
Jury Foreperson

Regardless of whether you answered "HAS" or "HAS NOT" in response to either question in Section I, proceed to Section II, which follows.

199

# SPECIAL FINDING II

## MITIGATING FACTORS

For each of the following proposed non-statutory mitigating factors, indicate in the space provided the number of jurors who find that the defendant has proved by a preponderance of the evidence the existence of such factor and that it is mitigating.

1. Edgar Baltazar Garcia's mother, Graciela Kirkham, was beaten and kicked in her abdomen by her husband and mother-in-law while she was pregnant with Edgar Baltazar Garcia, and she was forced to sleep on the floor.

   Number of jurors who so find ____0____.

2. Graciela Kirkham's mother-in-law, an abortionist, and her husband tried to convince her to abort Edgar Baltazar Garcia, but she refused.

   Number of jurors who so find ____0____.

3. Upon going into labor with Edgar Baltazar Garcia, Graciela Kirkham's sister-in-law took her to the hospital after her husband refused to do so.

   Number of jurors who so find ____0____.

4. At 2 months of age, Edgar Baltazar Garcia's paternal grandmother attempted to kill him by performing Brujeria (Mexican witchcraft) rituals and setting fire to the stairwell to create smoke.

   Number of jurors who so find ____0____.

5. Edgar Baltazar Garcia was placed in ICU and suffered respiratory failure (Code Blue) and seizures. His mother was told that he may have suffered brain damage and that his survival was questionable.

   Number of jurors who so find ____0____.

6. As a child, Edgar Baltazar Garcia had multiple allergies and was "sickly."

   Number of jurors who so find ____0____.

USCA5 45

7. Edgar Baltazar Garcia's paternal grandmother practiced Brujeria (Mexican witchcraft) and called Edgar Baltazar Garcia names because of his crossed eye.

Number of jurors who so find _____0_____.

8. Some of Edgar Baltazar Garcia's extended family left Juarez, Mexico, to escape violence.

Number of jurors who so find _____0_____.

9. Edgar Baltazar Garcia's father turned his grandfather's successful black bass business into a drug trafficking business.

Number of jurors who so find _____0_____.

10. Edgar Baltazar Garcia's father was a drug trafficker.

Number of jurors who so find _____4_____.

11. At age 7, Edgar Baltazar Garcia's father taught and paid him to lower gas tanks on cars to hide drugs for transport.

Number of jurors who so find _____0_____.

12. Edgar Baltazar Garcia's father exposed him to alcohol at a young age.

Number of jurors who so find _____0_____.

13. At age 9, Edgar Baltazar Garcia was abruptly moved from Juarez, Mexico, to Texas. His family was forced to run to avoid his father's trouble in Mexico.

Number of jurors who so find _____0_____.

14. Edgar Baltazar Garcia's father verbally and physically abused his mother.

Number of jurors who so find _____0_____.

15. Although unfaithful to his wife, Edgar Baltazar Garcia's father threatened to harm his mother if she left him.

Number of jurors who so find _____0_____.

USCA5 46

16. Edgar Baltazar Garcia's father enjoyed drinking and the company of his friends and associates over his family and was frequently gone from home.

Number of jurors who so find ___0___.

17. Edgar Baltazar Garcia's father abandoned his family for another woman, leaving them with $50 and told the landlord to evict them.

Number of jurors who so find ___0___.

18. Edgar Baltazar Garcia's mother was fully aware of the drug/criminal environment when she sent him to live with his father while he was in middle school. Edgar Baltazar Garcia was then recruited and groomed for his father's drug business.

Number of jurors who so find ___1___.

19. Edgar Baltazar Garcia idolized his father, but when he went to live with him at age 13-14, he was rejected by his stepmother. Edgar Baltazar Garcia's father made him live alone in a drug house with no electricity.

Number of jurors who so find ___0___.

20. During his impressionable adolescence, Edgar Baltazar Garcia's father modeled the upside of drug trafficking with guns, drugs, expensive cars, and a party lifestyle.

Number of jurors who so find ___0___.

21. Edgar Baltazar Garcia's mother initially refused to allow him to come home to Abilene, Texas, and his father did not enroll him in school.

