_____

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

**UNITED STATES OF AMERICA**,
Plaintiff-Appellee,

V.

**MARK SNARR, ET AL**,
Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Texas
Beaumont Division, Criminal No. 1:09CR15

_____

**GOVERNMENT'S REPLY TO APPELLANTS' JOINT
RESPONSE CLARIFYING REQUEST TO FILE
*EX PARTE* AND SEAL PORTION OF BRIEF**

_____

In accordance with the joint proposal for proceeding with this appeal

adopted by the Court, the Appellants have filed a joint response clarifying their

request to file a portion of their brief under seal.  The United States opposes

sealing any part of the brief and the resulting ex parte consideration of any issue

because the governing statute and precedents, while not conclusive, do not appear

to authorize such a departure from standard appellate practice.

## I. Procedural History

This is a direct appeal from two federal capital murder convictions and sentences. Appellants Mark Isaac Snarr and Edgar Baltazar Garcia were sentenced to death on May 24, 2010. This appeal followed, and the Court entered its initial briefing schedule on December 1, 2010, with Defendant-Appellants' brief due on January 10, 2011. On January 7, 2011, Appellants obtained an extension of time to file their brief, moving the due date to February 9, 2011. On February 7, 2011, Appellants filed an unopposed motion seeking an additional 180-day extension. The Court granted the motion, extending the due date to August 8, 2011.

On the due date, Appellants filed an unopposed motion to file a brief in excess of the page limitation and an opposed motion to seal their brief and record excerpts. They also filed their brief and record excerpts. To date, the government has seen neither.

On August 23, 2011, the Court issued a directive ordering the parties to confer regarding a plan that would allow appropriate briefing for this case. The parties complied and filed a joint proposal with the following recommendations:

> First, within 14 days of approval of this plan, Appellants will file a notice with the Court identifying the issues and record excerpts that they believe should be sealed with a detailed explanation supporting their position. The

government does not oppose the filing of this notice under seal.

Second, if the Court determines that a response from the government would be helpful, the Court will permit the government to view Appellants' submission and respond within 14 days.

Third, if, after considering Appellants' filing and any response ordered, the Court determines that portions of Appellants' brief and record excerpts should remain sealed— in effect, holding that some issues on appeal must be decided ex parte— the Court will suspend further briefing and resolve the sealed issues before requiring the government to file a brief.  If the Court finds an ex parte issue warranting reversal, the government will not be required to file a brief.

Or, if, after considering Appellants' filing and any response ordered, the Court determines that no portions of Appellants' brief and record excerpts should remain sealed, the Court will enter a briefing schedule for the government's brief.

On September 16, 2011, the Court approved the joint proposal and gave

Appellants 14 days to file a notice, as described above, identifying the issues and

record excerpts that they believe should be sealed with a detailed explanation

supporting their position.  The order gave the government 14 days from the date of

Appellants' notice in which to respond.

On September 29, 2011, the Appellants filed a "Joint Response Clarifying

Request to File ex Parte and Seal Portion of Brief."  In the response, Appellants

agree that their record excerpts and Issues One through Eighteen of their joint

brief may be unsealed.  Appellants urge the Court, however, to permit Issue

Nineteen to remain sealed.  Appellants state that Issue Nineteen addresses matters that were presented to the district court ex parte and sealed based on (1) the attorney-client privilege, (2) the Sixth Amendment right to counsel, (3) Supreme Court precedent, (4) the sensitive nature of the matters, and (5) "other reasons not articulated on the record by the trial court."  Although not stated directly, it appears that Issue Nineteen concerns funding for investigative or expert witnesses.

## II.  Reply

Congress provides for funding expert assistance in capital cases in 18 U.S.C. § 3599:

> **(f)** Upon a finding that investigative, expert, or other services are reasonably necessary for the representation of the defendant, whether in connection with issues relating to guilt or the sentence, the court may authorize the defendant's attorneys to obtain such services on behalf of the defendant and, if so authorized, shall order the payment of fees and expenses therefor under subsection (g).  **No ex parte proceeding, communication, or request may be considered pursuant to this section unless a proper showing is made concerning the need for confidentiality.  Any such proceeding, communication, or request shall be transcribed and made a part of the record available for appellate review**.

