IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

VERSUS                                                          NO. 10-40525

MARK ISAAC SNARR, *Defendant-Appellant*
EDGAR BALTAZAR GARCIA, Defendant-Appellant

---

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS, No. 1:09CR15

---

**EDGAR GARCIA'S MOTION TO RECALL THE MANDATE AND FOR
LEAVE TO FILE OUT-OF-TIME PETITION FOR REHEARING OR
OUT OF TIME RECONSIDERATION IN LIGHT OF *AYESTAS V. DAVIS***

The defendant-appellant, Edgar Baltazar Garcia, moves this Court to recall its

mandate pursuant to Fifth Circuit Rule 41.2 and for leave to file an out-of-time

petition for panel rehearing pursuant to Federal Rule of Appellate Procedure 40 in

light of the decision in *Ayestas v. Davis*, 138 S. Ct. 1080 (2018). *Ayestas* represents

a complete change in the law from that which determined the outcome of this case,

overruling Circuit precedent regarding the reviewability and standard of review for

funding claims on appeal. In particular, this Court's denial of Mr. Garcia's Claim

XIX is now shown to be demonstrably wrong.

1

# Procedural History

Mr. Garcia was indicted on one count of murder in violation of 18 U.S.C. §§ 1111 and the Government sought the death penalty.

In the course of their preparation for trial, defense counsel sought funding for investigative and expert services. Defense counsel conducted an extensive evidentiary hearing at which they "presented various witnesses who testified as to the necessity for Garcia to retain prison, cultural, and neurological experts. A contractor with the Federal Death Penalty Resource Counsel also testified that Garcia's proposed budget was reasonable." *Snarr*, 704 F.3d 403. The district court found Mr. Garcia's proposed experts and expenditures reasonable and necessary. Doc #54;[1] #91. The chief judge however, acting pursuant to 18 U.S.C. §3599(g)(2), refused to approve the expenditures, reducing the relevant parts of the budget by almost 40% and barring the use of a cultural expert. Doc #61; #138.

In sum, Mr. Garcia requested $140,000 for investigators, a mitigation specialist, a pathologist, mental health experts, a prison expert and a criminologist. Funding was approved for only $85,000.

---

[1] The district court judge also counter-signed the chief judge's first budget order reducing funding, (Doc#61) the day after it was signed by the chief judge.

Following the chief judge's order of December 18, 2009 capping the defense funding, Dr. Haney, the prison expert, Dr. Trahan, the neuropsychologist and, of course, Dr. Cervantes, the cultural expert, performed no work in the case and did not testify. The defense did not notice any mental health evidence or reports and did not call any expert witness to testify as to Mr. Garcia's mental health or the psychological environment of prison and its effect on Mr. Garcia.[2]

On direct appeal, Mr. Garcia raised the denial of adequate funding based upon the erroneous reversal by the chief judge of the district court's funding orders, which resulted in a denial of due process. *Original Brief*, Claim XIX.[3] The government argued in its brief that the chief judge's decision was unreviewable.[4]

---

[2] This court erroneously describes Dr, Brams as having testified as an expert psychologist. *Snarr*, 704 F.3d at 405. The defense sought funding for Dr. Brams solely as a mitigation specialist (10/30/09 *Transcript of ex parte funding hearing* at p.64-6.), did not give notice of any mental health evidence, specifically stated that Dr. Brams was not being called as an expert psychologist (02/1/2010 *Transcript of Hearing* pp.14-5), did not seek to qualify her as an expert psychologist (05/20/2010 *Transcript of Brams Testimony*) and did not elicit expert opinion regarding Mr. Garcia's mental health.

[3] *Original Brief*, p.215 (arguing abuse of discretion under the statutory standard); *Original Brief,* p.232 ("This Court's rejection of the district court's findings was clear error and denied Garcia a fair trial."); *Reply Brief* p.55-7 (arguing that the statute contemplates appellate review and that it was error to deny funds that were necessary to the defense.)

[4] The government argued that the §3599(g) decision was not reviewable on the basis that the decision is a non-adversarial, administrative decision, rather than a judicial decision. *Brief in Opposition* at pp.167-8.

While Mr. Garcia's appeal was pending, this Court announced its decision in *In re Marcum L.L.P.*, 670 F.3d 636 (5th Cir. 2012), holding that the chief judge's orders under 18 U.S.C. § 3006A(e)(3) are unreviewable.

