IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

VERSUS                                                        NO. 10-40525

MARK ISAAC SNARR, *Defendant-Appellant*
EDGAR BALTAZAR GARCIA, Defendant-Appellant

---

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS, No. 1:09CR15

---

## EDGAR GARCIA'S PETITION FOR PANEL REHEARING

---

Appellant files this petition for panel rehearing to bring to the panel's attention

specific errors of fact or law in this court's opinion in *United States v. Snarr*, 704

F.3d 368 (5th Cir. 2013): the direct appeal of Mr. Garcia from his conviction and

death sentence.

In particular, Mr. Garcia points to *Ayestas v. Davis*, 138 S. Ct. 1080 (2018),

which overruled the circuit precedent that had led to the denial of Mr. Garcia's

funding claim on appeal.

## I.     PROCEDURAL HISTORY

Mr. Garcia was indicted on one count of murder in violation of 18 U.S.C. §§

1111 and the Government sought the death penalty.

In the course of their preparation for trial, defense counsel sought funding for investigative and expert services. Defense counsel conducted an extensive evidentiary hearing at which they "presented various witnesses who testified as to the necessity for Garcia to retain prison, cultural, and neurological experts. A contractor with the Federal Death Penalty Resource Counsel also testified that Garcia's proposed budget was reasonable." *Snarr*, 704 F.3d 403. The district court found Mr. Garcia's proposed experts and expenditures reasonable and necessary. Doc #54;[1] #91. The chief judge however, acting pursuant to 18 U.S.C. §3599(g)(2), refused to approve the expenditures, reducing the relevant parts of the budget by almost 40% and barring the use of a cultural expert. Doc #61; #138.

In sum, Mr. Garcia requested $140,000 for investigators, a mitigation specialist, a pathologist, mental health experts, a prison expert and a criminologist. Funding was approved for only $85,000.

Following the chief judge's order of December 18, 2009 capping the defense funding, Dr. Haney, the prison expert, Dr. Trahan, the neuropsychologist and, of course, Dr. Cervantes, the cultural expert, performed no work in the case and did not testify. The defense did not notice any mental health evidence or reports and did not

---

[1] The district court judge also counter-signed the chief judge's first budget order reducing funding, (Doc#61) the day after it was signed by the chief judge.

call any expert witness to testify as to Mr. Garcia's mental health or the psychological environment of prison and its effect on Mr. Garcia.[2]

On direct appeal, Mr. Garcia raised the denial of adequate funding based upon the erroneous reversal by the chief judge of the district court's funding orders, which resulted in a denial of due process. *Original Brief*, Claim XIX.[3] The government argued in its brief that the chief judge's decision was unreviewable.[4]

While Mr. Garcia's appeal was pending, this Court announced its decision in *In re Marcum L.L.P.*, 670 F.3d 636 (5th Cir. 2012), holding that the chief judge's orders under 18 U.S.C. § 3006A(e)(3) are unreviewable.

The funding claim was extensively discussed at oral argument. Mr. Garcia's counsel was immediately challenged by the bench to explain why the claim was not foreclosed by Marcum. Ms. Maselli pushed back that counsel had taken the steps required by *Marcum*, seeking reconsideration before the chief judge, and that §3599

---

[2] This court erroneously describes Dr, Brams as having testified as an expert psychologist. *Snarr*, 704 F.3d at 405. The defense sought funding for Dr. Brams solely as a mitigation specialist (10/30/09 *Transcript of ex parte funding hearing* at p.64-6.), did not give notice of any mental health evidence, specifically stated that Dr. Brams was not being called as an expert psychologist (02/1/2010 *Transcript of Hearing* pp.14-5), did not seek to qualify her as an expert psychologist (05/20/2010 *Transcript of Brams Testimony*) and did not elicit expert opinion regarding Mr. Garcia's mental health.

