IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

UNITED STATES OF AMERICA,
             *Plaintiff-Appellee*,


V.                                                          No. 10-40525


MARK ISAAC SNARR,
EDGAR BALTAZAR GARCIA, *Defendants-Appellants*.


On Appeal from the United States District Court
for the Eastern District of Texas
(E.D. Tex. Crim. No. 1:09cr15)


**CORRECTED
MOTION TO RECALL THE MANDATE AND
FOR LEAVE TO FILE OUT-OF-TIME PETITION FOR REHEARING
OR FOR OUT-OF-TIME RECONSIDERATION
IN LIGHT OF *AYESTAS V. DAVIS***


Defendant Appellant, Mark Isaac Snarr, respectfully asks this Court to recall its mandate pursuant to Fifth Circuit Rule 41.2 and to grant leave to file an out-of-time petition for panel rehearing pursuant to Federal Rules of Appellate Procedure Rule 40 or out-of-time reconsideration to address application of the decision of the Supreme Court of the United States in *Ayestas v. Davis*, 138 S. Ct. 1080 (2018), to Defendants. *Ayestas* overrules Circuit precedent regarding the reviewability and standard of review for assessing the merit of indigent applicants' requests for funds pursuant to federal statute. Proper application of the law would likely have

1

impacted the outcome of Defendants' case, and the carrying out of death sentences imposed without adherence to the proper standard would be a great injustice. After supplemental briefing, and upon proper consideration and application of *Ayestas* to Defendants' Claim XIX, this Court should find that a new sentencing hearing is appropriate and necessary.

## PROCEDURAL HISTORY

Defendants Mark Isaac Snarr and Edgar Baltazar Garcia were tried jointly over their objections for the November 28, 2007, murder of fellow inmate Gabriel Rhones in the United States Penitentiary in Beaumont, Texas. *United States v. Snarr and Garcia*, 704 F.3d 368, 377 (5th Cir. 2013). One jury heard evidence and argument pertaining to both defendants, and was assigned responsibility for determining Defendants' guilt and eligibility for a capital sentence, and for sentencing both defendants to death or life imprisonment for their capital convictions. Substantial portions of the evidence and arguments presented by the government and by the defense applied to both defendants, and counsel for either defendant assumed responsibility for making arguments and examining witnesses on behalf of both Defendants. In May, 2010, jurors determined that both Snarr and Garcia were guilty of murder and eligible for the death penalty, and sentenced both to death. *Id.* at 377–78.

2

On appeal, Defendants raised numerous challenges, including a claim that this Court's Chief Judge erred by overruling the district court and "partially reducing . . . funds Garcia requested for the retention of certain investigators and experts." *Snarr and Garcia*, 704 F.3d at 378. Citing 18 U.S.C. § 3006A and *United States v. Castro*, 15 F.3d 417 (5th Cir. 1994), Defendants' Claim XIX alleged that the Chief Judge erred in denying pre-trial requests for reasonably necessary funding to be provided indigent defendants, and that the failure to properly apply the statute denied Defendants due process. *See Castro*, 15 F.3d at 421 (defendant was entitled to relief for denial of expert assistance if he showed "a denial of due process under *Ake v. Oklahoma*, . . . or an abuse of discretion under 18 U.S.C. § 3006A."). The government responded, arguing that Circuit precedent established that the Chief Judge's denial of funding under the statute was not reviewable on appeal, and that there was not a denial of due process. On January 8, 2013, this Court affirmed Defendants' convictions and death sentences, considering only the merits of the due process argument in Claim XIX, and finding that Defendants had failed to show the trial was fundamentally unfair. *Snarr and Garcia*, 704 F.3d at 402–06.

On March 21, 2018, the Supreme Court of the United States decided *Ayestas v. Davis*, 138 S. Ct. 1080, recognizing that funding decisions under 18 U.S.C.

3

§3599 are reviewable judicial decisions, and correcting this Court's interpretation of the standard applied to requests for funding made pursuant to §3599. The Court vacated the judgment below and remanded Ayestas's case, holding that the Fifth Circuit has applied a standard that is too demanding when determining whether to authorize funds sought by indigent individuals facing the death penalty for services provided by experts and investigators. *See id.* at 1092. Snarr now brings this motion to recall the mandate from this Court's appellate decision and to permit an out-of-time petition for rehearing of the appeal, or, alternatively, to permit an out-of-time panel rehearing of the Chief Judge's denial of requested funding.

**STANDARDS OF REVIEW**

This Court has the "inherent power to recall [its] mandates" to prevent injustice. *United States v. Tolliver*, 116 F.3d 120, 123 (5th Cir. 1997); *Calderon v. Thompson,* 523 U.S. 538, 549–50 (1998). Fifth Circuit Rule 41.2 provides that, "[o]nce issued a mandate will not be recalled except to prevent injustice." 5th Cir. R. 41.2. The Court should determine whether to exercise its discretion to recall its mandate to prevent injustice on a case-by-case basis. *Am. Iron & Steel Inst. v. EPA*, 560 F.2d 589, 594-95 (3d Cir. 1977).

