# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————————————

No. 10-40525

————————————

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

MARK ISAAC SNARR; EDGAR BALTAZAR GARCIA,

      Defendants - Appellants

————————————

Appeal from the United States District Court for the
Eastern District of Texas

————————————

Before STEWART, Chief Judge, and KING and OWEN, Circuit Judges.

PER CURIAM:

Mark Isaac Snarr and Edgar Baltazar Garcia were convicted and sentenced to death after murdering a fellow inmate at the U.S. Penitentiary in Beaumont, Texas. *United States v. Snarr*, 704 F.3d 368, 377 (5th Cir. 2013). On appeal they argued, among other things, that the chief judge of this court wrongly denied them additional funding for expert witnesses. *See id.* at 402. We rejected that claim and affirmed. *See id.* at 404-06. Our mandate issued on March 25, 2013. Nearly five years later, the Supreme Court decided *Ayestas v. Davis*, 138 S. Ct. 1080 (2018). It rejected this court's caselaw holding that funding decisions under 18 U.S.C. § 3599(f) are unreviewable as well as the "substantial necessity" standard we applied to such decisions. *See Ayestas*, 128

S. Ct. at 1090, 1092-93. Snarr and Garcia contend that *Ayestas* has rendered our decision in this case "demonstrably wrong," *see United States v. Tolliver*, 116 F.3d 120, 123 (5th Cir. 1997), justifying the extraordinary remedy of recalling our mandate, *see Calderon v. Thompson*, 523 U.S. 538, 549-50 (1998); 5th Cir. R. 41.2. Before us now is their motion to recall the mandate and to file an untimely petition for panel rehearing (or, in the alternative, an untimely motion for reconsideration of the chief judge's funding decision).

Contrary to the defendants' contentions, *Ayestas* has not rendered our decision "demonstrably wrong." In fact, we did review the funding denial, concluding that there was no abuse of discretion. *See Snarr*, 704 F.3d at 404-06. Moreover, they now focus their argument solely on the alleged denial of funding for a prison expert. But our opinion considered and rejected that claim. *See id.* at 405. Snarr and Garcia's expert psychologist "was able to present much, if not all, of the evidence [they] believed to be vital for mitigation purposes." *Id.* She "provided extensive evidence about the impact on [the defendants] of," among other things, "life in prison." *Id.* Nor were Snarr and Garcia denied the opportunity to present a prison expert. Although they received less than the $196,500 they requested, they ultimately had $85,000 at their disposal, *id.* at 403 & n.23—including "$20,000 *specifically for prison and neurological experts.*" *Id.* at 405 (emphasis added). The defendants were relatively free to use their funds as they saw fit and thus were not *denied* the opportunity to present a prison expert. *Id.* at 405 & n.26. *Ayestas* in no regard renders our decision in this case "demonstrably wrong." Recall of the mandate—a sparingly used "power of last resort"—is not justified here. *See Calderon*, 523 U.S. at 549.

Accordingly, IT IS ORDERED that the opposed motion of Edgar Garcia to recall the mandate is DENIED.

IT IS FURTHER ORDERED that the opposed motion of Edgar Garcia for leave to file petition for rehearing out of time is DENIED.

IT IS FURTHER ORDERED that the opposed alternative motion of Edgar Garcia for leave to file an out of time motion for reconsideration of the Chief Judge's funding denial is DENIED.

IT IS FURTHER ORDERED that the opposed motion of Mark Snarr to recall the mandate is DENIED.

IT IS FURTHER ORDERED that the opposed motion of Mark Snarr for leave to file petition for rehearing out of time is DENIED.

IT IS FURTHER ORDERED that the opposed alternative motion of Mark Snarr for leave to file an out of time motion for reconsideration of the Chief Judge's funding denial is DENIED.