Number of jurors who so find ___0___.

22. At age 13-14, Edgar Baltazar Garcia's father sent him traveling alone to pick up drug money.

Number of jurors who so find ___0___.

23. Edgar Baltazar Garcia was exposed and indoctrinated by his father into a criminal culture.

Number of jurors who so find ___8___.

USCA5 47

24. Upon his arrival in Texas, Edgar Baltazar Garcia spoke no English but had to attend English-speaking schools.

Number of jurors who so find ____0____.

25. Edgar Baltazar Garcia's life was marked by frequent moves and conflicting values.

Number of jurors who so find ____0____.

26. After Edgar Baltazar Garcia's parents divorced, his mother worked multiple jobs to pay the bills and left him unsupervised.

Number of jurors who so find ____0____.

27. Edgar Baltazar Garcia was devastated when his father left. He had little contact with his father until he was a teenager.

Number of jurors who so find ____0____.

28. Edgar Baltazar Garcia's mother did not show any affection toward him.

Number of jurors who so find ____0____.

29. Edgar Baltazar Garcia's extended family kept many secrets from each other and the outside world.

Number of jurors who so find ____0____.

30. At age 16-17, Edgar Baltazar Garcia could no longer live with his mother, was a high school dropout, and was faced with the responsibilities of taking care of his wife and child. Serving as his father's drug connection in Abilene seemed the only way Edgar Baltazar Garcia could take care of his family.

Number of jurors who so find ____0____.

31. At the age of 22, Edgar Baltazar Garcia faced 40 years in prison where he would develop hyper-vigilant behavior. This time in prison caused feelings of helplessness and a fear he would lose his family.

Number of jurors who so find ____0____.

USCA5 48

32. In prison, Edgar Baltazar Garcia felt the need to develop a tough persona so that he would not be victimized.

Number of jurors who so find ___ 0 ___.

33. Edgar Baltazar Garcia has intellectual curiosity.

Number of jurors who so find ___ 0 ___.

34. Edgar Baltazar Garcia exercises his mind by learning more about current events.

Number of jurors who so find ___ 0 ___.

35. Edgar Baltazar Garcia has the ability to learn and seek out new ideas.

Number of jurors who so find ___ 0 ___.

36. Edgar Baltazar Garcia has the intelligence and talent to communicate what the prison experience is like to help others.

Number of jurors who so find ___ 0 ___.

37. Edgar Baltazar Garcia has found ways to bring beauty into his existence through art and creativity. He uses his creativity to deal with the stress of incarceration.

Number of jurors who so find ___ 0 ___.

38. Edgar Baltazar Garcia is reaching the age and maturity where he realizes what is important in his life.

Number of jurors who so find ___ 0 ___.

39. Edgar Baltazar Garcia is loyal to his family. He knows his children deserve a better father than he is, but he tries his best to be there for them. He calls his children regularly, and he provides a positive example of respect for his children's mother.

Number of jurors who so find ___ 0 ___.

USCA5 49

40. Edgar Baltazar Garcia forgives his mother for her inability to show love and continues to reach out to her. He encourages a relationship between his mother and his children to give her the opportunity to experience a warm, affectionate relationship which they never shared.

Number of jurors who so find _____0_____.

41. Edgar Baltazar Garcia has insight into the pain he has caused his family.

Number of jurors who so find _____0_____.

42. Edgar Baltazar Garcia writes his children and creates art for their enjoyment.

Number of jurors who so find _____0_____.

43. Edgar Baltazar Garcia is interested in his children's day-to-day lives.

Number of jurors who so find _____0_____.

44. Edgar Baltazar Garcia instills in his children a sense of doing the right thing and not making his same mistakes.

Number of jurors who so find _____3_____.

45. Edgar Baltazar Garcia encourages his children to do well in school. He gives them tips and encouragement in sports, school, and music.

Number of jurors who so find _____0_____.

46. Edgar Baltazar Garcia encourages his children to visit so they can maintain a close familial relationship, and he offers his children unconditional love.

Number of jurors who so find _____0_____.

47. As an inmate in the Bureau of Prisons ("BOP"), Gabriel Rhone was a behavior management problem.

Number of jurors who so find _____0_____.