> **(g)** . . .

> > **(2)** Fees and expenses paid for investigative, expert, and other reasonably necessary services authorized under subsection (f) shall not exceed $7,500 in any case, unless payment in excess of that limit is certified by the court, or by the United States magistrate judge, if the services were rendered in connection

with the case disposed of entirely before such magistrate judge, as necessary to provide fair compensation for services of an unusual character or duration, and the amount of the excess payment is approved by the chief judge of the circuit. The chief judge of the circuit may delegate such approval authority to an active or senior circuit judge.

**(3) The amounts paid under this paragraph for services in any case shall be disclosed to the public, after the disposition of the petition**.

18 U.S.C. § 3899 (f)-(g) (emphasis added).[1]

By its plain language, Section 3599(f) requires the defendant to make a "proper showing" of the need for confidentiality at the district court level. Significantly, the section also mandates preservation of the request and related proceedings for meaningful appellate review without mentioning that such review should be ex parte. Additionally, Section 3599(g)(3) anticipates the eventual public disclosure of amounts paid for expert services that exceed $7,500.[2] Read together, these sections do not appear to contemplate ex parte appellate review of investigative or expert funding decisions, which would be a significant departure

---

[1] In their response Appellants cite 21 U.S.C. § 848(q)(10)(B), which was repealed upon the enactment of 18 U.S.C. § 3599 by the USA Patriot Improvement and Reauthorization Act of 2005, Pub.L. No. 109-177, tit. II, §§ 221-222, 120 Stat. 231 (Mar. 9, 2006). Although Section 3599 is the effective statute, it is substantively identical to 21 U.S.C. § 848(q). *United States v. Berkley*, 375 F. App'x 413, 416 n.1 (5th Cir. 2010) (unpublished) (Dennis, J., dissenting).

[2] Section 3599(g)(3) refers to disclosure "after disposition of the petition." The term "petition" is found nowhere else in the statute, but may refer to post-conviction relief under 28 U.S.C. §§ 2254, 2255.

from standard appellate practice.

"[W]here a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it." *Transamerica Mortgage Advisors, Inc. (TAMA) v. Lewis*, 444 U.S. 11, 19 (1979). This is especially so when the statute contains a "carefully crafted and detailed enforcement scheme" because such a scheme "provides strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly." *Mertens v. Hewitt Associates, Inc.*, 508 U.S. 248, 254 (1993) (*quoting Massachusetts Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 146-47 (1985)). The "elaborate" nature of such a statutory enforcement scheme, in other words, negates any "assum[ption] that Congress intended to authorize by implication additional judicial remedies" beyond those specifically provided for in the statute. *Middlesex County Sewers Auth. v. National Sea Clammers Ass'n*, 453 U.S. 1, 14 (1981).

If Congress had intended to permit the ex parte appeal of funding decisions, it would have spoken more clearly than it did in Section 3599. *Cf. Cleveland v. United States*, 531 U.S. 12, 24-25 (2000) (expressing reluctance to "approve a sweeping expansion of federal criminal jurisdiction in the absence of a clear statement by Congress"). Although Congress certainly intended to permit defendants to make ex parte requests for funds— with a proper showing of the

need for confidentiality— the statute evinces no similar intent to permit ex parte appellate review. Had Congress intended ex parte appellate review of ex parte funding decisions, it could have clearly stated so in the final sentence of Section 3599(f): "Any such proceeding, communication, or request shall be transcribed and made a part of the record available for appellate review." Rather, the statute appears to contemplate the disclosure of decisions made under Section 3599(f) by making them part of the record on appeal and by ultimately disclosing them to the public under Section 3599(g)(3).