The funding claim was extensively discussed at oral argument. Mr. Garcia's counsel was immediately challenged by the bench to explain why the claim was not foreclosed by Marcum. Ms. Maselli pushed back that counsel had taken the steps required by *Marcum*, seeking reconsideration before the chief judge, and that §3599 by its text anticipated appellate review of the funding decisions.[5] The government opened by urging that *Marcum* foreclosed relief.[6] While the bench accepted that *Marcum* foreclosed direct appeal of the chief judge's order, it held out that a claim of denial of due process would survive for appellate review.[7] Addressing the merits, the government conceded that if it had been involved in the funding process, it would not have opposed the applications for funding.[8] Nevertheless, the government argued that Mr. Garcia could not demonstrate the necessary prejudice under a due process standard.

---

[5] At about time stamp 11:50.
[6] At about time stamp 28:20.
[7] At about time stamp 30:10.
[8] At about time stamp 36:30.

Believing itself without jurisdiction to consider Mr. Garcia's claim that the chief judge abused her discretion under the statute, this Court held that it could nevertheless consider whether Mr. Garcia had been tried in violation of due process and grant relief if Mr. Garcia could establish that his trial had been rendered fundamentally unfair. *Snarr*, 704 F.3d at 404.

On the record before the court, Mr. Garcia was unable to meet his burden of proving that his trial had been rendered fundamentally unfair. *Snarr*, 704 F.3d at 405.

Mr. Garcia timely filed a motion for §2255 relief, and diligently continues to raise the issue of the denial of funding. *Garcia v. United States*, 13-cv-723 (EDTX 2/24/15) Doc #31. The §2255 motion remains pending.

On March 21, 2018, the United States Supreme Court announced *Ayestas v. Davis*, 584 U.S. ___, 138 S. Ct. 1080 (2018), holding that funding decisions under §3599 are reviewable judicial decisions and that the Fifth Circuit had adopted a legally erroneous and improperly demanding standard for approving funding under the statute.

At the time of the direct appeal, the funding order was understood in this Circuit to be an unreviewable administrative decision and review was limited to a minimal due process standard. After *Ayestas*, the legal status of the funding

decisions has changed and they are now understood to be reviewable, judicial decisions subject to an abuse of discretion standard.

Mr. Garcia now brings this motion to recall the mandate and permit an out-of-time petition for rehearing.

## Argument

## I. THIS COURT SHOULD RECALL THE MANDATE TO PREVENT INJUSTICE IN THIS CAPITAL CASE

### A. This court may recall its mandate to prevent injustice upon a showing of extraordinary circumstances, such as a subsequent decision of the Supreme Court

This Court has inherent authority to recall its own mandate to prevent injustice upon a showing of extraordinary circumstances. Rule 41.2; *United States v. Tolliver*, 116 F.3d 120, 123 (5th Cir. 1997); *Calderon v. Thompson,* 523 U.S. 538, 549-50 (1998). In exercising its discretion to recall its mandate, this Court must balance the interest in repose against the interest in preventing injustice on a case-by-case basis. *Calderon* (*supra*); *Am. Iron & Steel Inst. v. EPA*, 560 F.2d 589, 594-95 (3d Cir. 1977) ("Above all, . . . recall of a mandate is a mode of relief that falls within the ambit of a court's discretion[,] . . . [a]nd decisions concerning the propriety of such relief must be rendered on a case-by-case basis.").

This Court and other circuit courts have long recognized that an example of an injustice calling for the recall of the court's mandate "is when a subsequent decision by the Supreme Court renders a previous appellate decision demonstrably wrong." *United States v. Tolliver*, 116 F.3d 120, 123 (5th Cir. 1997); *Legate v. Maloney*, 348 F.2d 164, 166 (1st Cir. 1965); *Am. Iron & Steel Inst. v. EPA*, 560 F.2d 589, 593-95 (3d Cir. 1977); *Greater Boston Television Corp. v. F.C.C.*, 463 F.2d 268, 278 n.12 (D.C. Cir. 1971).

In *Eamery*, the motion to recall was granted over four years after the mandate had issued when the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) showed that the district court's sentencing decision and this Court's acceptance of an *Anders* brief were demonstrably wrong. *United States v. Emeary*, 794 F.3d 526, 530 (5th Cir. 2015).