[3] *Original Brief*, p.215 (arguing abuse of discretion under the statutory standard); *Original Brief,* p.232 ("This Court's rejection of the district court's findings was clear error and denied Garcia a fair trial."); *Reply Brief* p.55-7 (arguing that the statute contemplates appellate review and that it was error to deny funds that were necessary to the defense.)

[4] The government argued that the §3599(g) decision was not reviewable on the basis that the decision is a non-adversarial, administrative decision, rather than a judicial decision. *Brief in Opposition* at pp.167-8.

by its text anticipated appellate review of the funding decisions.[5] The government

opened by urging that *Marcum* foreclosed relief.[6]  While the bench accepted that

*Marcum* foreclosed direct appeal of the chief judge's order, it held out that a claim

of denial of due process would survive for appellate review.[7]  Addressing the merits,

the government conceded that if it had been involved in the funding process, it would

not have opposed the applications for funding.[8]  Nevertheless, the government

argued that Mr. Garcia could not demonstrate the necessary prejudice under a due

process standard.

Believing itself without jurisdiction to consider Mr. Garcia's claim that the

chief judge abused her discretion under the statute, this Court held that it could

nevertheless consider whether Mr. Garcia had been tried in violation of due process

and grant relief if Mr. Garcia could establish that his trial had been rendered

fundamentally unfair.  *Snarr*, 704 F.3d at 404.

On the record before the court, Mr. Garcia was unable to meet his burden of

proving that his trial had been rendered fundamentally unfair.  *Snarr*, 704 F.3d at

405.

---

[5] At about time stamp 11:50.
[6] At about time stamp 28:20.
[7] At about time stamp 30:10.
[8] At about time stamp 36:30.

Mr. Garcia timely filed a motion for §2255 relief, and diligently continues to raise the issue of the denial of funding. *Garcia v. United States*, 13-cv-723 (EDTX 2/24/15) Doc #31. The §2255 motion remains pending.

On March 21, 2018, the United States Supreme Court announced *Ayestas v. Davis*, 584 U.S. ___, 138 S. Ct. 1080 (2018), holding that funding decisions under §3599 are reviewable judicial decisions and that the Fifth Circuit had adopted a legally erroneous and improperly demanding standard for approving funding under the statute.

At the time of the direct appeal, the funding order was understood in this Circuit to be an unreviewable administrative decision and review was limited to a minimal due process standard. After *Ayestas*, the legal status of the funding decisions has changed and they are now understood to be reviewable, judicial decisions subject to an abuse of discretion standard.

## II.  PANEL REHEARING SHOULD BE GRANTED AS TO CLAIM XIX (FUNDING)

### A.  In *Ayestas v. Davis*, 584 U.S. ___, 138 S. Ct. 1080 (2018), the Supreme Court overruled circuit precedent regarding

**the reviewability of funding decisions and the correct standard applicable to review of §3599 funding decisions.**

In *Ayestas v. Davis*, 584 U.S. ___, 138 S. Ct. 1080 (2018), the Supreme Court granted certiorari to decide the correct legal standard for funding requests under on 18 U.S.C. §3599(f).

Like the Government in the present case, the State of Texas in *Ayestas* argued that funding decisions were non-adversarial, unreviewable administrative decisions. The Supreme Court explicitly rejected both of those claims, finding that the funding decisions under the CJA, while *ex parte*, are not non-adversarial and that they are judicial not administrative decisions. *Ayestas*, 138 S.Ct at 1089-92.

The Supreme Court went on to hold that Fifth Circuit precedent had established an erroneous and improperly demanding funding standard, "substantial need," when all that was required was that the defendant establish that "a reasonable attorney would regard the services as sufficiently important." *Ayestas*, 138 S. Ct. at 1093.

This Court has acknowledged that *Ayestas* rejected this Circuit's precedent and that denials of funding under the prior, erroneous standard must be reviewed. *Robertson v. Davis*, 17-70013 (5th Cir. Tex., 7/5/18)(vacating the district court's 2013 order denying funding and remanding where *Ayestas* "rejected our Circuit's standard for determining whether investigative funds pursuant to § 3599(f) are

'reasonably necessary'"");[9] *Sorto v. Davis*, 716 F. App'x 366 (5th Cir. 2018)(despite having previously denied COA on the merits, vacating the district court's denial of funding and remanding for reconsideration of the denial of funding in light of *Ayestas*.)