An injustice recognized as a valid basis for recalling the mandate occurs "when a subsequent decision by the Supreme Court renders a previous appellate

decision demonstrably wrong." *Tolliver*, 116 F.3d at 123; *United States v. Emeary*, 794 F.3d 526, 530 (5th Cir. 2015) (mandate recalled over four years after it issued after the Supreme Court decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), showed that the district court's sentencing decision and this Court's acceptance of an *Anders* brief were demonstrably wrong); *United States v. Fraga-Araigo*, No. 00-20317, 2001 U.S. App. LEXIS 31016 (5th Cir. Nov. 20, 2001) (unpublished) (mandate recalled after this Court's decision in *United States v. Chapa-Garza*, 243 F.3d 1278 (5th Cir. 2001), changed the law previously applied to the defendant to affirm a sentencing enhancement); *United States v. Rangel-Mendoza*, No. 00-40561, 2001 U.S. App. LEXIS 31428 (5th Cir. Oct. 1, 2001) (unpublished) (same); *United States v. Hawkins*, 2002 U.S. App. LEXIS 29275 (5th Cir. Oct. 11, 2002) (unpublished) (mandate recalled after this Court's *en banc* decision in *United States v. Charles*, 301 F.3d 309, 312–14 (5th Cir. 2002), changed the law as to the relevant sentence enhancement); *United States v. Harris*, 2002 U.S. App. LEXIS 28437 (5th Cir. Dec. 2, 2002) (same); *see also Legate v. Maloney*, 348 F.2d 164, 166 (1st Cir. 1965); *Am. Iron & Steel Inst. v. EPA*, 560 F.2d 589, 593–95 (3d Cir. 1977); *Greater Boston Television Corp. v. F.C.C.*, 463 F.2d 268, 278 n.12 (D.C. Cir. 1971).

This Court also has the authority to enlarge the time for filing a petition for rehearing and will do so for "good cause shown" or "to serve the interests of justice," *Knoblauch v. C.I.R.*, 752 F.2d 125, 128 (5th Cir. 1985); *see also* Fed. R. App. P. 40(a)(1)("Unless the time is . . . extended by order"); *Young v. Harper*, 520 U.S. 143, 147 n. 1 (1997) (noting that court of appeals had power to allow a petition for rehearing and to treat it as timely although it was filed late).

## ARGUMENT

**I. THE COURT SHOULD RECALL ITS MANDATE TO PREVENT INJUSTICE IN THIS CAPITAL CASE—THE *AYESTAS* DECISION HAS RENDERED THIS COURT'S PREVIOUS APPELLATE DECISION DEMONSTRABLY WRONG**

**A. In *Ayestas v. Davis*, 584 U.S. ___, 138 S. Ct. 1080 (2018), the Supreme Court overruled Circuit precedent regarding the reviewability of funding decisions and the correct standard applicable to review funding decisions under 18 U.S.C. § 3599.**

In *Ayestas v. Davis*, the Supreme Court addressed the indigent petitioner's claim that he was wrongly denied funding requested pursuant to federal statute that was reasonably necessary to prove entitlement to federal habeas relief. 584 U.S. ___, 138 S. Ct. 1080, 1085 (2018). The Court first rejected the State's argument that the Supreme Court (and the Court of Appeals) lacked jurisdiction to resolve the claim because "denial of petitioner's funding request was an administrative, not a judicial, decision" and beyond the scope of each court's jurisdiction to review.

6

*Ayestas*, 138 S. Ct. at 1088–89. Instead, the Court found that funding decisions made pursuant to 18 U.S.C. §3599, while *ex parte*, are not non-adversarial, and those decisions are appealable judicial determinations. *Id.* at 1089–92.

The unanimous *Ayestas* Court made clear that the standard applied to assessing the merits of applications for funding under § 3599 in this Court at the time of Defendant's trial was erroneous. 138 S. Ct. at 1085 ("lower courts applied the wrong legal standard"). The Court instructed that proper application of the "reasonably necessary" standard requires courts:

> to consider the potential merit of the claims that the applicant wants to pursue, the likelihood that the services will generate useful and admissible evidence, and the prospect that the applicant will be able to clear any procedural hurdles standing in the way[1]. . . . To be clear, a funding applicant must not be expected to *prove* that he will be able to win relief if given the services he seeks.