48. Gabriel Rhone engaged in defiant behavior.

Number of jurors who so find _____0_____.

205

49. Gabriel Rhone's behavior was unpredictable.

Number of jurors who so find ___0___.

50. Gabriel Rhone displayed a negative and angry approach to others.

Number of jurors who so find ___0___.

51. Edgar Baltazar Garcia heard Gabriel Rhone threaten to kill Mark Isaac Snarr on or about November 27, 2007.

Number of jurors who so find ___0___.

52. Gabriel Rhone threatened to kill Edgar Baltazar Garcia on November 27, 2007, if he could get into his cell.

Number of jurors who so find ___0___.

53. Gabriel Rhone provoked the incident by screaming racial insults at Edgar Baltazar Garcia the night of November 27, 2007, and until 3:00 a.m. on November 28, 2007.

Number of jurors who so find ___0___.

54. Edgar Baltazar Garcia heard Gabriel Rhone scream insults the night of November 27, 2007, and until 3:00 a.m. on November 28, 2007.

Number of jurors who so find ___0___.

55. Gabriel Rhone ejaculated onto Correctional Officer Dawn Gallagher's shoe on November 12, 2007, and Edgar Baltazar Garcia was aware of the incident.

Number of jurors who so find ___0___.

56. Gabriel Rhone provoked the incident when he threatened Mark Isaac Snarr's family in Edgar Baltazar Garcia's presence by saying that he was "going to fuck [his] mother and give her a black baby."

Number of jurors who so find ___0___.

57. Gabriel Rhone provoked the incident when he threatened Mark Isaac Snarr's family in Edgar Baltazar Garcia's presence by saying that he was "going to rape [his] sister and give her a black baby."

Number of jurors who so find ___0___.

58. Gabriel Rhone would sharpen his shank on his cell wall and ask Edgar Baltazar Garcia if he could hear it.

Number of jurors who so find _____ O _____.

59. Gabriel Rhone yelled "all non-Muslims can suck my dick."

Number of jurors who so find _____ O _____.

60. Gabriel Rhone was disrespectful to Correctional Officers.

Number of jurors who so find _____ O _____.

61. Gabriel Rhone was disrespectful to other inmates.

Number of jurors who so find _____ O _____.

62. Gabriel Rhone did not respect himself.

Number of jurors who so find _____ O _____.

63. Gabriel Rhone was a loud and obnoxious inmate.

Number of jurors who so find _____ O _____.

64. Gabriel Rhone was not a peaceful and law abiding inmate.

Number of jurors who so find _____ O _____.

65. Gabriel Rhone was a racist.

Number of jurors who so find _____ O _____.

66. Gabriel Rhone frequently yelled religious slurs at non-Muslim inmates.

Number of jurors who so find _____ O _____.

67. Gabriel Rhone was a District of Columbia inmate, and District of Columbia inmates are the most disrespectful and brutal inmates in federal prison.

Number of jurors who so find _____ O _____.

68. The BOP Beaumont facility lacked proper leadership.

Number of jurors who so find _____ O _____.

USCA5 52

69. The BOP Beaumont facility leaders failed to post orders.

    Number of jurors who so find ____O____.

70. The BOP Beaumont facility leaders failed to properly staff the Special Housing Unit ("SHU").

    Number of jurors who so find ____O____.

71. Correctional Officers sometimes allowed the inmates to police themselves in the SHU facility.

    Number of jurors who so find ____O____.

72. The BOP Beaumont facility employees habitually failed to follow proper policies.

    Number of jurors who so find ____3____.

73. The BOP Beaumont facility employees failed to properly shackle Edgar Baltazar Garcia.

    Number of jurors who so find ____7____.

74. The BOP Beaumont facility employees failed to properly escort Edgar Baltazar Garcia.

    Number of jurors who so find ____10____.

75. The BOP Beaumont facility failed to keep Edgar Baltazar Garcia separate from the other inmates.

    Number of jurors who so find ____4____.

76. The failure of the BOP Beaumont facility employees to follow proper policies contributed to the occurrence of the offense.

    Number of jurors who so find ____5____.