Appellants cite no precedent for ex parte review of funding requests under Section 3599(f) and (g) or its predecessor statute, 21 U.S.C. § 848(q). Likewise, the government found no case in which an appellate court considered ex parte issues related to a funding request under Section 3599 on direct review. It appears, however, that this Court and others have considered appeals raising funding issues under Section 3599(f) and 21 U.S.C. § 848(q) in unsealed, non-ex parte proceedings. *See e.g., Smith v. Dretke*, 422 F.3d 269, 287-89 (5th Cir. 2005) (appeal from denial of two ex parte motions for the assistance of a psychologist in federal habeas application from state conviction); *Barraza v. Cockrell*, 330 F.3d 349, 350-52 (5th Cir. 2003) (denial of certificate of appealability on issue of funding for additional psychiatric, psychological and medical testing in federal

habeas corpus proceeding from state capital case); *United States v. Mikos*, 539 F.3d 706, 712-13 (7th Cir. 2008) (appeal from denial of request for specific ballistics expert and jury-selection expert); *Hain v. Mullin*, 436 F.3d 1168, 1170-75 (10th Cir. 2006) (appeal from denial of ex parte motion for federal funding of attorney fees in state clemency proceeding); *Rohan v. Woodford*, 334 F.3d 803, 805-06 (9th Cir. 2003) (interlocutory appeal involving review of orders and briefing that had been sealed by the district court).

Despite the dearth of supporting authority, Appellants argue that Issue Nineteen should remain sealed from the government and be decided ex parte because the release of the information would disclose "consulting witnesses or the potential witnesses of the defense prior to any retrial of these cases." This claim fails to justify the extraordinary departure from standard appellate practice urged by Appellants. Because this case has been tried— with Appellants presumably putting on their best possible defense— the government should be aware of any "potential witnesses" for the defense. And while the government may not be aware of their consulting witnesses, Appellants have not explained how disclosure of those witnesses could actually impair their defense in the unlikely event of a retrial.

In sum, Appellants have not provided a sufficient basis to support their

request that Issue Nineteen remain sealed and be considered ex parte. Therefore, the government opposes the continued sealing and ex parte consideration of that issue.

### III. Conclusion

Appellants have not sufficiently supported their request for this Court to take the extraordinary step of considering one issue on direct appeal ex parte. The request appears to be contrary to the Congressional plan set out in 18 U.S.C. § 3599. And this Court and others have considered similar issues in unsealed, non-ex parte appeals. Therefore, the government urges the Court to unseal Appellants' brief and record excerpts and permit this appeal to proceed with full briefing on all issues. Alternatively, if the Court grants Appellants' motion, the government respectfully urges the Court to follow the procedures in the joint proposal adopted on September 16, 2011, and decide Issue Nineteen first, requiring briefing from the government only after determining that issue presents no reversible error.

Respectfully submitted,

John M. Bales
United States Attorney

/s/ Traci L. Kenner
Traci L. Kenner
Assistant United States Attorney
110 N. College, Suite 700
Tyler, Texas 75702
(903) 590-1400
(903) 590-1439 (fax)
Traci.Kenner@usdoj.gov

## CERTIFICATE RELATED TO FIFTH CIRCUIT RULE 25.2

I hereby certify in compliance with Fifth Circuit Rule 25.2 that: (1) all required privacy redactions have been made from this document; (2) this electronically-submitted document is an exact copy of the paper document; and (3) this document has been scanned for viruses with the most recent version of commercially-available virus scanning software used by the United States Attorney's Office for the Eastern District of Texas and is free of viruses.

/s/ Traci L. Kenner
Traci L. Kenner
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that this document has been served on the following by the

Court's ECF system on this the 13th day of October, 2011:

Douglas Milton Barlow
Barlow Law Firm
485 Milam
Beaumont, Texas 77701
(409) 838-4259
(409) 832-5611 (fax)
barlowlawfirm@gtbizclass.com

George Patrick Black
Federal Public Defender
110 N. College, Suite 1122
Tyler, Texas 75702
(903) 531-9233
(903) 531-9625 (fax)
amy_blalock@fd.org

Gerald E. Bourque
Robert A Morrow, III
24 Waterway Avenue, Suite 660
The Woodlands, Texas 77380
(713) 862-7766 (Bourque)
(281) 379-6901 (Morrow)
(832) 813-0321 (fax)
gerald@geraldbourque.com
ramorrow15@gmail.com

Jani Jo Maselli
808 Travis Street, 24th Floor
Houston, Texas 77002
(713) 757-0684
(713) 650-1602 (fax)

jmaselli@aol.com

        /s/ Traci L. Kenner
        Traci L. Kenner
        Assistant United States Attorney