In *United States v. Fraga-Araigo*, 00-20317, 2001 U.S. App. LEXIS 31016 (5th Cir. Nov. 20, 2001)(unpublished) the mandate was recalled after this court's decision in *United States v. Chapa-Garza*, 243 F.3d 1278 (5th Cir. 2001) changed the law previously applied to the defendant to affirm the sentencing enhancement. *See also United States v. Rangel-Mendoza*, 00-40561, 2001 U.S. App. LEXIS 31428 (5th Cir. Oct. 1, 2001)(unpublished)(same). Similarly, in *United States v. Hawkins*, 2002 U.S. App. LEXIS 29275 (5th Cir. Tex., Oct. 11, 2002)(unpublished) and

*United States v. Harris*, 2002 U.S. App. LEXIS 28437 (5th Cir. Tex., Dec. 2, 2002) the mandate was recalled after this Court's *en banc* decision in *United States v. Charles*, 301 F.3d 309, 312-14 (5th Cir. 2002) (*en banc*) changed the law as to the relevant sentence enhancement.

**B.    In *Ayestas v. Davis*, 584 U.S. ___, 138 S. Ct. 1080 (2018), the Supreme Court overruled circuit precedent regarding the reviewability of funding decisions and the correct standard applicable to review of §3599 funding decisions.**

In *Ayestas v. Davis*, 584 U.S. ___, 138 S. Ct. 1080 (2018), the Supreme Court granted certiorari to decide the correct legal standard for funding requests under on 18 U.S.C. §3599(f).

Like the Government in the present case, the State of Texas in *Ayestas* argued that funding decisions were non-adversarial, unreviewable administrative decisions. The Supreme Court explicitly rejected both of those claims, finding that the funding decisions under the CJA, while *ex parte*, are not non-adversarial and that they are judicial not administrative decisions. *Ayestas*, 138 S.Ct at 1089-92.

The Supreme Court went on to hold that Fifth Circuit precedent had established an erroneous and improperly demanding funding standard, "substantial need," when all that was required was that the defendant establish that "a reasonable

attorney would regard the services as sufficiently important." *Ayestas*, 138 S. Ct. at 1093.

This Court has acknowledged that *Ayestas* rejected this Circuit's precedent and that denials of funding under the prior, erroneous standard must be reviewed. *Robertson v. Davis*, 17-70013 (5th Cir. Tex., 7/5/18)(vacating the district court's 2013 order denying funding and remanding where *Ayestas* "rejected our Circuit's standard for determining whether investigative funds pursuant to § 3599(f) are 'reasonably necessary'");[9] *Sorto v. Davis*, 716 F. App'x 366 (5th Cir. 2018)(despite having previously denied COA on the merits, vacating the district court's denial of funding and remanding for reconsideration of the denial of funding in light of *Ayestas*.)

**C.** **This Court's failure to review the chief judge's decision for abuse of discretion is now shown to be demonstrably wrong**

Contrary to the Government's argument and this Court's approach to the question, the chief judge's orders denying approval of funding for reasonably

---

[9] Robertson, applying for relief under 28 U.S.C. §2254, had sought and been denied investigative funds under §3599 in the district court in 2013. This denial had been the subject of an appeal at the same time that Robertson unsuccessfully sought a COA in this Court from the denial of his petition on the merits. On July 5, 2018, the panel vacated the district court's denial of funding and remanded for reconsideration in light of *Ayestas*.

9

necessary investigative and other experts was a reviewable judicial decision. The failure to review those decisions on direct appeal for abuse of discretion and the imposition of the far more demanding due process standard is demonstrably wrong.

Reviewed under an abuse of discretion standard, Mr. Garcia need not demonstrate that his trial was rendered fundamentally unfair but only that the chief judge applied the wrong legal standard or abused her discretion in denying reasonably necessary funding.

Further, it is clear that the chief judge both applied the wrong legal standard and abused her discretion in denying the requested funding in this case.

Circuit authority at the time of the funding decisions had long established the now overturned "substantial need" standard. *Riley v. Dretke*, 362 F.3d 302, 307 (5th Cir. 2004).

As a result, it can hardly be disputed that the chief judge applied a legally incorrect standard in denying funding in this case and that reversible error is shown. *Ayestas*, 138 S.Ct. at 1085 ("lower courts applied the wrong legal standard, and we therefore vacate the judgment below and remand for further proceedings.")

Further, even if the legal error were ignored, assessing the court's decision against the "reasonable attorney" standard demonstrates a clear abuse of discretion. A detailed and extensive proffer of the need for the experts was made through

witness testimony and there was even direct testimony of the standard of care of a reasonable attorney and the need to retain these experts.

## II. THE COURT SHOULD GRANT EDGAR GARCIA LEAVE TO FILE AN OUT-OF-TIME PETITION FOR PANEL REHEARING

Upon recall of the mandate, the Court should also grant leave for Mr. Garcia to file an out-of-time petition for panel rehearing.