### B. The decision in Ayestas exposes a clear legal error in this Court's treatment of Mr. Garcia's funding claim

Contrary to the Government's argument and this Court's approach to the question, the chief judge's orders denying approval of funding for reasonably necessary investigative and other experts was a reviewable judicial decision. The failure to review those decisions on direct appeal for abuse of discretion and the imposition of the far more demanding due process standard is shown to be clear error in light of *Ayestas*.

Reviewed under an abuse of discretion standard, Mr. Garcia need not demonstrate that his trial was rendered fundamentally unfair but only that the chief judge applied the wrong legal standard or abused her discretion in denying reasonably necessary funding.

---

[9] *Robertson*, applying for relief under 28 U.S.C. §2254, had sought and been denied investigative funds under §3599 in the district court in 2013. This denial had been the subject of an appeal at the same time that Robertson unsuccessfully sought a COA in this Court from the denial of his petition on the merits. On July 5, 2018, the panel vacated the district court's denial of funding and remanded for reconsideration in light of *Ayestas*.

Further, it is clear that the chief judge both applied the wrong legal standard and abused her discretion in denying the requested funding in this case.

Circuit authority at the time of the funding decisions had long established the now overturned "substantial need" standard. *Riley v. Dretke*, 362 F.3d 302, 307 (5th Cir. 2004).

As a result, it can hardly be disputed that the chief judge applied a legally incorrect standard in denying funding in this case and that reversible error is shown. *Ayestas*, 138 S.Ct. at 1085 ("lower courts applied the wrong legal standard, and we therefore vacate the judgment below and remand for further proceedings.")

Further, even if the legal error were ignored, assessing the court's decision against the "reasonable attorney" standard demonstrates a clear abuse of discretion. A detailed and extensive proffer of the need for the experts was made through witness testimony and there was even direct testimony of the standard of care of a reasonable attorney and the need to retain these experts.

As there has been a significant change in the law of this circuit since this case was briefed and argued, it is submitted that this Court should grant rehearing and order supplemental briefing as to Claim XIX in light of *Ayestas*.

## Conclusion

It is respectfully submitted that appellant has identified specific errors of fact and law in the panel's opinion and that rehearing should be granted and supplemental briefing ordered.

/s/ Richard J. Bourke
RICHARD J. BOURKE, La. Bar No. 31428
Louisiana Capital Assistance Center
636 Baronne St.
New Orleans, Louisiana 70113
Telephone: (504) 529-5955
Facsimile: (504) 558-0378

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that July 12, 2018, the foregoing Petition for Panel Rehearing was served, via email and/or the Court's CM/ECF Document Filing System, upon registered CM/ECF user

Traci Lynne Kenner
US Attorney's Office
110 N College, Suite 700
Tyler, TX 75702
903/590-1400
Email: traci.kenner@usdoj.gov

/s/ Richard J. Bourke
RICHARD J. BOURKE, La. Bar No. 31428
Louisiana Capital Assistance Center
636 Baronne St.
New Orleans, Louisiana 70113
Telephone: (504) 529-5955
Facsimile: (504) 558-0378

Dated: July 12, 2018

# CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) & 40(b)(1) because this petition contains 1757 words, excluding the parts of the petition exempted by Fed. R. App. P. 32(a)(7)(B)(iii)

2. This petition complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this petition has been prepared in a proportionally spaced typeface using Microsoft Office Word 2010 in in Times New Roman typeface with a 14 point font.

/s/ Richard J. Bourke
RICHARD J. BOURKE, La. Bar No. 31428
Louisiana Capital Assistance Center
636 Baronne St.
New Orleans, Louisiana 70113
Telephone: (504) 529-5955
Facsimile: (504) 558-0378

Dated: July 12, 2018