*Ayestas*, 138 S. Ct. at 1094. It does not, as the Fifth Circuit has required, mean that an individual seeking funding for services must show "substantial need." *Id.* at 1092, 1095. Instead, it is sufficient for an applicant to demonstrate that the services are likely to "generate useful and admissible evidence" in support of "a plausible defense." *Ayestas*, 138 S. Ct. at 1094.

---

[1] *Ayestas* was decided in the context of a federal habeas determination, but the statute (including the Fifth Circuit's incorrect application) applies equally to pre-trial funding requests. *See* 18 U.S.C. §3599(a)(1).

[2] This Court recognized in *Castro* that a defendant was entitled to relief for denial of expert

This Court has acknowledged that *Ayestas* rejected the standard previously used by this Circuit, and has begun reviewing cases involving denials of funding that occurred under application of the erroneous standard. *See, e.g.*, *Sorto v. Davis*, 716 Fed. Appx. 366 (5th Cir. Mar. 28, 2018) (noting that *Ayestas*, "rejected our Circuit's standard for determining whether investigative funds pursuant to 18 U.S.C. §3599(f) are 'reasonably necessary'"); *Robertson v. Davis*, 2018 U.S. App. LEXIS 18311 (5th Cir. July 5, 2018) (holding that *Ayestas* "rejected our Circuit's standard for determining whether investigative funds pursuant to § 3599(f) are 'reasonably necessary'" and vacating the 2013 order denying funding and remanding to the district court).

**B.      Before the decision in *Ayestas*, the government argued successfully that under Circuit precedent Defendants could not appeal the Chief Judge's statutory funding decision.**

Defendant's Claim XIX appealed the Chief Judge's significant denial of funds that precluded Defendants from obtaining the service of Dr. Craig Haney, an expert in the impact of severe incarceration on physical and mental health. The claim relied on both the denial of due process and the court's abuse of discretion in denying funding reasonably necessary for the penalty phase of the joint capital trial. ECF No. 511565792 at 215 (Joint Brief for Appellants) (in the *Standard of Review and Reviewability* section, Defendants relied on 18 U.S.C. § 3006A and

8

*United States v. Castro*,[2] 15 F.3d 417, 421 (5th Cir. 1994)); *see also id.* at 232 (arguing that the Court made a clear error, and denied Defendants a fair trial). In response, the government argued that the Chief Judge's denial of funds was a non-adversarial, administrative decision, rather than a judicial decision, and not reviewable on appeal. ECF No. 511895802 (Brief for USA) at pp.167–68. The government also argued that the correct standard for judging alleged violations in providing funding to indigent applicants was whether "the evidence is 'both "critical" to the conviction and subject to varying expert opinion.'" *Id.* at 171 (quoting *Yohey v. Collins*, 985 F.2d 222, 227 (5th Cir. 1993)). This Court found that Garcia and Snarr's due process claim was reviewable because it challenged the propriety of their convictions and sentences, but the Court did not independently address the merits of Defendants' statutory challenge. *Snarr*, 704 F.3d at 404.

**C.  The decision in *Ayestas* makes clear that this Court erred in considering Defendants' funding claim.**

The *Ayestas* Court made clear that funding decisions under 18 U.S.C. § 3599 are reviewable judicial decisions, and that indigent applicants are entitled to such funding if they demonstrate that the requested services are likely to "generate useful and admissible evidence" in support of a claim or defense that "is at least

---

[2] This Court recognized in *Castro* that a defendant was entitled to relief for denial of expert assistance if he showed "a denial of due process under *Ake v. Oklahoma* . . . or an abuse of discretion under 18 U.S.C. § 3006A." *Castro*, 15 F.3d at 421.

plausible." *Ayestas,* 138 S. Ct. at 27 (internal quotations removed). The failure to review the Chief Judge's orders denying approval of funding for abuse of discretion is clear error in light of *Ayestas*.

Defendants shared substantial resources and services, including attorneys, experts, and investigators, at their joint trial. The expert testimony Dr. Haney would have provided jurors about the psychological effects of imprisonment, though in part particular to Garcia, also would have had a powerful impact on jurors' abilities to understand Snarr's behavior, history, and background. Indeed, the government's case in aggravation against Snarr relied heavily on the capital crime and Snarr's behavior while incarcerated.

Dr. Haney is an expert on the psychological effects of imprisonment, and how social and institutional factors influence an inmate's prison adjustment. He could have explained to jurors the profound psychological effects of experiences in severe incarceration environments, and how those who have spent significant parts of their lives in prison—like Snarr and Garcia—go through a process called "prisonization." It would be critical for jurors to understand how life in prison affected the Defendants' psychological development and functioning, their behavior in institutional settings, and their actions in the course of events that gave rise to the criminal charges filed.