77. The internal investigation of the BOP following the incident concluded that the BOP Beaumont SHU facility's numerous failures permitted the event to occur.

    Number of jurors who so find ____D____.

USCA5 53

78. The offense would not have occurred if the BOP Beaumont facility had followed proper policies.

Number of jurors who so find ___2___.

79. The BOP delayed Edgar Baltazar Garcia's transfer to ADX prior to the offense on November 28, 2007.

Number of jurors who so find ___0___.

80. Edgar Baltazar Garcia was transferred to ADX immediately following the incident.

Number of jurors who so find ___0___.

81. Gabriel Rhone provoked the incident by making threats to Edgar Baltazar Garcia.

Number of jurors who so find ___5___.

82. Edgar Baltazar Garcia did not kill Gabriel Rhone for any racial reason.

Number of jurors who so find ___0___.

83. Edgar Baltazar Garcia stated that the officers were merely victims of circumstance.

Number of jurors who so find ___0___.

84. Edgar Baltazar Garcia had no intent to kill the correctional officers.

Number of jurors who so find ___0___.

85. After the death of Gabriel Rhone, Edgar Baltazar Garcia voluntarily surrendered his knife to correctional officers.

Number of jurors who so find ___0___.

86. After the death of Gabriel Rhone, Edgar Baltazar Garcia voluntarily submitted to restraint and handcuffs.

Number of jurors who so find ___0___.

USCA5 54

The following extra spaces are provided to write in additional mitigating factors, if any, found by any one or more jurors. If none, write "NONE." If more space is needed, write "CONTINUED" and use the reverse side of this page.

__. _____*none* ._____

Number of jurors who so find _____.

__. _____

Number of jurors who so find _____.

__. _____

Number of jurors who so find _____.

__. _____

Number of jurors who so find _____.

__. _____

Number of jurors who so find _____.

__. _____

Number of jurors who so find _____.

__. _____

Number of jurors who so find _____.

*May 24, 2010*
‾‾Date ‾‾‾‾‾‾‾‾‾‾‾ Jury Foreperson

Regardless of how you answered in response to Section II, proceed to Section III, which follows.

# SPECIAL FINDING III

## SELECTION OF PUNISHMENT

Based upon our consideration of whether the aggravating factors found to exist sufficiently outweigh any mitigating factor(s) found to exist, or in the absence of any mitigating factors, whether the aggravating factors are themselves sufficient to justify a sentence of death, and whether death is therefore the appropriate sentence in this case, we, the jury, determine by unanimous vote, that the following sentence shall be imposed on Defendant Edgar Baltazar Garcia as to Count I of the Indictment:

DEATH PENALTY _____

LIFE IMPRISONMENT WITHOUT THE POSSIBILITY OF RELEASE _____

May 24, 2010
Date

After each juror has signed Section III, proceed to Section IV, which follows.

USCA5 56

# United States District Court
## EASTERN DISTRICT OF TEXAS
### Beaumont

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| MARK ISAAC SNARR | |

**Case Number: 1:09CR00015-001**

**USM Number: 11093-081**

**Patrick Black and Douglas Barlow**

Defendant's Attorney

**Date of Original Judgment:**   5/24/2010

(Or Date of Last Amended Judgment)

## Reason for Amendment:

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))

☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))

☑ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☐ Direct Motion to District Court Pursuant   ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)

☐ Modification of Restitution Order (18 U.S.C. § 3664)

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☑ was found guilty on count(s)   1 of the Indictment after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 1111 and 2 | Murder | 11/28/2007 | 1 |

The defendant is sentenced as provided in pages 2 through ___5___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____   ☐ is  ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

5/24/2010

Date of Imposition of Judgment

*Marcia A. Crone*

Signature of Judge

Marcia A. Crone

United States District Judge

Name and Title of Judge

5/27/10

Date

DEFENDANT:  MARK ISAAC SNARR
CASE NUMBER: 1:09CR00015-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of  death

☐  The court makes the following recommendations to the Bureau of Prisons:

☑  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

    ☐  at _____  ☐  a.m  ☐  p.m.    on  _____ .

    ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐  before 2 p.m. on  _____ .

    ☐  as notified by the United States Marshal.

    ☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on  _____  to  _____

at _____  with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By_____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: MARK ISAAC SNARR
CASE NUMBER: 1:09CR00015-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check. if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

DEFENDANT:  MARK ISAAC SNARR
CASE NUMBER:  1:09CR00015-001

Judgment — Page __4__ of __5__

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| | | | | |
|---|---|---|---|---|
| TOTALS | S | 0.00 | S | 0.00 |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐ the interest requirement is waived for    ☐ fine    ☐ restitution.

☐ the interest requirement for    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

USCA5 841

DEFENDANT: MARK ISAAC SNARR
CASE NUMBER: 1:09CR00015-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**  ☑ Lump sum payment of $ _100.00_     due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B**  ☐ Payment to begin immediately (may be combined with ☐ C,   ☐ D, or   ☐ F below); or

**C**  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to: the U.S. District Court, Fine & Restitution Section, P.O. Box 570, Tyler, TX 75710.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

# United States District Court
## EASTERN DISTRICT OF TEXAS
### Beaumont

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| **V.** | |
| EDGAR BALTAZAR GARCIA | |

Case Number: 1:09CR00015-002
USM Number: 28132-177
Gerald Bourque and Robert Morrow
Defendant's Attorney

**Date of Original Judgment:** __5/24/2010__
(Or Date of Last Amended Judgment)

**Reason for Amendment:**

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))

☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))

☑ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))

☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)

☐ Modification of Restitution Order (18 U.S.C. § 3664)

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☑ was found guilty on count(s) __1 of the Indictment__ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC § 1111 and 2 | Murder | 11/28/2007 | 1 |

The defendant is sentenced as provided in pages 2 through __5__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

__5/24/2010__
Date of Imposition of Judgment

_____
Signature of Judge

Marcia A. Crone

United States District Judge
Name and Title of Judge

DEFENDANT: EDGAR BALTAZAR GARCIA
CASE NUMBER: 1:09CR00015-002

(NOTE: Identify Changes with Asterisks (*))

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of  **death**

☐ The court makes the following recommendations to the Bureau of Prisons:

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By_____
DEPUTY UNITED STATES MARSHAL

Judgment—Page __3__ of __5__

DEFENDANT: EDGAR BALTAZAR GARCIA
CASE NUMBER: 1:09CR00015-002

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of

      The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☐   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☐   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq* .) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check. if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

      If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

DEFENDANT:  EDGAR BALTAZAR GARCIA
CASE NUMBER:  1:09CR00015-002

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|            | Assessment | Fine     | Restitution |
|------------|------------|----------|-------------|
| TOTALS     | $ 100.00   | $ 0.00   | $ 0.00      |

☐  The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐  The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---------------|-------------|---------------------|------------------------|
| TOTALS        | $         0.00 | $         0.00   |                        |

☐  Restitution amount ordered pursuant to plea agreement  $_____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☐  the interest requirement is waived for   ☐ fine   ☐ restitution.

☐  the interest requirement for   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

220

DEFENDANT: EDGAR BALTAZAR GARCIA
CASE NUMBER: 1:09CR00015-002

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A    ☑ Lump sum payment of $ __100.00__ due immediately, balance due

   ☐ not later than _____ , or
   ☐ in accordance with ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B    ☐ Payment to begin immediately (may be combined with ☐ C,  ☐ D, or  ☐ F below); or

C    ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D    ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E    ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to: the U.S. District Court, Fine & Restitution, 1910 E SE Loop 323 No 287, Tyler, TX 75701

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF TEXAS

### BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| VS. | § | Criminal Number 1:09-CR-15 |
| MARK ISAAC SNARR | § | |

## NOTICE OF APPEAL

MARK ISAAC SNARR, does hereby give written notice of appeal to the U.S. Court of Appeals, Fifth Circuit, in the captioned cause regarding all pre-trial, trial, and post-trial matters, judgment and conviction and sentence of death and all matters appurtenant thereto. Said defendant further attests that he is still indigent and cannot afford the services of counsel regarding this appeal, and requests that the Court appoint counsel for purposes of this appeal.

Defendant has requested that trial counsel Douglas M. Barlow be appointed as lead counsel and that G. Patrick Black be appointed as second counsel for purposes of direct appeal.