This Court has the authority to enlarge the time for filing a petition for rehearing and will do so for "good cause shown" or "to serve the interests of justice," *Knoblauch v. C.I.R.*, 752 F.2d 125, 128 (5th Cir. 1985); Fed. R. App. P. 40(a)(1)("Unless the time is . . . extended by order"). *See also Young v.Harper*, 520 U.S. 143, 147 n. 1 (1997) (noting that court of appeals had power to allow a petition for rehearing and to treat it as timely although it was filed late).[10]

All the reasons cited in support of Mr. Garcia's motion to recall the mandate also support this Court permitting him to file an out-of-time petition for panel rehearing for "good cause" and in the "interest of justice."

---

[10] Although in *Knoblauch* and *Harper*, the court had not yet issued its mandate, the underlying principle with respect to Fed. R. Crim. P. 40(a) is the same: "the rule must give way if necessary to avoid an unjust result." *See Reaves v. Ole Man River Towing, Inc.*, 761 F.2d 1111, 1112 (5th Cir. 1985).

Granting permission to file an out-of-time petition in light of an intervening change in the law is consistent with the precedent of the Supreme Court and this Court. *See Huddleston v. Dwyer*, 322 U.S. 232, 237-38 (1944) (vacating decision denying a motion to file an out-of-time petition for rehearing in light of an intervening state court decision raising doubt as to the applicable state law); *United States v. Middlebrooks*, 624 F.2d 36, 37 (5th Cir. 1980) (after denial of first petition for rehearing, permitting the filing of second petition where an intervening Supreme Court decision changed the law applicable to the case).

Therefore, this Court should grant Mr. Garcia's motion for leave to file a petition for panel rehearing out-of-time.

## III. IN THE ALTERNATIVE, THE COURT SHOULD GRANT EDGAR GARCIA AN OUT-OF-TIME PANEL REHEARING OF THE CHIEF JUDGE'S FUNDING DENIAL

Prior to *Ayestas*, orders of the chief judge under §3599 were understood in this circuit to be unreviewable, administrative orders. *Marcum* (*supra*).

The decision in *Ayestas* has made clear that the funding orders made under the CJA are judicial orders, not administrative orders and are reviewable.

Under F.R.A.P. Rule 27 the decision of a single judge is reviewable by a panel upon motion for reconsideration.

12

In light of the change in the law of this Circuit announced by *Ayestas* and for the reasons discussed above, Mr. Garcia submits that this court should recall the mandate and grant out-of-time panel rehearing of the decision of a single judge of this court.

## Conferencing Statement

Undersigned counsel conferenced this motion with AUSA's Batte and Kenner and were advised that the motion is opposed.

## Conclusion

It is respectfully submitted that Mr. Garcia has shown that a subsequent decision by the Supreme Court has rendered this Court's previous appellate decision demonstrably wrong, that the mandate must be recalled and, that an out-of-time petition for rehearing should be considered in order to prevent injustice in this capital case or, in the alternative, out-of-time panel reconsideration of the chief judge's funding denial should be granted.

/s/ Richard J. Bourke
RICHARD J. BOURKE, La. Bar No. 31428
Louisiana Capital Assistance Center
636 Baronne St.
New Orleans, Louisiana 70113
Telephone: (504) 529-5955
Facsimile: (504) 558-0378

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that July 12, 2018, the foregoing Petition for Panel Rehearing was served, via email and/or the Court's CM/ECF Document Filing System, upon registered CM/ECF user

Traci Lynne Kenner
US Attorney's Office
110 N College, Suite 700
Tyler, TX 75702
903/590-1400
Email: traci.kenner@usdoj.gov

/s/ Richard J. Bourke
RICHARD J. BOURKE, La. Bar No. 31428
Louisiana Capital Assistance Center
636 Baronne St.
New Orleans, Louisiana 70113
Telephone: (504) 529-5955
Facsimile: (504) 558-0378

Dated: July 12, 2018

# CERTIFICATE OF COMPLIANCE WITH RULE 32(g)

1. This motion complies with the type-volume limitation of Fed. R. App. P. 32(g)(1) & 27(d)(2)(a) because this petition contains 2,679 words, excluding the parts of the petition exempted by Fed. R. App. P. 32(a)(7)(B)(iii)

2. This petition complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because

this petition has been prepared in a proportionally spaced typeface using

Microsoft Office Word 2010 in in Times New Roman typeface with a 14 point

font.

/s/ Richard J. Bourke
RICHARD J. BOURKE, La. Bar No. 31428
Louisiana Capital Assistance Center
636 Baronne St.
New Orleans, Louisiana 70113
Telephone: (504) 529-5955
Facsimile: (504) 558-0378

Dated: July 16, 2018