In addition to rebutting the aggravating evidence that addressed the heart of the government's case advocating for a death sentence, Haney's psychological expertise would have provided critical mitigating evidence about the circumstances of the crime and Snarr's character, history, and background. *See, e.g.*, *Lockett v. Ohio*, 430 U.S. 586, 605–06 (1978); *Eddings v. Oklahoma*, 455 U.S. 104, 110 (1982); *Mills v. Maryland*, 486 U.S. 367, 375, 384 (1988). Without Haney's testimony, jurors were deprived of critical mitigating evidence necessary for them to make fair and accurate assessments of Snarr's behavior.

The Chief Judge applied a legally incorrect standard, which was an abuse of discretion and reversible error. Granted the opportunity to file supplemental briefing, Snarr can show that Haney's expertise was "like[ly]" to "generate[d] useful and admissible evidence," and the mitigating quality of that evidence and its usefulness in rebutting aggravating evidence are "plausible defense[s]," *Ayestas*, 138 S. Ct. at 1094, so Defendants were entitled to his services.

## II.     THE COURT SHOULD GRANT SNARR LEAVE TO FILE AN OUT-OF-TIME PETITION FOR PANEL REHEARING

Upon recall of the mandate, the Court should grant Snarr leave to file an out-of-time petition for panel rehearing. The reasons cited in support of Snarr's motion to recall the mandate also support his request for permission to file an out-of-time petition for panel rehearing for "good cause" and in the "interest of

justice." Granting permission to file an out-of-time petition in light of an intervening change in the law is consistent with the precedent of the Supreme Court and this Court. *See, e.g.*, *Huddleston v. Dwyer*, 322 U.S. 232, 237-38 (1944) (vacating decision denying a motion to file an out-of-time petition for rehearing in light of an intervening state court decision raising doubt as to the applicable state law); *United States v. Middlebrooks*, 624 F.2d 36, 37 (5th Cir. 1980) (after denial of first petition for rehearing, permitting the filing of second petition where an intervening Supreme Court decision changed the law applicable to the case). Therefore, this Court should grant Snarr's motion for leave to file a petition for panel rehearing out-of-time.

## III. IN THE ALTERNATIVE, THE COURT SHOULD GRANT SNARR AN OUT-OF-TIME PANEL REHEARING OF THE CHIEF JUDGE'S DECISION TO DENY REQUESTED FUNDING

Pursuant to Fed. R. App. P. Rule 27(c), this Court "may review the action of a single judge." In light of the substantial change in the law in this Circuit made clear in *Ayestas* and its impact on Defendants' case, as discussed *supra*, Snarr requests that this Court recall its mandate and grant an out-of-time panel rehearing of the decision of the Chief Judge at issue in this case.

## CONCLUSION

Because Snarr has shown that a subsequent decision by the Supreme Court has rendered this Court's previous appellate decision demonstrably wrong, this Court's mandate should be recalled and leave to file an out-of-time petition for rehearing granted in order to prevent injustice in this capital case.

## Certificate of Compliance

Pursuant to Fed. R. App. P. 32(g), undersigned counsel certifies that this motion contains a total of 2,759 words and complies with the type-volume limitations for motions in R. 27(d).

## Conferencing Statement

Undersigned counsel conferenced this motion with counsel for the Government, Assistant United States Attorneys Joseph Batte and Traci Kenner and were advised that the Government would oppose the motion.

DATED this 16th day of July, 2018.

Respectfully Submitted,
*/s/ Robert Lee*_____

Robert Lee (Mississippi Bar #9474)
2421 Ivy Road, Suite 301
Charlottesville, VA 22903
(434) 817-2970
(434) 817-2972 (fax)
roblee@vcrrc.org

Kathryn N. Nester (Utah Bar #13967)
Federal Public Defender District of Utah
46 W. Broadway, Suite 110
Salt Lake City, UT  84101
(801) 524-4010
(801) 524-4060 (fax)
Kathy_Nester@fd.org

Attorneys for Mark Isaac Snarr

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that July 16, 2018, the foregoing Motion to Recall the Mandate and for Leave to File Out-Of-Time Petition for Rehearing in Light of *Ayestas v. Davis* was served via the Court's CM/ECF Document Filing System, upon registered CM/ECF user:

Joseph Robert Batte
Office of the United States Attorney
350 Magnolia Street, Suite 150
Beaumont, Texas 77701
(409) 839-2538
Email: joe.batte@usdoj.gov

Traci Lynne Kenner
Office of the United States Attorney
110 N. College Avenue, Suite 700
Tyler, Texas 75702
(903) 590-1400
Email: traci.kenner@usdoj.gov

*/s/ Robert Lee*_____

Robert Lee (Mississippi Bar #9474)
2421 Ivy Road, Suite 301

14

Charlottesville, VA  22903
(434) 817-2970
(434) 817-2972 (fax)
roblee@vcrrc.org