DATED: June 3, 2010

> Respectfully submitted,
> /s/Douglas M. Barlow
> Douglas M. Barlow
> 485 Milam St
> Beaumont, TX 77701-3518
> Bar No. 01753700
> 409-838-4259
>
> /s/G. Patrick Black
> G. Patrick Black
> 350 Magnolia Street Ste. 117
> Beaumont, TX 77701
> Bar No. 02371200
> 409-839-2608
> 409-839-2610 (fax)

# CERTIFICATE OF SERVICE

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV(a)(3) on this the 3rd day of June, 2010.

Respectfully submitted,
/s/Douglas M. Barlow
Douglas M. Barlow
485 Milam St
Beaumont, TX 77701-3518
Bar No. 01753700
409-838-4259

/s/G. Patrick Black
G. Patrick Black
350 Magnolia Street Ste. 117
Beaumont, TX 77701
Bar No. 02371200
409-839-2608
409-839-2610 (fax)

USCA5 844

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF TEXAS

## BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| VS. | § | Criminal Number 1:09-CR-15(2) |
| EDGAR BALTHAZAR GARCIA | § | |

## NOTICE OF APPEAL

EDGAR BALTHAZAR GARCIA, does hereby give written notice of appeal to the U.S. Court of Appeals, Fifth Circuit, in the captioned cause regarding all pre-trial, trial, and post-trial matters, judgment and conviction, sentence of death, and all matters appurtenant thereto. Said defendant further attests that he is still indigent and cannot afford the services of counsel regarding this appeal, and requests that the Court appoint counsel for purposes of this appeal.

EDGAR BALTHAZAR GARCIA has requested that appointed trial counsel Gerald E. Bourque be appointed as lead counsel on direct appeal, and that appointed trial counsel Robert A. Morrow, be appointed as second counsel for purposes of direct appeal.

DATED: June 3, 2010

Respectfully submitted,

/s/Gerald E. Bourque
GERALD E. BOURQUE
State Bar No. 02716500
24 Waterway Ave., Suite 660
The Woodlands, TX 77380
Telephone: (281) 379-6901
Fax: 832-813-0321

/s/Robert A.Morrow

USCA5 1078

ROBERT A. MORROW
State Bar No.14542600
24 Waterway Ave., Suite 660
The Woodlands, TX 77380
Telephone: (281) 379-6901
Fax: 832-813-0321

**CERTIFICATE OF SERVICE**

This is to certify that all counsel of record who are deemed to have consented to

electronic service are being served with a copy of this document via the Court's CM/ECF system

per Local Rule CV(a)(3) on this the 3rd day of June, 2010.

Respectfully submitted,

/s/Gerald E. Bourque
GERALD E. BOURQUE
State Bar No. 02716500
24 Waterway Ave., Suite 660
The Woodlands, TX 77380
Telephone: (281) 379-6901
Fax: 832-813-0321

/s/Robert A. Morrow
ROBERT A. MORROW
State Bar No.14542600
24 Waterway Ave., Suite 660
The Woodlands, TX 77380
Telephone: (281) 379-6901
Fax: 832-813-0321

# CERTIFICATE OF SERVICE

I certify that on the 8th day of August, 2011, I did not serve the foregoing Record Excerpts of Appellants, on the following individuals pursuant to Fed. R. App. P. Rule 25, because the Record Excerpts contain attorney/client privileged information and *ex parte* matters sealed by the trial court and has been filed under seal:

Mr. Joseph Batte
Assistant U.S. Attorney
US Attorney's Office
350 Magnolia, Suite 150
Beaumont, TX 77701

Ms. Traci Kenner
Assistant U.S. Attorney
U.S. Attorney's Office
110 North College, Suite 700
Tyler, TX 75702

/s/Douglas M. Barlow
DOUGLAS M. BARLOW

/s/ Gerald E. Bourque
GERALD E. BOURQUE

/s/G. Patrick Black
G. PATRICK BLACK
*Attorneys for Appellant Snarr*

/s/ Robert A. Morrow, III
ROBERT A. MORROW, III
*Attorneys for Appellant Garcia*